UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FLAME S.A.,

        Plaintiff,

v.                                                                         Civil Action No. 2:13-cv-00658-RGD

INDUSTRIAL CARRIERS, INC.,
VISTA SHIPPING, INC., and
FREIGHT BULK PTE. LTD.,

        Defendants.

## MEMORANDUM IN SUPPORT OF
## FLAME'S MOTION TO COMPEL

Plaintiff, FLAME S.A. ("Flame"), by and through its undersigned counsel, after good faith efforts to resolve the matters without court action pursuant to Fed.R.Civ.P. 37(a), respectfully moves this Honorable Court for an Order overruling certain objections to Flame's requests for production, and compelling the production of documents within the custody, possession and control of Defendant Freight Bulk Pte. Ltd.'s ("FBP"), pursuant to this Court's ruling at the hearing of December 6, 2013, as is set forth in the transcript at DE # 22.

### PRELIMINARY STATEMENT

Following the arrest and maritime attachment of the M/V CAPE VIEWER, Defendant FBP appeared in the action, and moved this Court for an order vacating the attachment. At the hearing of December 6, 2013, the Court ordered that the Rule E(4)(f) hearing be continued until December 13, 2013 and allowed Flame to obtain documents relating to its claim and to take the deposition of declarant Viktor Baranskiy.

One of the primary factual issues in this action is the dissipation of funds from ICI, and the origin of funds for Mr. Baranskiy's shipping activities immediately thereafter.

In response to the Court's inquiry about needed discovery, Flame's counsel responded that there were "six to ten categories of documents," (Transcript of Proceedings, December 6, 2013, DE # 22, at 36), that it would need to take the deposition of Viktor Baranskiy, and that the necessary discovery could be completed within a week. Counsel specifically noted: "I'm looking for bank records, officers, directors." DE # 22, at 38.

In accordance with the Court's ruling, Flame served its Requests for Production shortly after the hearing, on December 6, 2013. Exhibit A. By electronic mail on Saturday, December 7, 2013, counsel for FBP asked that Flame narrow some of its requests. Exhibit B. In an effort to clarify and narrow its requests pursuant to FBP's request, Flame served its "Revised Requests for Production" on Sunday, December 8, 2013. Exhibit C. Thereafter, on Monday, December 9, 2013, Flame made one additional request via email, Exhibit D, for certain of Viktor Baranskiy's bank records. Viktor Baranskiy's declaration previously filed with the Court, states, in part:

> *Vista began trading in the shipping market during November 2008, and as I explained above, I used my personal savings and borrowings to fund its initial activities. At the time, hire rates were only a few hundred USD /day so this was manageable for me.*

Declaration of Baranskiy, DE 19-1, at ¶ 13. Accordingly, Flame requested "Mr. Baranskiy provide all personal banking records supporting this allegation."

In response to Flame's requests for production, FBP's counsel produced 150 pages of documents. No banking or other financial records were produced. Its objections and responses were served on Thursday morning, December 12, 2013. Exhibit E.

## GENERAL OBJECTIONS

FBP asserts twelve "general objections" – some of which invoke privilege – to Flame's requests. None of these objections provide any specific information whether they are applicable to any specific request or resulted in the withholding of any requested documents, thereby

obfuscating FBP's responses and production in a cloud of uncertainty. As such "general objections" do not pertain to any particular request, but could be interpreted as extending to every request, such general objections should be overruled.

> [The federal rules require] objections to discovery to be made with specificity. For that reason, this Court discourages the use of general objections. Defendant's "General Objections" and "General Statements" contained in its Amended Objections do not relate to any particular discovery request and, in fact, are nothing more than boilerplate, designed to obfuscate. It is impossible to tell which, if any, of these General Objections or General Statements would actually be relied upon with respect to any particular Interrogatory. They are not specific nor appropriate and are, therefore, stricken.

*Barb v. Brown's Buick, Inc.*, 2010 U.S. Dist. LEXIS 8655, 1-2, 2010 WL 446638 (E.D. Va. Feb. 2, 2010). "[M]agistrate judges in at least five district courts in the Fourth Circuit have declared boilerplate objections to discovery requests, including for documents, invalid. *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 241, 2010 U.S. Dist. LEXIS 46976 (M.D.N.C. 2010)(citing, among others, *Brown's Buick*.

\* \* \*

*Inadequate Assertions of Privilege*

FBP has not produced a privilege log relating to any documents to which it purportedly claims privilege. Contrary to Fed.R.Civ.P. 26(b)(5)(A), FBP may have withheld information and documents under claim of privilege without providing information that would allow assessment of the claimed privilege. *See*, FBP general objections.

The same standard for asserting a privilege in discovery applies as at trial under Federal Rule of Evidence 1101(c). *See United States v. Reynolds*, 345 U.S. 1 (1953). It is well-established that the par[t]y asserting the privilege has the burden of proving its existence, and must "supply opposing counsel with sufficient information to assess the applicability of the privilege or protection, without revealing information which is privileged or protected."

*Cappetta v. GC Servs. Ltd. P'ship*, 2008 U.S. Dist. LEXIS 103902, 11-12 (E.D. Va. Dec. 24, 2008)(quoting *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996)).

> [T]he privilege log should contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.

*Burns*, at 594. Rule 26(b)(5)(A) was intended to help reduce the need for an *in camera* examination of documents.

> Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies. Providing information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents.

*See* Fed.R.Civ.P. 26(b)(5) Advisory Committee Notes, 1993 Amendments.

"Improper assertion of a privilege may result in a waiver of that privilege." *Cappetta*, at 12-13 (*citing Eureka Financial Corp. v. Hartford Acci. & Indem. Co.*, 136 F.R.D. 179, 184 (E.D. Cal. 1991)). Other courts in the Fourth Circuit have also applied this rule. *AVX Corp. v. Horry Land Co., Inc.*, 2010 U.S. Dist. LEXIS 125169, 12 (D.S.C. Nov. 24, 2010)("Failure to produce a timely or sufficient privilege log may constitute a forfeiture of any claims of privilege."); *Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 5:05CV41, 2006 U.S. Dist. LEXIS 68744, 2006 WL 2715164, at *4 (N.D.W.Va. Sept. 22, 2006) ("Failure to timely produce a privilege log or the production of an inadequate privilege log may constitute waiver of any asserted privileges."); *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, 2011 U.S. Dist. LEXIS 18374, 13 (E.D.N.C. Feb. 23, 2011)("[F]ailure [to provide privilege log] serves as an additional, independent ground upon which defendant waived any privilege it had.").

FBP has failed to comply with its discovery obligations under the rules by failing to expressly state the privilege claimed and by failing to describe the information withheld. Flame is wholly unable to assess the validity of any claimed privilege, but cannot know whether or to what extent responsive documents were withheld under such claim. Because FBP's boilerplate "general objections" do not relate to any particular discovery request and are designed to obfuscate, they should be stricken.

* * *

*Objections Relating to Possession, Custody or Control of FBP*

FBP reports that it does not have certain responsive documents "within its possession, custody or control." See, Requests for Production Nos. 1 and 2. FBP further objects to several of the remaining requests "to the extent [the request] seeks documents and/or information which are not within the possession, custody and control of FBP." See, Requests for Production Nos. 3, 4, 8, 11, and 12.

For the reasons stated above, these objections and contingent objections relating to documents that are not or might not be "in the possession, custody or control" of FBP ignores the reality of the way Viktor Baranskiy's numerous business entities operate, and should therefore be overruled.

* * *

*Objections as Overly Broad or Unduly Burdensome*

FBP's objections to discovery on the grounds of undue burden are conclusory and unsupported by any affidavits or other evidence. *See*, FBP objections and responses to Requests for Production Nos. 8, and 10 - 12.

> [M]erely stating that a discovery request is "overbroad" or "unduly burdensome" will not suffice to state a proper objection. . . . In order to overcome the liberal

> construction afforded the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden. . . . Merely characterizing a discovery request as "overly broad, burdensome, oppressive and irrelevant" will not satisfy the opposing party's burden of showing with specificity why a request is objectionable. . . . The mere fact that responding to a discovery request will require the objecting party "to expend considerable time, effort and expense consulting, reviewing and analyzing 'huge volumes of documents and information' is an insufficient basis to object" to a relevant discovery request.

*Cappetta v. GC Servs. Ltd. P'ship*, 2008 U.S. Dist. LEXIS 103902, 10-11 (E.D. Va. Dec. 24, 2008) (internal citations omitted). FBP has not provided any evidence supporting any claim that the minimal and targeted requests imposed any undue burden. To the contrary, Mr. Baranskiy conceded that these requests were clear and understandable, but that he intended to produce only documents that he deemed as strictly belonging to FBP.

**REQUESTS FOR PRODUCTION**

Request for Production No. 1 seeks banking records. None were produced, relying on the artificially technical but unsupportable position that FBP "has no [responsive] documents in its possession, custody or control." Viktor Baranskiy, now age 28, purports to own and/or control more than one-hundred million dollars (U.S.) in assets in companies involved in the shipping industry – virtually all of which he claims was amassed since he created Vista in the fall of 2008. Among other things, he testified that the FBP offices are the same as other of his related and/or alter-ego companies, including Vista, Sea Traffic, and Hachi, all of which are presumably staffed with the same people. Mr. Baranskiy testified that the funds used by FBP to purchase the CAPE VIEWER came from various sources, some of which came in the form of a suitcase containing about one million dollars U.S. currency as a "loan" from his mother. After complaining about the sufficiency of FBP's document production, counsel for FBP produced an additional document following Mr. Baranskiy's deposition, which is a "Loan Agreement" dated August 9,

2012. Because FBP attempts to hide behind a labyrinth of business entities to conceal he true nature of its activities, Flame has been denied the benefit of the Court's prior ruling to obtain information concerning the funds dissipated from ICI and the source of funds leading to the purchase of CAPE VIEWER and others in Viktor Baranskiy's substantial fleet.

Requests for Production Nos. 2 – 12 are largely non-responsive, especially in light of the facts adduced at the deposition of Mr. Baranskiy. Accordingly, FBP should be compelled to produce all requested documents and records, as requested.

## CONCLUSION

Plaintiff Flame has been materially prejudiced in its ability to obtain the discovery sought and ordered by the Court, which it has endeavored in good faith and at significant expense to obtain. Flame has been denied the opportunity to obtain the requested discovery, or to present any dispute concerning the sufficiency of FBP's responses until the clock has run out. Many of the deficiencies in FBP's responses and disclosures could not be ascertained without the benefit of Mr. Baranskiy's deposition. Accordingly, the objections set forth in Defendant's response to requests for production should be overruled, FBP should be compelled to produce the responsive documents, as requested, and Flame should be permitted to take the further deposition of Mr. Baranskiy.

## CERTIFICATION

Pursuant to Local Rule 37(E), counsel for Flame states that a good faith effort has been made between counsel to resolve the discovery matters at issue.

December 13, 2013

                                                             FLAME S.A.

                */s/ Steven M. Stancliff*
                Steven M. Stancliff, VSB No. 73853
                *Attorney for Plaintiff Flame S.A.*
                CRENSHAW, WARE & MARTIN, P.L.C.
                150 W. Main Street, Suite 1500
                Norfolk, VA 23510
                Tel: (757) 623-3000
                Fax: (757) 623-5735
                sstancliff@cwm-law.com

                      - and -

                William R. Bennett, III
                Lauren B. Wilgus
                *Attorneys for Plaintiff Flame S.A.*
                *Admitted Pro Hac Vice*
                BLANK ROME LLP
                The Chrysler Building
                405 Lexington Avenue
                New York, NY 10174
                Tel: (212) 885-5000
                Fax: (212) 885-5001
                wbennett@blankrome.com
                lwilgus@blankrome.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2013, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such electronic filing to the following counsel of record:

Patrick M. Brogan
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Telephone: 757 .622.0100
Facsimile: 757 .622.4924
Email: pbrogan@daveybroganpc.com

George M. Chalos
CHALOS & CO, P.C.
*Pro Hac Vice*
55 Hamilton Avenue
Oyster Bay, New York 11771
Telephone: (516) 7 14-4300
Facsimile: (5 16) 750-9051
Email: gmc@chaloslaw.com
Attorneys for Defendant
FREIGHT BULK PTE. LTD.

*/s/ Steven M. Stancliff*
Steven M. Stancliff, VSB No. 73853
*Attorney for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel: (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com