UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FLAME S.A.,

Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,

Consolidated Plaintiff,

v.

INDUSTRIAL CARRIERS, INC.,
VISTA SHIPPING, INC., and
FREIGHT BULK PTE. LTD.,

Defendants.

Civil Action No. 2:13-cv-00658-RGD-LRL
2:13-cv-00704-RGD-LRL

**SUPPLEMENTAL DECLARATION OF WILLIAM R. BENNETT, III, ESQ.
IN RESPONSE TO THE COURT'S INSTRUCTIONS
DURING THE HEARING HELD ON JANUARY 7, 2014**

I, William R. Bennett, III, Esq., declare under the penalty of perjury that the following is true and correct:

1. I am a Partner with the firm of Blank Rome LLP, attorneys for plaintiff, Flame S.A. ("Plaintiff"), and am fully familiar with the facts and circumstances of this case.

2. In or about November 2010, Plaintiff commenced an action in London, England against defendant Industrial Carriers, Inc. ("ICI") to recover the amounts due and owing under four Forward Freight Agreements.

3. On December 13, 2010, the High Court of Justice, Queen's Bench Division, Commercial Court Registry entered a judgment for Plaintiff and against defendant ICI and ordered ICI to pay Plaintiff a total of US $19,907,118.36 (the "English Judgment").

4. The Order issued by the High Court of Justice, Queen's Bench Division, Commercial Court Registry was a final Judgment, conclusive and enforceable in England.

5. On December 23, 2010, Plaintiff filed in the United States District Court for the Southern District of New York a Petition to Enforce the English Judgment.

6. The first paragraph of Plaintiff's Petition to Enforce the English Judgment adequately sets forth that the sole basis for the Southern District of New York's subject matter jurisdiction was admiralty, and also clearly sets forth the basis why Plaintiff submits that admiralty jurisdiction is proper:

> This is a case within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

7. In addition, the Civil Cover Sheet filed with the Petition to Enforce the English Judgment indicates the Nature of the Suit is a "Marine" Contract.

8. The Civil Docket sheet for case 1:10-cv-09557-LAK also indicates the Cause of Action is "28:1333 Admiralty."

9. On February 28, 2011, Defendant ICI – represented by Mr. George M. Chalos, who represents Defendants here – moved to dismiss Plaintiff's Petition to Enforce the Foreign Judgment.

140487.00602/7325554v.1

10. In the motion to dismiss, Mr. Chalos noted:

As the Second Circuit Court of Appeals explained in *Ackerman v. Levine*:

> a plaintiff seeking enforcement of a foreign country judgment granting or denying recovery of a sum of money must establish prima facie: (1) a final judgment, conclusive and enforceable where rendered; (2) **subject matter jurisdiction**; (3) jurisdiction over the parties or the res; and (4) regular proceedings conducted under a system that provides impartial tribunals and procedures compatible with due process." (emphasis added).

11. The issue of subject matter jurisdiction was clearly raised in the submissions to the Southern District of New York.

12. On April 13, 2011, the Southern District of New York issued a memorandum opinion denying the motion to dismiss on other grounds and entering judgment in favor of Plaintiff.

13. Thereafter, on September 14, 2011, the English Judgment was recognized by the United States District Court for the Southern District of New York and was entered on October 4, 2011 (the "New York Judgment").

14. Plaintiff has a valid Judgment against Defendant ICI that was recognized by the Southern District of New York, sitting in admiralty.

15. The New York Judgment was registered in the Eastern District of Virginia on October 11, 2013.

16. Plaintiff's New York Judgment is entitled to full faith and credit in the State of Virginia under VA Code 8.01-465.1 et seq.

17. Annexed hereto as Exhibit A is a true and correct copy of Plaintiff's Petition to Enforce the English Judgment filed in the Southern District of New York on December 23, 2010.

3

140487.00602/7325554v.1

18. Annexed hereto as Exhibit B is a true and correct copy of the Civil Cover Sheet for case 10-cv-09557-LAK.

19. Annexed hereto as Exhibit C is a true and correct copy of the Civil Docket Sheet for case 10-cv-09557-LAK.

Dated: New York, New York
January 9, 2014

William R. Bennett, III

140487.00602/7325554v.1