IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| FLAME S.A., ) | |
| ) | |
| Plaintiff, ) | Civil Action No: 2:13-cv-658 |
| ) | 2:13-cv-704 |
| GLORY WEALTH SHIPPING PTE LTD. ) | |
| ) | |
| Consolidated Plaintiff, ) | |
| vs. ) | |
| ) | |
| INDUSTRIAL CARRIERS, INC. ) | |
| VISTA SHIPPING, INC., and ) | |
| FREIGHT BULK PTE. LTD., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENT MOTION TO COMPEL PAYMENT OF *CUSTODIA LEGIS* EXPENSES**

**COMES NOW**, specially appearing Defendant, FREIGHT BULK PTE. LTD. (hereinafter "FBP" or "Defendant"), registered Owner of the M/V CAPE VIEWER (hereinafter "the Vessel") subject to its restricted appearance, by and through undersigned counsel, and respectfully submits this Memorandum of Law, in support of its Emergent Motion to Compel Payment of *Custodia Legis* Expenses, pursuant to Supplemental Admiralty Rule E(2) and Local Admiralty Rule (e) 8-9.  In support thereof, FBP would respectfully show as follows:

**RELEVANT PROCEDURAL HISTORY**

Plaintiff Flame S.A. ("Plaintiff" or "Flame") commenced an action on November 22, 2013, seeking an Order of attachment against Defendants Industrial Carriers, Inc. ("ICI"), Vista Shipping, Inc. ("Vista"), and Freight Bulk Pte. Ltd. ("FBP")(hereinafter collectively referred to as "Defendants"), to enforce a foreign judgment obtained against ICI. Docket #1.  This Court

granted Flame's motion for issuance of an Order authorizing process of maritime attachment and garnishment ("Order of attachment") on the same day. *See* Docket # 7. The M/V CAPE VIEWER, of which FBP is the registered owner, was attached by the United States Marshal for the Eastern District of Virginia, on November 29, 2013. On December 2, 2013, FBP filed an emergency motion to vacate the attachment on the basis that this Court lacks subject matter jurisdiction over Flame's claim. Dockets #11 – 12. Following several hearings and supplemental briefing, this Court issued an Order denying FBP's motion to vacate, and certifying the matter for expedited appeal to the Fourth Circuit. Docket #57. The M/V CAPE VIEWER remains under attachment since November 29, 2013.

On December 17, 2013, Consolidated Plaintiff Glory Wealth Shipping Pte. Ltd. ("Glory Wealth") filed a motion to intervene in this matter. Docket #31. Given the jurisdictional issues raised in FBP's motion to vacate, the Court denied Glory Wealth's motion to intervene. Docket # 36. On December 18, 2013, Glory Wealth commenced a separate action seeking an Order of attachment against the Defendants ("Glory Wealth action"). EDVa Case Number 13-cv-704, Docket #1.[1] An Order of attachment was issued in the Glory Wealth matter on December 19, 2013. EDVa Case Number 13-cv-704, Docket #6. To date, however, Glory Wealth has not served its Order of attachment on the M/V CAPE VIEWER.

As of the filing of this motion, no less than USD 238,134.85 in *custodia legis* expenses have been incurred since the attachment of the M/V CAPE VIEWER. Specifically, the costs incurred to date are as follows: (i) USD 113,552.50 for fuel oil (calculated as follows: 160.85 metric tons at USD 650.00 per metric ton, plus USD 900.00 in barging costs); (ii) USD 27,180

---

[1] Thereafter, this Court ordered that this matter and the Glory Wealth action be consolidated. Docket #39.

for diesel oil (calculated as follows: 27.18 metric tons at USD 1,000.00 per metric ton); (iii) USD 30,800 for the provision of fresh water to the Vessel (172 metric tons at $150 per metric ton of fresh water delivered, plus USD 5,000 mobilization fee); (iv) USD 18,402.35 for supplies provided to the vessel (including food and cleaning supplies); and (v) 48,200 in crew wages.

At present, additional supplies and necessaries are required, including but not limited to marine diesel oil/MDO and provisions for the crew. Additionally, crew wages will soon need to be paid for the next month of service. For the reasons set forth below, FBP respectfully requests that the above listed expenses related to the maintenance and preservation of the vessel be approved as *custodia legis* costs, and further, that the Court direct Flame, as the attaching Plaintiff to pay USD 238,134.85, in satisfaction of these *custodia legis* expenses.[2]

## ARGUMENT

### I. AN ORDER COMPELLING THE PAYMENT OF *CUSTODIA LEGIS* EXPENSES IS WARRANTED UNDER THE CIRCUMSTANCES.

*Custodia legis* expenses are defined as expenses incurred "when a vessel is in the custody of the law, having been seized by the Marshal." *United States v. One (1) 254 Ft. Freighter, the M/V Andoria*, 570 F. Supp. 413, 416 (E.D. La. 1983)(*internal citations omitted*). It is well-settled that "services or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the court or of an officer of the court…acting within his authority, should be allowed as a *custodia legis* expense." *General Electric Credit & Leasing Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811, 816 (5th Cir. 1982). Even if "such expenditures are incurred absent a court order, '*custodia legis*' expenses may be ordered by the court . . . if equity

---

[2] For the reasons set forth herein, the *custodia legis* expenses incurred as a result of the attachment of the Vessel should be properly be paid by FLAME; however, since the time of the attachment, the Vessel's interests have and will continue to maintain, the health, safety and security of the crew and Vessel.

and good conscience so require." *LMD Transp., Inc. v. M/V Dragon King*, 2005 U.S. Dist. LEXIS 1677 (E.D. La. Feb. 3, 2005); *General Electric Credit & Leasing Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811, 815 (5th Cir. La. 1982)("While it is preferable to secure a court order authorizing this expense before incurring it, nevertheless even in the absence of court order these 'custodia legis expenses' may be ordered by the court to be paid in priority to the seizing mortgage creditor if 'equity and good conscience' so require.")

In evaluating whether costs constitute *custodia legis* expenses, Court consider whether (i) the expense(s) were incurred for the preservation and maintenance of the *res*; and (ii) whether those expenses were incurred for the common benefit of "all parties having a stake in its sale." *Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line*, 1997 U.S. Dist. LEXIS 15959 (E.D. Va. Oct. 1, 1997); *Calogeras Marine, Inc. v. M/V Ocean Leader*, 1997 U.S. Dist. LEXIS 17791, *18 (E.D. La. 1997)(Classification as *custodia legis* "depends not only on whether it inured to the benefit of the claimants but also on whether it preserved the res. Each is necessary, but each alone is not necessary and sufficient."). Further, "the party seeking to collect expenses as *custodia legis* bears the burden of proving that the expenditures were necessarily or reasonably incurred and that they were reasonable in amount." *La. Int'l Marine, L.L.C. v. Drilling Rig Atlas Century*, 2012 U.S. Dist. LEXIS 83929, *4 (S.D. Tex. June 18, 2012).

There can be no dispute that the expenses set forth above are necessary for the maintenance and preservation of the M/V CAPE VIEWER and her crew, and that such costs are for the benefit of the claimants. Said another way, it is clear that these expenses are *custodia legis*. Such expenses have consistently been deemed *custodia legis* expenses by federal courts. *See Action Marine v. M/V Norseman*, 1998 U.S. Dist. LEXIS 11143, *17 (E.D. La. July 20, 1998)(Court held that fuel, potable water, and electricity were *custodia legis* expenses); *Neptune*

*Orient Lines, Ltd. v. Halla Merch. Marine Co.*, 1998 U.S. Dist. LEXIS 4194 (E.D. La. Mar. 24, 1998)(fuel deemed *custodia legis* expense); *Sunrise Shipping, Ltd. v. M/V American Chemist*, 1998 U.S. Dist. LEXIS 5841, *6 (E.D. La. Feb. 9, 1998)("Claims for reimbursement for post-arrest expenditures on crew wages and repatriation have priority as a *custodia legis* expense."); *General Electric Credit & Leasing Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811, 815-816 (5th Cir. La. 1982)(party that provided food services prior to the vessel's seizure was allowed to include costs of food services it provided after the seizure as *custodia legis* expenses even though there was no court order for such services); *Morgan Guaranty Trust Co. v. Hellenic Lines, Ltd.*, 593 F. Supp. 1004, 1008 (S.D.N.Y. 1984)(miscellaneous supplies for the crew and crew wages found to be *custodia legis* expenses, among other things).

Here, Flame, as the attaching party, should be responsible for the expenses of maintaining the Vessel while she is under attachment. This Court has the authority under Supplemental Admiralty Rule E(2)(b) and Local Admiralty Rule (e) 8-9, to require Rule B plaintiffs to post security for any *custodia legis* costs incurred while the Vessel remains under attachment. Supplemental Rule E(2)(b) provides:

> Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.

Fed. R. Civ. P. Supp. R. E(2)(b)[3]; *see also* Local Admiralty Rule (e) 8-9.

---

[3] This rule "gives the court power to require security for costs and expenses to be posted by the party initiating the in rem seizure to protect parties affected by the seizure." *Merchants National Bank of Mobile v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1344 (5th Cir. 1981).

Notably, Flame itself (in its Motion to Approve Substitute Custodian Fees as Custodia Legis Costs, Docket #48) recognized "it is well-established under admiralty law that the arresting plaintiff and any intervening creditors share in the costs of maintaining the *res* until resolution of the case." (*Lubricantes Venoco, Intern., C.A. v. M/V NEVERIS*, 60 Fed. Appx. 835, 842 (1st Cir. 2003), citing *Beauregard Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 353 (5th Cir. 1997)). Flame has conceded that those costs incurred in order to preserve and maintain the Vessel under attachment are for the account of Flame.[4] For the reasons set forth above, it is respectfully requested that this Court require Flame to pay for or, in the alternative post security for all *custodia legis* expenses that have been incurred and will continue to be incurred during the period of the Vessel's detention as a result of the Rule B attachment.[5]

## CONCLUSION

**WHEREFORE**, Specially Appearing Defendant Freight Bulk Pte Ltd. respectfully requests this Court grant this Emergent Motion to Compel Payment of *Custodia Legis* Expenses, issue an Order directing Flame to pay the *custodia legis* expenses already incurred and which will be incurred in connection with the attachment of the M/V CAPE VIEWER, and grant such other and further relief as may be just, equitable, and proper under the circumstances.

---

[4] In the unlikely event that Flame ultimately prevails, and the Vessel is sold, these expenses are entitled to priority as *custodia legis* expenses.

[5] Equity and good conscience require that Glory Wealth share in the *custodia legis* expenses, but leave it to Flame to present substantive argument on this point. As set forth above, Glory Wealth has obtained an Order of attachment; however, in order to avoid paying *custodia legis* fees, is "waiting on the sidelines."

Dated: January 16, 2014    Respectfully submitted,
      Oyster Bay, New York

CHALOS & Co, P.C.

By:   __/s/ George M. Chalos_____
George M. Chalos, Esq.
Fed ID: GC-8693
*Admitted Pro Hac Vice*
55 Hamilton Avenue
Oyster Bay, New York 11771
Telephone: (516) 714-4300
Facsimile: (516) 750-9051
Email: gmc@chaloslaw.com

-AND-

DAVEY & BROGAN, P.C.

   __/s/ Patrick M. Brogan_____
Mr. Patrick M. Brogan (VSB No. 25568)
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Telephone: 757.622.0100
Facsimile: 757.622.4924
Email: pbrogan@daveybroganpc.com

*Attorneys for Defendant*
FREIGHT BULK PTE. LTD.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 16, 2014, I electronically transmitted and caused to be served upon all counsel of record, the foregoing Emergent Motion to Compel Payment of *Custodia Legis* Expenses, using the CM/ECF System for the Eastern District of Virginia and/or via e-mail.

              DAVEY & BROGAN, P.C.

              /s/ Patrick M. Brogan
                Mr. Patrick M. Brogan (VSB No. 25568)
                101 Granby Street, Suite 300
                Norfolk, Virginia 23510
                Telephone: 757.622.0100
                Facsimile: 757.622.4924
                Email: pbrogan@daveybroganpc.com