UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| FLAME S.A.,<br><br>       Plaintiff,<br><br>GLORY WEALTH SHIPPING PTE LTD.<br><br>       Consolidated Plaintiff,<br><br>       -against-<br><br>INDUSTRIAL CARRIERS, INC., et al.,<br><br>       Defendants. | Civil Action No: 2:13cv658-RGD-LRL<br>                  2:13cv704-RGD-LRL |

## CONSOLIDATED PLAINTIFF GLORY WEALTH SHIPPING PTE LTD'S RESPONSE TO FLAME S.A.'S MOTION TO APPROVE CUSTODIAN FEES AS CUSTODIA LEGIS COSTS

Consolidated Plaintiff Glory Wealth Shipping PTE Ltd. ("Glory Wealth"), by and through its counsel, respectfully submits this Response to Flame S.A.'s ("Flame") Motion for an Order approving substitute custodian fees as *custodia legis* costs. (Dkt. 48).

On December, 17, 2013, Glory Wealth moved to intervene in the action brought by Flame against Industrial Carriers, Inc., Vista Shipping, Inc., and Freight Bulk Pte. Ltd., case number 2:13-cv-658.   The Court denied Glory Wealth's motion and Glory Wealth subsequently filed a new action against those same defendants seeking a writ of maritime attachment and garnishment in the action styled as Glory Wealth v. Industrial Carriers, Inc., Vista Shipping, Inc., and Freight Bulk Pte Ltd., case number 2:13-cv-704.   Along with Glory Wealth's Verified Complaint, Glory Wealth submitted a proposed order of maritime attachment, which was entered by this Court on December 19, 2013.   A copy of that Order is attached to this Opposition as Exhibit A.   The Order specifically provides that Glory Wealth will not be responsible for the

payment of *custodia legis* costs unless and until such time as Glory Wealth serves the Order on the M/V Cape Viewer (the "Vessel"). *See* Ex. A at pp 2-3.

Defendant Freight Bulk Pte Ltd. ("Freight Bulk") moved almost immediately to vacate the Order obtained by Glory Wealth. All parties in the consolidated action appeared before this Court on January 7, 2014, where the Court heard argument on Freight Bulk's challenge to the Order, as well as Freight Bulk's motion to vacate the attachment order served by Flame on the Vessel.

At that time, Glory Wealth indicated to the Court it had not yet served the Order on the Vessel for a variety of reasons including; the pending motion by Freight Bulk to vacate the Order, the full load of cargo that had been loaded on board the Vessel after its attachment by the cargo owner based on false and misleading representations by the Vessel owner or its representatives; the sheer uncertainty with respect to the *custodia legis* fees incurred as of January 7, 2014 and future amounts; and whether Flame would have priority over Glory Wealth to the Vessel proceeds by reason of Flame's first-in-time attachment. Per this Court's direction at the hearing, Glory Wealth is continuing to work with owners of the cargo currently loaded on the Vessel, as well as counsel for Freight Bulk, to figure out a cost-effective solution for the interested parties.[1] Pursuant to this Court's order, Glory Wealth filed its Amended Complaint on January 9, 2014 and counsel for Freight Bulk has since indicated he intends to file a motion to vacate the Order based on Glory Wealth's Amended Complaint.

Glory Wealth has not yet attached the Vessel, in part because the submissions by Flame and Freight Bulk to this Court present widely disparate views on the amount of the *custodia legis* fees. Freight Bulk seeks fees in excess of $200,000.00 while Flame's Motion seeks fees in the

---

[1] In the interim, this Court denied Freight Bulk's Motion to Vacate Flame's attachment, the denial of which is being appealed on an expedited basis to the Fourth Circuit Court of Appeals by Freight Bulk.

#27175896_v1

amount of $39,470.00.   *Compare* Flame's Motion (Dkt. 48) *with* Freight Bulk's Motion (Dkt. 58).   As Glory Wealth acknowledges it will be responsible for *custodia legis* fees once the Order is served, Glory Wealth is continuing to seek clarification and additional information regarding the fees and options to prevent *custodia legis* incurred in the future from unreasonably and unnecessarily depleting the funds available to satisfy Glory Wealth's judgment.

Since Glory Wealth has not yet attached the Vessel, and therefore, has no current obligation to share in the *custodia legis* fees incurred by the Vessel,  Flame's Motion should be denied to the extent it seeks to compel payment from Glory Wealth.   The approximately $39,000.00 in fees sought by Flame has been paid to the substitute custodian.  Glory Wealth does not object to those fees being deemed *custodia legis* costs.[2]

New York, New York

Dated: January 16, 2014

BY:   Holland & Knight LLP

__/s/   James H. Power__
James H. Power (admitted
*pro hac vice*)
31 West 52nd Street,
New York, NY 10019
(212) 513-3200
(212) 385-9010 (facsimile)
James.power@hklaw.com

__/s/   Michelle T. Hess__
Michelle Hess (VSB#71080)
31 West 52nd Street,

---

[2] With respect to Freight Bulk's motion seeking the payment of *custodia legis* fees in the amount of $238,134.85, Glory Wealth does object to the amount sought as well as the standing of Freight Bulk to raise the issue of payment of *custodia legis* fees for which Freight Bulk did not directly pay, were not expressly authorized by the substitute custodian,  and were not for the benefit of the Vessel but rather for the benefit of the cargo and the owner of the Vessel, which costs cannot be properly deemed *custodia legis* costs.

New York, NY 10019
(212) 513-3200
(212) 385-9010 (facsimile)
michelle.hess@hklaw.com

*Attorneys for Consolidated Plaintiff*
*Glory Wealth Shipping Pte Ltd.*

## CERTIFICATE OF SERVICE

I certify that on the 16th day of January, 2014, a true copy of the foregoing was filed via the Court's electronic case filing (ECF) system and serve via electronic mail on counsel of record:

Steven Stancliff
Crenshaw Ware & Martin PLC
150 West Main Street
Suite 1500
Norfolk, VA 23510
Sstancliff@cwm.law.com

Lauren Brooke Wilgus
William Robert Bennett III
Blank Rome LLP
405 Lexington Avenue
The Chrysler Building
New York, New York 10174
lwilgus@blankrome.com
wbennett@blankrome.com
*Counsel for Plaintiffs Flame S.A.*

Patrick Brogan
Davey & Brogan PC
101 Granby Street
Suite 300
Norfolk VA 23510
pbrogan@daveybrogan.com

George Chalos
Chalos & Co. P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
gmc@chaloslaw.com
*Counsel for Defendants*

_____/s/___Michelle T. Hess___
Michelle T. Hess (VSB#71080)
HOLLAND & KNIGHT LLP
31 West 52nd Street

New York, NY 10019
(212) 513-3200
(212) 385-9010 (facsimile)
michelle.hess@hklaw.com

*Attorneys for Consolidated Plaintiff*
*Glory Wealth Shipping Pte Ltd.*

6

# EXHIBIT A



UNITED STATES DISTRICT COURT
EASTERN DISTRICT VIRGNIA, NORFOLK DIVISION

GLORY WEALTH SHIPPING PTE LTD
-against-

INDUSTRIAL CARRIERS, INC., VISTA
SHIPPING INC., and FREIGHT BULK PTE LTD.,

Defendants

2:13 CV 704

## ORDER OF ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND

## GARNISHMENT

Upon consideration of Glory Wealth Shipping Pte Ltd., ("**Glory Wealth**")'s Verified

Complaint for Maritime Attachment and Garnishment and supporting affidavits thereto, filed

herein on the 18th day of November, 2013, and good cause appearing therefore, it is, by the

United States District Court for the Eastern District of Virginia:

ORDERED that the Clerk of this Court is directed forthwith to issue the issue the Process

of Maritime Attachment and Garnishment for seizure of all tangible and intangible property

of the Defendants, as described therein, including, *but not* limited to, any property in which

the Defendants have a direct or beneficial interest, including, but not limited to, the vessel

M/V CAPE VIEWER, any cargoes, cash, funds, escrow funds, debts, credits, wire transfers,

electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-

charter hire, and/or any other assets of, belonging to, due or being transferred to, from, or for

the benefit of the Defendants (hereinafter, "ASSETS"), including, but not limited to, such

ASSETS as may be held, received, or transferred for their benefit at, through, or within the

possession, custody, or control of banking institutions and/or other institutions and/or such

other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment

may be served, in the amount of $46,382,772.91 pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in

respect to the claim against the Defendants, as identified in the Verified Complaint and as

specified in the Process; and it is

FURTHER ORDERED, that any person claiming an interest in the property attached or

garnished pursuant thereto may, upon a showing of any improper practice or a manifest want

of equity on the part of Plaintiff, be entitled to an order requiring Plaintiff to show cause

forthwith why the attachment should not be vacated; and it is

FURTHER ORDERED, that a copy of this order be attached to and served with the said

Process of Maritime Attachment and Garnishment; and it is

FURTHER ORDERED, that supplemental process enforcing the Court's Order may be

issued and served without further Order of the Court; and it is

FURTHER ORDERED, that the vessel M/V CAPE VIEWER shall be deemed attached

pursuant to Rule B when a copy of this order is served with the said Process of Maritime

Attachment and Garnishment by the U.S. Marshal upon the M/V CAPE VIEWER or by

service of on the substitute custodian, National Maritime Services, by Glory Wealth via

verifiable electronic means including, but not limited to, email; and it is

FURTHER ORDERED, that Glory Wealth shall not be responsible for any portion of

Custodia Legis expenses unless and until a copy of this order and said Process of Maritime

2

#26868999_v1

Attachment and Garnishment is served upon the M/V CAPE VIEWER by the U.S. Marshal

or a copy of this order is served upon the substitute custodian, National Maritime Services,

by Glory Wealth via verifiable electronic means including, but not limited to, email.


SO ORDERED

Dated: December _19_, 2013

_/s/_

Robert G. Doumar
Senior United States District Judge


United States District Judge