**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FLAME S.A.,

                Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,

                Consolidated Plaintiff,

v.                                            Civil Action No. 2:13-cv-00658-RGD-LRL
                                                       2:13-cv-00704-RGD-LRL

INDUSTRIAL CARRIERS, INC.,
VISTA SHIPPING, INC., and
FREIGHT BULK PTE. LTD.,

                Defendants.

## MOTION FOR INTERLOCUTORY SALE OF THE M/V CAPE VIEWER

In accordance with the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules"), and specifically Rule E(9)(a), Plaintiff Flame S.A. respectfully moves the Court to Order the interlocutory sale of the M/V CAPE VIEWER, Singapore flag; IMO #9008160; call sign 9VLV, for the following reasons:

      1.      In or about November 2010, Plaintiff commenced an action in London, England against defendant Industrial Carriers, Inc. ("ICI") to recover the amounts due and owing under four Forward Freight Agreements.

      2.      On December 13, 2010, the High Court of Justice, Queen's Bench Division, Commercial Court Registry entered a judgment for Plaintiff and against defendant ICI and ordered ICI to pay Plaintiff a total of US $19,907,118.36 (the "English Judgment").

3. The Order issued by the High Court of Justice, Queen's Bench Division, Commercial Court Registry was a final Judgment, conclusive and enforceable in England.

4. On December 23, 2010, Plaintiff filed in the United States District Court for the Southern District of New York a Petition to Enforce the English Judgment.

5. On September 14, 2011, the English Judgment was recognized by the United States District Court for the Southern District of New York and was entered on October 4, 2011 (the "New York Judgment").

6. The New York Judgment was registered in the Eastern District of Virginia on October 11, 2013.

7. On November 22, 2013, Plaintiff commenced this action and obtained a Rule B attachment of the M/V CAPE VIEWER (the "Vessel"). (Dkt. # 1).

8. On November 22, 2013, this Court issued an Order authorizing issuance of Process of Maritime Attachment and Garnishment. (Dkt. # 7).

9. On November 29, 2013, the United States Marshal executed the writ and attached the Vessel. On the same day, the U.S. Marshal transferred custody of the Vessel to a substitute custodian, National Maritime Services, in whose custody the Vessel currently remains.

10. On January 16, 2014, FBP filed its Motion to Compel payment of *Custodia Legis* Expenses (Dkt. # 58). FBP's motion supports Plaintiff's position that excessive and substantial expenses are being incurred to maintain and preserve the Vessel because Defendants have made no good faith effort to provide security. In particular, FBP states:

> As of the filing of this motion, no less than USD 238,134.85 in *custodia legis* expenses have been incurred since the attachment of the M/V CAPE VIEWER. Specifically, the costs incurred to date are as follows: (i) USD 113,552.50 for fuel oil (calculated as follows: 160.85 metric tons at USD 650.00 per metric ton, plus USD 900.00 in barging costs); (ii) USD 27,180 for diesel oil

2

> (calculated as follows: 27.18 metric tons at USD 1,000.00 per metric ton); (iii) USD 30,800 for the provision of fresh water to the Vessel (172 metric tons at $150 per metric ton of fresh water delivered, plus USD 5,000 mobilization fee); (iv) USD 18,402.35 for supplies provided to the vessel (including food and cleaning supplies); and (v) 48,200 in crew wages. At present, additional supplies and necessaries are required, including but not limited to marine diesel oil/MDO and provisions for the crew. Additionally, crew wages will soon need to be paid for the next month of service.

See FBP's Memorandum in Support of Motion, Dkt. # 59, p.p. 2-3.

11. Rule E (9)(a) of the Supplemental Rules of Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, governs interlocutory vessel sales and provides, in relevant part:

(a) Interlocutory Sales; Delivery.

> i. On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
> A. the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
> B. the expense of keeping the property is excessive or disproportionate; or
> C. there is an unreasonable delay in securing release of the property.

12. Supplemental Rule E(9)(a) authorizes the interlocutory sale of the attached Vessel. *See, e.g.*, *Silver Star Enterprises, Inc. v. M/V SARAMACCA*, 19 F.3d 1008, 1014 (5th Cir. 1994); *Merchants National Bank of Mobile v. Dredge GENERAL G.I. GILLESPIE*, 663 F 2d 1338, 1341-1342 (5th Cir. 1981); *Branch Banking & Trust Co. v. Fishing Vessel Toplesss*, 2013 U.S. Dist. LEXIS 97334 (D. Md. July 11, 2013); *Samsun Logix Corp. v. Parkroad Corp*, 2009 U.S. Dist. LEXIS 7602 *7 (W.D. La Feb. 3, 2009); *Colonna's Shipyard, Inc. v. U.S.A.F.*

*Gen. Hoyt S. Vandenberg*, 584 F. Supp. 2d 862, 878 (E.D. Va. 2008); *Freret Marine Supply v. M/V Enchanted Capri,* 2001 U.S. Dist. LEXIS 8161, *13, *15-16 (E.D. La. 2001); *Ferris Financial Service Co. v,. O.S. ARCTIC PRODUCER*, 567 F. Supp. 400 (W.D. Wash. 1983).

13.   Defendant FBP, though it has entered a special-appearance in the proceedings, has not made an effort to release the Vessel against alternate security. By reason of the Vessel's attachment, substantial costs are being incurred in the range of $8,000 - $8,500 per day, both for keeping the Vessel in custody and in wasted daily operating costs, such as crew wages, victualing, garbage/sewage removal, insurance, dockage, fuel used to keep the Vessel's electrical generator running, etc.

14.   The cost and expense in maintaining custody of the Vessel is excessive and disproportionate to both the value of the claim and the value of the Vessel, and Defendants are unreasonably delaying the provision of security to release the property.

15.   Accordingly, Plaintiff respectfully requests that this Court Order the interlocutory sale of the M/V CAPE VIEWER under Supplemental Admiralty Rule E(9)(a).

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Grant Plaintiff's Motion for Interlocutory sale of the Vessel; and
2. Grant such other further relief as this Court deems just, equitable and proper.

Dated: January 17, 2014

                                                  FLAME S.A.

                                                  */s/ Steven M. Stancliff*
                                                  Steven M. Stancliff, VSB No. 73853
                                                  *Attorney for Plaintiff Flame S.A.*
                                                  CRENSHAW, WARE & MARTIN, P.L.C.
                                                  150 W. Main Street, Suite 1500
                                                  Norfolk, VA 23510
                                                  Tel:  (757) 623-3000

Fax: (757) 623-5735
sstancliff@cwm-law.com
- and -

William R. Bennett, III
Lauren B. Wilgus
*Attorney for Plaintiff Flame S.A.*
*Admitted Pro Hac Vice*
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
Tel:  (212) 885-5000
Fax: (212) 885-5001
wbennett@blankrome.com
lwilgus@blankrome.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such electronic filing to the following counsel of record:

Patrick M. Brogan
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Tel: (757) 622-0100
Fax: (757) 622-4924
Email: pbrogan@daveybroganpc.com
*Attorney for Defendant Freight Bulk PTE, LTD.*

Michelle Hess (VSB No. 71080)
HOLLAND & KNIGHT, LLP
1600 Tysons Blvd , Suite 700
McLean, VA 22102
Tel: (703) 720-8600
Fax: (703) 720-8610
Email: michelle.hess@hklaw.com
*Attorney for Consolidated Plaintiff Glory Wealth Shipping Pte Ltd.*

George M. Chalos (*pro hac vice*)
CHALOS & CO., P.C.
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel: (516) 7 14-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com
*Attorney for Defendant Freight Bulk PTE, LTD.*

James H. Power (*pro hac vice)*
HOLLAND & KNIGHT, LLP
31 West 52nd Street,
New York, NY 10019
Tel: (212)513-3200
Fax: (212)385-9010
Email: James.power@hklaw.com
*Attorney for Consolidated Plaintiff Glory Wealth Shipping Pte Ltd.*

*/s/ Steven M. Stancliff*
Steven M. Stancliff, VSB No. 73853
*Attorney for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel:  (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com