UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| FLAME S.A.,<br><br>                     Plaintiff,<br><br>GLORY WEALTH SHIPPING PTE LTD.,<br><br>                     Consolidated Plaintiff,<br><br>            v.<br><br>INDUSTRIAL CARRIERS, INC.,<br>VISTA SHIPPING, INC.,<br>FREIGHT BULK PTE. LTD., and<br>VIKTOR BARANSKIY<br><br>                     Defendants. | Civil Action No.<br>2:13-cv-00658-RGD-LRL<br>2:13-cv-00704-RGD-LRL |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF FLAME, S.A.'s
<u>MOTION TO COMPEL OWNER TO CARE FOR VESSEL AND CREW</u>**

Plaintiff FLAME S.A. ("Plaintiff"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of Plaintiff Flame, S.A.'s Motion to Compel Defendant Owner Freight Bulk, Pte. Ltd. to Care for Vessel and Crew.

## <u>BACKGROUND</u>

Defendant Freight Bulk, Pte. Ltd. ("Defendant") has already been implicated in a scheme to defraud Plaintiff, and now refuses to provide fresh food, water, fuel, and other necessaries to the M/V CAPE VIWER (the "Vessel") and her crew. The Vessel is due to run out of food at the end of the month, and will run out of fresh water and fuel in less than one week's time. Plaintiff has asked Defendant to contribute to these costs, but Defendant has refused. Defendant's refusal to take care of its responsibilities further frustrates Plaintiff's efforts to collect the money

Defendant owes to Plaintiff by decreasing the value of the Vessel, and by unnecessarily forcing Plaintiff to incur additional legal fees to litigate ancillary matters, like this Motion.

On November 22, 2013, the Court granted Plaintiff's Motion for Order of Issuance of Process of Maritime Attachment and Garnishment on the Vessel. Over eighty days have passed, and each day that the Vessel lies in port, it is a wasting asset. The cost to keep the Vessel in the custody of the Court is astronomical—the crew must be paid, the crew must be fed, the crew must be provided fresh water, the Vessel needs fuel and other necessaries. Each day, the maintenance costs of the Vessel are approximately $8,000 to $8,500, and since the Vessel was attached on November 29, 2013, the total costs are in excess of $400,000. Plaintiff has already been forced to pay for some necessaries.

Defendant is the owner of the Vessel. After the Court ordered attachment of the Vessel, Defendant could have done the commercially reasonable thing and posted security in order to mitigate losses but Defendant has not done so. The Vessel is due to be resupplied with fresh food, water, and fuel. Defendant, who made a claim of ownership over the Vessel, has refused to contribute to these expenses and instead asks this Court to place total liability on Plaintiff.

Defendant disputes Plaintiff's allegations in this lawsuit and contends that its ownership interest in the Vessel should not be disturbed by the Court. Defendant cannot make this claim while simultaneously shirking all responsibility to pay for the Vessel's maintenance. The Court should Order Defendant to contribute to the cost to maintain the Vessel and crew until the Vessel is sold at auction or until the merits of this lawsuit are resolved.

# ARGUMENT

## DEFENDANT IS OBLIGATED TO CONTRIBUTE TO
## THE COSTS TO CARE FOR AND MAINTAIN THE VESSEL AND CREW

In *Northern Insurance Co. of New York v. 1996 Searay Model 370DA Yacht*, 453 F. Supp. 2d 905 (D.S.C. 2006), plaintiff, a marine insurer, brought an action to obtain title to a recreational vessel stolen from its insured. The thief changed the vessel's hull identification number and sold the vessel to defendant. Defendant then obtained a preferred ship mortgage on the vessel from co-defendant bank. Later, plaintiff arrested the vessel and it remained in the custody of the court throughout the litigation.

After a bench trial, the court awarded title and possession of the vessel to plaintiff, and ordered that "[a]ll *custodia legis* expenses shall be the sole responsibility of the plaintiff." *Id.* at 916. Plaintiff moved to alter or amend the judgment, arguing, among other things, that defendants should equally share the *custodia legis* expenses. In its order amending the judgment, the court considered the proper distribution of the *custodia legis* expenses incurred:

> [T]he plaintiff argues the defendants should be required to pay part of the *custodia legis* expenses. The plaintiff asserts that **courts have consistently ruled that owners and lienholders of a vessel are liable for their proportionate share of administrative expenses incurred while maintaining a vessel.** *See*, *Donald D. Forsht Associates, Inc. v. Transamerica ICS, Inc.*, 821 F.2d 1556 (11th Cir.1987) (holding that third party claimants and lienholders had potential liability for their proportionate share of administrative expenses); and *Beauregard, Inc. v. Sword Services LLC.*, 107 F.3d 351 (5th Cir.1997) (holding that a District Court's requirement that an intervenor in admiralty in rem action share in cost of maintaining the seized vessel was an, "appropriate exercise of discretion."). In this case, both parties claimed an interest in the Sea Ray. However, the case law strongly favored the plaintiff as to the title question. Further review of the record shows that the defendant did not consent to turning the vessel over to the plaintiff nor consent to its arrest. Moreover, the defendant did ultimately discover that the vessel was stolen. Upon careful consideration of the motion to alter or amend judgment, and in light of the relevant

case law, the Court now concludes the defendant should be responsible for a portion of the *custodia legis* expenses.

*Id.* at 917.

The matter presently before the Court is like *Northern Insurance*. First, as in *Northern Insurance*, both Plaintiff and Defendant claim an interest in the Vessel. Second, Defendant does not consent to turning the Vessel over to Plaintiff, nor did Defendant consent to its attachment. Third, Plaintiff has already presented preliminary evidence to the Court supporting Plaintiff's alter ego and fraud causes of action, and the Court denied Defendant's motion to vacate the order of attachment. Consequently, Plaintiffs have already made a preliminary showing that it has a meritorious claim in this action.

Defendant erroneously contends that it is not required to take care of the Vessel and crew. As a result, Defendant, controlled by Viktor Baranskiy, has effectively abandoned the Vessel and crew. But Defendant is obligated as a matter of law to contribute to these *custodia legis* expenses. Defendant has made a claim of ownership against the M/V CAPE VIEWER – it is not as though Defendant concedes that the Vessel should be sold and the proceeds paid to Plaintiff. If Defendant wishes to change its position and concede that the Vessel should be sold to satisfy its debt to Plaintiff, Plaintiff will withdraw this Motion.

## **CONCLUSION**

For the reasons stated herein above, the Court should grant Plaintiff's Motion to Compel Owner to Care for the Vessel and Crew until such time as the Vessel can be auctioned or the merits of the claim decided.

This 12th day of February 2014.

                                                 FLAME S.A.

                                                 */s/ Steven M. Stancliff*
                                                 Steven M. Stancliff, VSB No. 73853

*Attorney for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.

150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel: (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com

- and -

William R. Bennett, III
Lauren B. Wilgus
*Attorneys for Plaintiff Flame S.A.*
*Admitted Pro Hac Vice*
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: (212) 885-5000
Fax: (212) 885-5001
WBennett@BlankRome.com
LWilgus@BlankRome.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such electronic filing to the following counsel of record:

Patrick M. Brogan
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Tel: (757) 622-0100
Fax: (757) 622-4924
Email: pbrogan@daveybroganpc.com
*Attorney for Defendant Freight Bulk PTE, LTD.*

Michelle Hess (VSB No. 71080)
HOLLAND & KNIGHT, LLP
1600 Tysons Blvd , Suite 700
McLean, VA 22102
Tel: (703) 720-8600
Fax: (703) 720-8610
Email: michelle.hess@hklaw.com
*Attorney for Consolidated Plaintiff Glory Wealth Shipping Pte Ltd.*

George M. Chalos (*pro hac vice*)
CHALOS & CO., P.C.
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel: (516) 7 14-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com
*Attorney for Defendant Freight Bulk PTE, LTD.*

James H. Power (*pro hac vice*)
HOLLAND & KNIGHT, LLP
31 West 52nd Street,
New York, NY 10019
Tel: (212)513-3200
Fax: (212)385-9010
Email: James.power@hklaw.com
*Attorney for Consolidated Plaintiff Glory Wealth Shipping Pte Ltd.*

*/s/ Steven M. Stancliff*
Steven M. Stancliff, VSB No. 73853
*Attorney for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel: (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com