IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FLAME S.A.,

    Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,        CIVIL NO. 2:13-cv-658

    Consolidated Plaintiff,

    v.

INDUSTRIAL CARRIERS, INC., VISTA
SHIPPING, INC., and FREIGHT BULK
PTE. LTD.,

    Defendants.

## ORDER

Flame S.A ("Flame") and Glory Wealth Shipping Pte Ltd.'s ("Glory Wealth") have attached the M/V CAPE VIEWER, the vessel at the heart of this matter. Flame attached first. Glory Wealth followed suit. At the March 6, 2014 teleconference hearing, the Court learned that the attaching parties are, in principle, amenable to an even split of the *custodia legis* fees arising from the vessel's attachment. In managing this type of litigation, the Court has broad discretion to divide *custodia legis* expenses among the parties. Beauregard, Inc. v. Sword Services L.L.C., 107 F.3d 351, 353 (5th Cir. 1997). The Court therefore **ORDERS** that any *custodia legis* expenses accrued from the date of Glory Wealth's attachment of the M/V CAPE VIEWER until the resolution of this case are to be evenly divided between and be paid by Glory Wealth and Flame to the substitute custodian.

This Order **MOOTS** Freight Bulk Pte. Ltd,'s Motion to Compel Payment of *Custodia*

1

*Legis* Expenses, ECF No. 58, as well as Flame's Motion to Compel Owner to Care for Vessel and Crew. ECF No. 66. Accordingly, those Motions are **DENIED**. ECF Nos. 58 and 66.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 7, 2014