IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FLAME S.A.,

     Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,     CIVIL NO. 2:13-cv-658

     Consolidated Plaintiff,

     v.

INDUSTRIAL CARRIERS, INC., VISTA
SHIPPING, INC., and FREIGHT BULK
PTE. LTD.,

     Defendants.

## OPINION & ORDER

This matter comes before the Court on Freight Bulk Pte. Ltd,'s ("FBP") "Response Objections to Magistrate Judge's Ruling or Recommendation." ECF No. 178. FBP argues that Magistrate Judge Leonard's ruling that FBP must produce discoverable material concerning the alter ego allegations in this case in response to discovery requests by Flame and Glory Wealth should be set aside. ECF Nos. 148, 149. FBP contends that Judge Leonard's order misunderstands the law by forcing it to produce documents of a sister corporation and effectively pierces the corporate veil.

### I.    FBP'S OBJECTIONS

FBP makes four contentions. First, that it does not control the documents that it is being compelled to produce due to its alleged sister corporate status with Vista. Second, that Magistrate

Judge Leonard improperly merged the roles Mr. Baranskiy plays for FBP and for Vista with each other and with Mr. Baranskiy as an individual. Third, that Judge Leonard disregarded Vista's corporate form when he ordered FBP to produce documents under Vista's control. And fourth, that the Plaintiffs should make their discovery requests to Vista itself, not through FBP.[1]

## II.    LEGAL STANDARD

### A.    RULE 34

A party may be compelled to produce items in its "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). Nonparties may be compelled to produce documents under Rule 45. Id. at (c). It is well established that a district court may order the production of documents in the possession of a related nonparty entity under Rule 34(a) if those documents are under the custody or control of a party to the litigation. Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc., 237 F.R.D. 561, 564 (D. Md. 2006) (citing cases). "Control does not require that the party have legal ownership or actual physical possession of the documents at issue, but rather 'the right, authority or practical ability to obtain the documents from a nonparty to the action.'" E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc., 286 F.R.D. 288, 292 (E.D. Va. 2012) (citing Bush v. Ruth's Chris Steak House, Inc., 286 F.R.D. 1, 5-6 (D.D.C. 2010). To determine whether a party has the right, authority, or practical ability to obtain documents from non-parties, courts consider a number of factors. Id. For related non-parties, like parent, sister, or subsidiary corporations, courts examine (1) the corporate structure of the party/non-party, (2) the non-

---

[1] FBP makes a number of additional arguments couched as "independent reasons" why Magistrate Judge Leonard's order should be vacated including the absence of a suitable protective order, that the scope of Plaintiffs' discovery request exceeds the scope of such discovery in a quasi in rem action; that the Ukraine is undergoing crisis so discovery cannot be completed; and that all Ukrainian males must serve in the reserves, and so the people subpoenaed may soon be drafted into military service. These issues were not addressed by Magistrate Judge Leonard. Although Judge Leonard did deny a protective order to stay discovery until the Fourth Circuit made its jurisdictional determination and the Court ruled on the pending motions to vacate the attachments, that is not the same "protective order" here. These independent reasons therefore are not properly before the Court as objections to Judge Leonard's order. The parties may file separate motions to address these discovery issues, but the Court declines to address them in this posture.

party's connection to the transaction at issue in the litigation, (3) the degree that the non-party will benefit from the outcome of the case; (4) whether the related entities exchange documents in the ordinary course of business; (5)  whether the nonparty has participated in the litigation; (6) common relationships between a party and its related non-party entity; (7) the ownership of the non-party; (8) the overlap of directors, officers, and employees; (9) the financial relationship between the entities; (10) the relationship of the parent corporation to the underlying litigation; and (11) agreements among the entities that may reflect the parties' legal rights or authority to obtain certain documents. Id. (citing Steele Software, 237 F.R.D. at 564-65).

Although "[d]ocuments in the possession of a nonparty are not automatically subject to discovery under Rule 34 simply because the nonparty has a corporate relationship to a party to the litigation," Steele Software, 237 F.R.D. at 565, "control has been found where the party and its related nonparty affiliate are owned by the same individual" or "where related entities share management" Id. at 564.

FBP's reliance on Gerling Intern. Inc. Co. v. C.I.R. for the proposition that only alter egos can be compelled to provide documents from sister corporations is misplaced. 839 F.2d 131 (3d Cir. 1988). The Third Circuit held no such thing. Instead it was commenting on district court cases where Rule 34(c)'s necessary control was found in the context of sister corporation. In analyzing the facts before it, the Third Circuit focused on both common control and the party's disregard of the corporate entities at issue as the key factors. Id. Given that case's focus, the many legal developments since the 1988 opinion, outlined in Steele and E.I. Dupont, and the persuasive but not binding authority of the Third Circuit, the Court will use the factors gathered in the Steele and E.I. Dupont cases in its analysis.

**B.    RULE 72**

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on nondispositive matters such as discovery orders. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court reviews a magistrate's discovery order under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); <u>Malletier v. Haute Diggity Dog, LLC</u>, 2007 WL 676222, at *1 (E.D. Va. Feb. 28, 2007). A court's "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Malletier</u>, 2007 WL 676222 at* 2 (citing <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948). The Fourth Circuit reviews a district judge's discovery decisions for abuse of discretion standard. <u>Copen v. House</u>, 45 F.3d 425, *2 (4th Cir. 1994).

**III.    ANALYSIS**

The question raised by FBP's objections boils down to this: was Judge Leonard's order clearly erroneous or contrary to law in compelling FBP to produce documents under Vista's control? FBP contends that this ruling misstates the law by forcing it to produce documents of a sister corporation and effectively pierces the corporate veil.

As the <u>Steele</u> court pointed out, "control has been found where the party and its related nonparty affiliate are owned by the same individual." <u>Steele Software</u>, 237 F.R.D. at 564. In the <u>Perini</u> case that the <u>Steele</u> court cited, the district judge found the companies to be alter egos of the plaintiff in compelling discovery. <u>Perini Am., Inc. v. Paper Converting Mach. Co.</u>, 559 F. Supp. 552, 553 (E.D. Wis. 1983). That is not the case before the Court; the alter ego question is undecided. With that caveat, the Court considers the factors before it.

All but one of the factors delineated in <u>Steele</u> and <u>E.I. Dupont</u> weigh against FBP's objections to Judge Leonard's ruling. The allegations, Mr. Baranskiy's deposition, ECF No. 51,

4

and Mr. Baranskiy's declaration, ECF No. 19, Ex. 1, indicate that Vista and FBP have a commercial management agreement whereby Vista acts as, and in certain charter documents is listed as, the owner of the CAPE VIEWER, the attached ship at the heart of this case. FBP owns the CAPE VIEWER. FBP is owned by Freight Bulk Ltd., which is owned by HACHI, a holding company. The CAPE VIEWER was purchased with funds from Sea Traffic (also controlled by Mr. Baranskiy), which in turn received the funds from Vista. Hachi and Sea Traffic are all linked to FBP and are owned by Mr. Baranskiy. Vista's connection to the transaction at issue is therefore clear and it would certainly benefit or suffer from the case's outcome. Vladimir Varna keeps the records for these related companies, although perhaps not FBP. Many of the directors of Vista were formerly of ICI and are alleged to control and direct FBP. These significant connections tilt all the factors towards FBP having control over the requested discovery documents.

Weighing for FBP is the fact that Vista has thus far not participated in the litigation.

Finally, FBP argues that Mr. Baranskiy would violate his fiduciary duties to Vista were he to obtain the requested materials and treat them as his personal property. This may be the case. But that is not the issue here. Mr. Baranskiy is not being asked to treat the documents as his personal property. Indeed, he is not being requested to do anything. Rather FBP was ordered to produce those documents responsive to Plaintiffs' discovery requests that are within its control. That control is based on the factors outlined above, with Mr. Baranskiy being the keystone in the links between the two corporations.

;

## IV.    CONCLUSION

Having considered the relevant law and the factors as outlined in this case, the Court finds nothing clearly erroneous or contrary to law in Judge Leonard's ruling. The Court therefore **OVERRULES** FBP's Objections to Magistrate Judge Leonard's Order.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
April 22, 2014