IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| FLAME S.A., | ) |
| | ) |
|    Plaintiff, | )    Civil Action No: 2:13-cv-658 |
| | )                     2:13-cv-704 |
| GLORY WEALTH SHIPPING PTE LTD. | ) |
| | ) |
|    Consolidated Plaintiff, | ) |
| vs. | ) |
| | ) |
| INDUSTRIAL CARRIERS, INC. | ) |
| VISTA SHIPPING, INC., and | ) |
| FREIGHT BULK PTE. LTD., | ) |
| | ) |
|    Defendants. | ) |

**SPECIALLY APPEARING DEFENDANT FREIGHT BULK PTE. LTD.'S MEMORANDUM IN OPPOSITION TO CONSOLIDATED PLAINTIFF GLORY WEALTH SHIPPING PTE LTD.'S EMERGENCY MOTION TO COMPEL**

COMES NOW, specially appearing Defendant FREIGHT BULK PTE. LTD. (hereinafter "FBP" or "Defendant"), by and through undersigned counsel, subject to its restricted appearance pursuant to Supplemental Rule E(8), the pending appeal to the Fourth Circuit Court of Appeals, and its pending dispositive motions to Vacate and Dismiss the Attachment. Without conceding jurisdiction or waiving any other issue that is currently before the Court of Appeals or this Court on other motion, FBP hereby respectfully submits this Memorandum in Opposition to Consolidated Plaintiff Glory Wealth Shipping Pte Ltd.'s ("Glory Wealth") Emergency Motion to Compel, ECF No. 173.

**PRELIMINARY STATEMENT**

The background of this case is well known to the Court and the parties. On April 9, 2014, Magistrate Judge Lawrence R. Leonard heard argument on Plaintiff Flame S.A.'s ("Flame") Motion to Compel Discovery, ECF No. 25, Flame's Second Motion to Compel

1

Discovery, ECF No. 92, and FBP's Motion for a Protective Order, ECF No. 107.[1] In open court, and in a written order the following day, ECF No. 149, Magistrate Judge Leonard concluded that the issue of alter ego is appropriate for discovery and granted Flame's and Glory Wealth's motions to compel, simultaneously denying FBP's Motion for a Protective Order. FBP lodged objections to Magistrate Judge Leonard's ruling, ECF No. 178, on April 18, some six days before such objections must have been filed pursuant to Fed. R. Civ. P. Rule 72(a).

FBP's objections to Magistrate Judge Leonard's rulings were not only procedurally appropriate and within FBP's rights, *see* Fed. R. Civ. P. Rule 72(a), but were well-grounded in the law. FBP's position was, and remains, that plaintiffs Glory Wealth and Flame have not made the requisite showing that the materials they seek are within the control of FBP or Viktor Baransky. Accordingly, FBP continues to contend that plaintiffs are not entitled to discovery of the materials they seek in their motions to compel.

Nevertheless, FBP recognizes that the Court has overruled FBP's objections, and FBP intends to comply with the Court's orders. FBP's compliance with the Court's orders, however, is subject to its continued objection to the challenged discovery plaintiffs seek, and FBP's production of documents that are in the control of entities other than FBP is made with the understanding that FBP preserves any and all claims of error to pursue on appeal at a later date.

FBP interprets the Court as ordering production of documents in the possession of Vista Shipping, Inc. ("Vista"), and intends to produce relevant, responsive, non-privileged documents in Vista's possession, custody, or control. To the extent that the Court has not conducted the weighing of the factors identified in *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012), and has issued no order specifically requiring FBP to produce

---

[1] Glory Wealth filed a Notice of Joinder in Flame's motions to compel. ECF No. 145.

documents of other purported sister entities, FBP believes it would be improper produce such documents absent a court order. FBP would welcome an opportunity for a hearing to address those factors.

Before the Court resolved FBP's objections to Magistrate Judge Leonard's order, Glory Wealth filed an Emergency Motion to Compel, ECF No. 173. Subsequently, the Court overruled FBP's objections to Magistrate Judge Leonard's order, and on April 23, 2014, Magistrate Judge Leonard directed that FBP respond to Glory Wealth's motion by April 25, 2014, at 3:00 p.m., ECF No. 193. Pursuant to that order, FBP respectfully submits this Memorandum in Opposition to Glory Wealth's Emergency Motion to Compel.[2]

## ARGUMENT

### I. FBP WILL COMPLY WITH THIS COURT'S ORDERS

By the end of today, FBP will have produced every non-privileged document in its possession responsive to Plaintiffs' discovery requests.[3] Pursuant to this Court's orders, FBP will produce in the coming days every responsive, non-privileged document in the possession, custody, or control of Vista that is related to the alter ego allegations in Glory Wealth's

---

[2] As FBP has had only two days since this Court's Order to respond to Glory Wealth's motion to compel (together with its 600-plus pages of attachments), FBP reserves its right to supplement its opposition.

[3] FBP had withheld a limited number of commercially sensitive financial documents. FBP withheld the documents based on concerns about plaintiffs' potential improper use or disclosure of those documents, and had offered repeatedly to produce those documents subject to a properly crafted protective order. FBP's concerns arise due to Glory Wealth's repeated public filing of confidential wire transfer information that Glory Wealth's counsel improperly obtained in a parallel New York state court proceeding (*see* Supplemental Memorandum in Support of Motion to Vacate filed today; FBP's Motion to Strike the Declaration of James Power, ECF No. 177). Glory Wealth's counsel has publicly filed that information knowing that such information would be reported in the shipping trade press. (*See* ECF No. 177 at Ex. 3). Notwithstanding FBP's deep concern regarding the misuse of its data, FBP will produce those documents today, and will seek further relief from the Court to address Glory Wealth's improper public filing of confidential and sensitive commercial information obtained from third parties.

3

Amended Complaint, ECF No. 54, subject to the limited objections FBP notes herein.[4] Such production will be made promptly to ensure that plaintiffs will have ample time to study the documents in preparation for the May 12 hearing on FBP's dispositive motions.

This is consistent with FBP's interpretation of the orders that have been issued by the Court. Magistrate Judge Leonard ruled that "[i]t's the judgment of this Court that as president of a company, whether it's this company or Vista, for instance, that Mr. Baranskiy has control over the documents in the possession of that company. And if they have them, then they have to be produced[.]" ECF No. 147 at 27. Indeed, to the extent that Glory Wealth had joined in Flame's motion to compel (ECF No. 25), Flame appears to have requested documents *only* from FBP, Vista, Industrial Carriers, Inc. ("ICI"), and their respective subsidiaries in its First Request for Production of Documents. *See* Plaintiff Flame S.A.'s First Request for Protection Of Documents to Defendants Industrial Carriers Inc., Vista Shipping, Inc., and Freight Bulk Pte Ltd. (Ex. 4 to the Hudes Decl.). And Flame's First Request for Production of Documents was the sole subject of Flame's Motion to Compel that was granted in the Court's orders. *See* ECF No. 26. Thus, any ruling could not have covered entities beyond those three.

Similarly, Judge Doumar ruled that the Court may "order the production of documents in the possession of a related nonparty entity . . . if those documents are under the custody or control of a party to the litigation." ECF No. 192 at 2. "Control," in turn, is to be determined based on the factors articulated in *E.I. DuPont de Nemours & Co.*, 286 F.R.D. at 292. ECF No. 192 at 2.[5] Judge Doumar addressed those factors with respect to Vista in his ruling. *See* ECF

---

[4] FBP does not object to an extension of Glory Wealth's expert disclosures until one week following the production of the Vista documents, so long as the expert disclosure deadlines are extended with respect to FBP as well.

[5] Those factors include the corporate structure of the entities, the non-party's connection to the transaction at issue, the degree that the non-party will benefit from the outcome of the case,

No. 192 at 4-5. Yet he did not address those factors with respect to any other sister entity, which is consistent with the limited nature of plaintiffs' motion to compel and of Judge Leonard's ruling.

To the extent that plaintiffs now seek to expand the scope of that order to cover entities other than Vista, plaintiffs should address each of the *DuPont* factors, and this Court should hold a hearing on whether plaintiffs have carried their burden as to each entity. Of course, just as FBP will comply with the Court's order in producing documents held by Vista, FBP intends to comply with any resulting order to the extent possible, subject to FBP's continued objection. FBP respectfully requests only that any order be specific in identifying the entities over which FBP is deemed to have control and the factual basis under *DuPont* for reaching that conclusion.

FBP particularly objects to the extent plaintiffs seek production of the documents of ICI. The only evidence offered by either party in this case demonstrates that Mr. Baransky has no control over ICI. Mr. Baransky testified during his deposition that he did not control ICI:

> Q: You controlled – you controlled ICI. The Baransky family controlled ICI.
>
> A: I wouldn't say so. . . . ICI was mainly controlled by Sergey Baransky and Vitale Cherepanov.

Baransky Dep. at 48:13-18 (Ex. 2 to the Hudes Decl.). Further, Mr. Baransky testified that he did not know where the documents of ICI were located. *Id*. at 124:4-14 ("Q: Where are all the documents that were created by ICI presently held? A: I don't know. How could I know? Q: Well, your father and yourself were 51 percent owners of ICI. You have a right to know. Didn't you ever ask: Where are all our documents? Where's ICI documents? A: When I was leaving I

---

whether the related entities exchange documents in the ordinary course of business, whether the non-party has participated in the litigation, overlap of officers and directors, the financial relationship between the entities, and agreements among the entities. *E.I. DuPont de Nemours & Co.,* 286 F.R.D. at 292.

5

told both my father to Cherepanov: Guys, I'm leaving. I have never seen the shares. If they do exist, actually, I want them to be . . . [d]estroyed."). Glory Wealth has produced no evidence to contradict the sworn testimony of Mr. Baransky. Further, the only allegation made by either Glory Wealth or Flame (which is contradicted by the record in this case) is that Mr. Baransky held an 18% shareholding in ICI. Such a small minority shareholding – even if it did exist – would not give Mr. Baransky control over ICI in 2008, let alone control over the estate of ICI, which has been placed into bankruptcy.

## II.     GLORY WEALTH'S MOTION TO COMPEL IS OVERBROAD

As discussed above, FBP will produce responsive documents in Vista's possession that are germane to the subject of plaintiffs' alter ego allegations, subject to the limitations identified below. *See* ECF No. 149 at 1 ("The Court FINDS that the issue of 'alter ego' regarding the Defendants is a proper subject of discovery.").

### A.     Glory Wealth's Requests For Production Are Overbroad.

FBP should not be required to comply with Glory Wealth's requests for production to the extent the requests are overbroad or seek the production of documents that are not relevant to plaintiffs' alter ego allegations.

*First*, Glory Wealth's discovery requests are so expansive they appear to seek every document or communication ever produced by Vista regarding its primary areas of business. *See, e.g.*, Glory Wealth's First Request for Production of Documents at ¶ 30 (Ex. 1 the Hudes Decl.) ("Copies of any and all emails or other correspondence between Defendants and shipbrokers, including, but not limited to, Ifchor Group; Freight Investor Services Ltd. ("FIS"); and/or GFI Group, relating to each of the Defendants' purchase, charter, or operation of any vessel, for the period of January 1, 2008 to present, including, but not limited to, CAPE VIEWER and CAPE CLIMBER."); *id.* ¶ 73 ("Any and all correspondence, documents,

6

memoranda, representations, statements, reports, emails, and/or other writings or recordings for every vessel managed, operated, chartered, and/or owned by Vista.").

*Second*, FBP objects to Glory Wealth's requests to the extent they seek any financial documents from Vista without regard to time period. *See id*. ¶ 15 ("Any and all of Defendant Vista's Financial Statements since its inception."); *id*. at ¶ 23 ("Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings relating to the identity of Defendant Vista's financial auditors.") FBP will produce financial documents in Vista's possession from the time of Vista's inception through April 2010. The thrust of plaintiffs' claim is that Vista did not have sufficient cash flows to purchase the vessels V Europe and V Australia, which were both purchased by April 2010. ECF No. 146 ¶ 21. Plaintiffs have identified no other specific transaction that they believe was facilitated using money from ICI, and their own allegations (that sales proceeds from ships were used to finance the purchase of subsequent ships, and more specifically, the purchase of the Cape Viewer) belie any claim that transactions after April 2010 resulted from improperly acquired funds. Given the very limited nature of these quasi in rem proceedings and the accelerated schedule in this action, production of documents beyond April 2010 would simply be an fishing expedition not warranted by any factual allegations or theories in this case.

FBP has consistently objected to the breadth of Glory Wealth's document requests, Glory Wealth has failed to respond to FBP's attempts at a good faith meet and confer to resolve this objection. For this reason alone, Glory Wealth's motion to compel should be denied.

### B.   Glory Wealth Is Attempting To Compel The Production Of Documents It Never Sought in Discovery.

Glory Wealth's Emergency Motion to Compel should also be denied as overbroad because it asks this Court to compel FBP to produce documents that Glory Wealth never sought

7

in a proper discovery request. In its Request for Production of Documents, Glory Wealth sought documents from FBP; Vista Shipping, Inc.; Industrial Carriers, Inc.; Sea Traffic Shipping Co.; Tech Project LLC; MKTM Ltd.; Columbus Maritime Shipping Corporation; Hachi Holding Ltd.; Viktor Baransky; and Freight Bulk Limited. *See, e.g.*, Glory Wealth's First Request for Production of Documents (Ex. 1 the Hudes Decl.). Glory Wealth's Emergency Motion to Compel, however, dramatically expands the universe of corporations and entities from which discovery is sought. That Motion asks the Court to compel discovery from numerous entities that were never mentioned in *any* request for production propounded by Glory Wealth: Sea Star Holding Ltd., Alba Navigare Co., Fairland Enterprises Ltd., Hanmax Enterprises Ltd., Marine Traveler Co., Sawai Maru Shipping Co., Sea Star Shipholding Ltd., Serena Sea Navigation Co., Moon Shadow Marine Co., Sea Breeze Navigation Inc., Maritime Services Co. Ltd., Costa Palma Navigation Inc., Serena Navigation Co., Weaver Investments Inc., ITIRO Corporation, Blue Coast Navigation S.A., Selene Shipmanagement S.A., Auster Marine Co., and Diamant Co. Ltd. *Compare* ECF No. 175 at 1 n.1 & 3, *with* Glory Wealth's First Request for Production of Documents (Ex. 1 the Hudes Decl.) .

The deadline for Glory Wealth's requests for production has long since passed. *See* ECF No. 56 (Rule 16(b) scheduling order stating that Glory Wealth's written discovery requests were due 30 days before completion of Plaintiffs' discovery on April 14, 2014). Glory Wealth cannot now move to compel discovery that it never previously requested. *See* Fed. R. Civ. P. 37(a)(3)(B) (describing the circumstances under which a party may move to compel a discovery response); *see also Hiser v. XTO Energy, Inc.*, 2012 WL 3528095 at *2 (E.D. Ark. Aug. 14, 2012) (denying motion to compel where moving party "did not serve a timely, formal request for production seeking the document"). The Court should deny Glory Wealth's motion to compel

with respect to the entities that Glory Wealth never mentioned anywhere in its request for production.

### C. FBP Had Offered To And Will Produce A 30(b)(6) Witness As Soon As An Agreement Is Reached On The Scope Of The Deposition.

FBP has not objected to producing a 30(b)(6) witness. *See* Letter from Adam Hudes to Michelle Hess (Apr. 3, 2014) (Ex. 3 to the Hudes Decl.) ("FBP is prepared to offer a 30(b)(6) witness to plaintiffs[.]"). Indeed, FBP's only objection has been that Glory Wealth's "proposed 170 deposition topics . . . are unmanageable, grossly overbroad, and unduly burdensome." *Id.*; *see also* Email from Adam Hudes to James Power (Apr. 18, 2014) (Ex. 4 to the Hudes Decl.) ("FBP does not object to providing a 30(b)(6) witness, provided that your current set of 170 deposition topics is appropriately limited.").

FBP has offered to meet and confer with plaintiffs regarding the scope of the 30(b)(6) deposition. *See, e.g*, Letter from Adam Hudes to Michelle Hess (Apr. 3, 2014) (Ex. 3 to the Hudes Decl.) ("FBP will . . . meet and confer with plaintiffs . . . regarding . . . the scope of the 30(b)(6) examination."). Instead of accepting FBP's invitation, Glory Wealth filed this motion to compel. Indeed, Glory Wealth attached an email to its motion reflecting FBP's invitation to meet and confer. In that email, dated April 17, 2014, FBP's counsel offered to consult via telephone with Glory Wealth's counsel regarding the deposition of Viktor Baransky and FBP's 30(b)(6) witness. *See* ECF No. 174-1 at 76 ("I am happy to discuss Freight Bulk's production of a 30(b)(6) witness, and can talk any time tomorrow morning from 10:00-12:00."). Instead of contacting counsel for FBP via telephone to discuss its discovery requests, counsel for Glory Wealth circulated an internal email reasoning that it "[s]eems like the message is clear." *See id.*

FBP will reiterate its position: FBP is prepared to offer a 30(b)(6) witness to plaintiffs for a seven hour deposition as soon as the parties reach an agreement regarding the scope of the

9

deposition. Glory Wealth's proposed 170 deposition topics are unmanageable, grossly overbroad, and unduly burdensome. When counsel for Glory Wealth engages in a good faith effort to meet and confer to properly narrow the scope of its deposition topics, FBP will gladly produce the Rule 30(b)(6) witness Glory Wealth seeks to depose at a mutually agreed-to European location.

### D. Glory Wealth Is Not Entitled To Depose Mr. Baransky.

In its Memorandum in Support of its Emergency Motion to Compel, Glory Wealth avers that it seeks to depose Mr. Baransky, notwithstanding that Mr. Baransky has already been deposed in this case. Glory Wealth's use of a motion to compel for this purpose is contrary to the Federal Rules of Civil Procedure and plainly improper.

*First*, because Mr. Baransky has already been deposed, Glory Wealth must seek leave of the court before it may depose him again. Pursuant to Rule 30(a)(2)(A)(ii), "a party must obtain leave of the court . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." Here, the parties have not stipulated to the deposition, and Mr. Baransky has "already been deposed in the case." *See* Baransky Dep. (Ex. 2 to the Hudes Decl.). By its language, Rule 30(a)(2)(A)(ii) requires only that Mr. Baransky have been deposed "in the case"—it matters not that Glory Wealth joined this litigation subsequent to Mr. Baransky's initial deposition. Before a second deposition can be noticed, the Court must approve. *See Walker v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 1155140, at *9 (S.D. W. Va. 2012) ("The undersigned further finds that Plaintiff issued his Second Notice of Rule 30(b)(6) Deposition improperly without seeking the Court's permission."). Glory Wealth's claim that it requires Mr. Baransky's testimony to prove certain elements of its case is procedurally improper, therefore, in the context of a motion to compel.

*Second*, although the Court expressed an interest in Mr. Baransky appearing for a second deposition, it never issued an order requiring Mr. Baransky to appear to be deposed again, and openly questioned whether it could order Mr. Baransky to appear. *See* ECF No. 87 at 27 ("THE COURT: Well, we'll see about that. Mr. Chalos has some valid points here; that Baransky's company is there, he's being sued, he's not the plaintiff in the case. How can I order him to appear?"). Further, the Court's April 10, 2014 Order was clear that it granted the motion to compel only "to the extent it seeks *discoverable material* related to the 'alter ego' issue." ECF No. 149 at 1-2 (emphasis added). Thus, to date, the Court has not granted leave to Glory Wealth to conduct a second deposition of Mr. Baransky, as it must do pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii).

*Third*, as the Court is no doubt aware, the crisis in Mr. Baransky's home country of Ukraine is escalating by the day. FBP has recently learned that Mr. Baransky received a Draft Notice due to his status as a reserve officer in the Ukrainian Navy. *See* Ex. 5 to the Hudes Decl. (under seal). As a result, it is FBP's understanding that Mr. Baransky is prohibited from leaving Ukraine at this time. Thus, to the extent the Court grants a motion to compel Mr. Baransky's deposition, the deposition will be required to take place in Ukraine.

### III. GLORY WEALTH IS NOT ENTITLED TO ATTORNEYS' FEES

Glory Wealth's Motion to Compel seeks attorneys' fees "in view of Defendants' dilatory tactics." ECF No. 175 at 5. FBP denies that it has engaged in improper delay in this case. Pursuant to Fed. R. Civ. P. Rule 72(a), when a magistrate judge rules on a non-dispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy." In noting objections to the Judge Leonard's order, FBP was merely availing itself of the protections of Rule 72(a), and should not be sanctioned for that conduct. *See Samad Bros., Inc. v. Bokara Rug Co.*, 2011 WL 4357188,at *6 (S.D.N.Y. 2011) (denying motion for

contempt and sanctions because "Defendants are entitled to object to a Magistrate Judge's discovery order and are generally not required to comply with that order while the objection is pending."). More to the point, there is no suggestion that FBP's objections were frivolous or otherwise not made in good faith. Indeed, in an effort to prevent further delay, FBP filed its objections to Judge Leonard's order on April 18, almost a week before its objections were due under Rule 72(a). Glory Wealth's Motion to Compel should be denied to the extent it seeks fees or other sanctions.

## CONCLUSION

FBP will continue to adhere to its discovery obligations in good faith, consistent with its understanding of this Court's orders. FBP respectfully requests that the Court deny Glory Wealth's Motion to Compel for the reasons expressed herein.

Dated: April 25, 2014

Respectfully submitted,

By: /s/ Reginald R. Goeke
MAYER BROWN LLP
Reginald R. Goeke (*Pro Hac Vice*)
Marcus A. Christian (*Pro Hac Vice*)
Adam L. Hudes (*Pro Hac Vice*)
1999 K Street, NW
Washington, DC 20006-1101
Tel: 202.263.3000; Fax: (202) 263-5243
Email: rgoeke@mayerbrown.com
mchristian@mayerbrown.com
ahudes@mayerbrown.com

- AND –

DAVEY & BROGAN, P.C.
Patrick M. Brogan (VSB No. 25568)
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Telephone: 757.622.0100
Facsimile: 757.622.4924
Email: pbrogan@daveybroganpc.com

*Attorneys for Specially Appearing Defendant FREIGHT BULK PTE. LTD*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2014, I caused the foregoing SPECIALLY APPEARING DEFENDANT FREIGHT BULK PTE. LTD.'s MEMORANDUM IN OPPOSITION TO CONSOLIDATED PLAINTIFF GLORY WEALTH SHIPPING PTE LTD'S EMERGENCY MOTION TO COMPEL and supporting papers to be electronically filed with the Clerk of the Court using the CM/ECF system, which in turn will provide electronic notification of and access to such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Dated: April 25, 2014

By: /s/ *Patrick M. Brogan*
Patrick M. Brogan, Esq. (VSB No. 25568)
**DAVEY & BROGAN, P.C.**
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Tel: (757) 622-0100
Fax: (757) 622-4924
PBrogan@daveybroganpc.com
*Attorneys for Specially Appearing*
*Defendant FREIGHT BULK PTE. LTD*