# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FLAME S.A.,

Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.

Consolidated Plaintiff,

-against-

INDUSTRIAL CARRIERS, INC., et al.,

Defendants.

Civil Action No: 2:13cv658-RGD-LRL
2:13cv704-RGD-LRL

## CONSOLIDATED PLAINTIFF GLORY WEALTH SHIPPING PTE LTD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS INDUSTRIAL CARRIERS, INC., VISTA SHIPPING, INC., AND FREIGHT BULK PTE LTD.

Pursuant to Local Rule 26 and Rules 26 and 34 of the Federal Rules of Civil Procedure, Consolidated Plaintiff Glory Wealth Shipping PTE Ltd. ("Glory Wealth") hereby submits its First Request for Production of Documents to Defendants Industrial Carriers, Inc. ("ICI"), Vista Shipping, Inc. ("Vista"), and Freight Bulk PTE Ltd. ("FBP") (referred to collectively hereafter as "Defendants"). Defendants shall produce true and completely accurate copies as required by the Court and the rules in advance of Consolidated Plaintiff's deposition of Viktor Baranskiy, and not later than April 14, 2014.

Glory Wealth acknowledges that some of the requests set forth below overlap with those propounded by Plaintiff Flame S.A. ("Flame") on Defendants. Glory Wealth adopts those requests previously issued by Flame and requests that Defendants serve Glory Wealth contemporaneously with Flame all responses and responsive documents.

## DEFINITIONS

1.      "Vessel" means the M/V CAPE VIEWER.

2.      "FFA" means the forward freight agreements entered into by Plaintiff and Industrial Carriers, Inc. on March 12, 2008, May 19, 2008, August 14, 2008, and August 29, 2008.

## INSTRUCTIONS

1.      If any document is withheld from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

   a.      the name and title of the author and/or sender and the name and title of the recipient;

   b.      the date of the document's origination;

   c.      the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document);

   d.      the name and position, it' any, of each person to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

   e.      a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

   f.      the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

2.      If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

   a.      the type of document;

   b.      its date;

2

c.      the date or approximate date it was lost, discarded or destroyed;

d.      the circumstances and manner in which it was lost, discarded or destroyed;

e.      the reason or reasons for disposing of the document (if discarded or destroyed);

f.      the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

g.      the identity of the person(s) who lost, discarded or destroyed the document; and
h.      the identity of all persons having knowledge of the contents thereof.

3.      Any response to these requests shall set forth the request in full before each response. Separate responses shall be provided with respect to each request. If, after a good faith search, Defendant concludes that there have never been documents responsive to a particular request, so state.

## DOCUMENTS TO BE PRODUCED

1.      Any and all documents concerning monthly bank statements for all three defendants and their subsidiaries (see PWC report, attached hereto as Exhibit 1) for the period January 1, 2008 to December 31, 2011.

2.      Any and all documents during the period from and including January 1, 2008 to December 31, 2008 concerning monthly settlements of the forward freight agreements ("FFA") entered into by Plaintiff and Industrial Carriers, Inc. on March 12, 2008, May 19, 2008, August 14, 2008, and August 29, 2008.

3.      Any and all documents concerning the minutes of board meetings of each named Defendant and its respective subsidiaries (see Exhibit 1) for the period from and including January 1, 2008 to December 31, 2013.

4.      Any and all documents concerning records relating to the identity of all shareholders for each named Defendant and its respective subsidiaries (see Exhibit 1) for the period from and including January 1, 2008 to December I, 2013.

5.      Any and all documents concerning contracts relating to the ownership and registration of the Motor Vessel CAPE VIEWER (hereafter "Vessel") for the period from January 1, 2008 through the present, including, but not limited to any documents reflecting registration in the Republic of the Marshal Islands, Singapore, or any other port or place.

6.      All management contracts relating to the Cape Viewer.

7.      All contracts by and between Vista, Freight Bulk and/or any third party manager relating to the operation of the Cape Viewer.

8.      All correspondence and records relating to the Cape Viewer sent to and from Vista and/or Freight Bulk and/or their agents and the Classification Society for the Cape Viewer

9.      The Cape Viewer's Proof of Entry with a Mutual P&I Club, including all correspondence to and from Club relating to defendants.

10.     All documents relating to any vessel purchase by Freight Bulk, including, but not limited to, loan agreements, preferred ship mortgages, applications for credit, and bank transfers.

11.     Copies of any and all emails or other correspondence between Victor Baranskiy and Sergei Baranskiy relating to the defendants' purchase, charter, or operation of any vessel, since January 1, 2008, including, but not limited to, CAPE VIEWER and CAPE CLIMBER.

12.     A copy of each of the Defendants:

a)      Articles of incorporation;

b)      Bylaws;

c)      Stockholder ledgers;

d)      Shareholder agreements.

13.     Any and all documents concerning the minutes of board meetings of each named

4

Defendant and its respective subsidiaries for the period from and including January 1, 2008 to present.

14.    Any and all of Defendant FBP's Financial Statements since its inception.

15.    Any and all of Defendant Vista's Financial Statements since its inception.

16.    Any and all of Defendant ICI's Financial Statements since its inception.

17.    All documents evidencing the full legal names of each officer(s), director(s), shareholder(s), and employee(s) of each of the corporate Defendants.

18.    All documents evidencing the corporate address(es), telephone number(s), fax number(s), and email address(es) of each of the Defendants.

19.    Any and all correspondence and/or documents concerning the corporate structure of FBP, Vista, and ICI.

20.    Any and all correspondence and/or documents concerning monthly bank statements for each of the Defendants and their subsidiaries for the period January 1, 2008 to present.

21.    Any and all correspondence, documents, memoranda, representations, statements, reports, emails, drafts, or other writings or recordings by PricewaterhouseCoopers relating to each of the Defendants and their subsidiaries for the period January 1, 2008 to present.

22.    Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings by any auditor relating to each of the Defendants and their subsidiaries for the period January 1, 2008 to present.

23.    Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings relating to the identity of Defendant Vista's financial auditors.

24.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings relating to the identity of Defendant FBP's financial auditors.

25.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings concerning bank transfers, loan agreements, applications for credit between and among each of the Defendants and their subsidiaries for the period January 1, 2008 to present.

26.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings concerning each of the Defendants' payment of dividends to shareholders for the period January 1, 2008 to present.

27.     All documents relating to any vessel purchased by each of the Defendants, including, but not limited to, loan agreements, preferred ship mortgages, applications for credit, and bank transfers.

28.     Copies of each of the Defendants' tax records and financial statements from January 2008 to present.

29.     Any and all correspondence, documents, memoranda, representations, statements, emails, reports, or other writings or recordings by and/or between and/or among any of the Defendants and/or any third-parties relating to:

a)     The nature of the relationship between the Defendants;

b)     Any ownership or partial ownership of any one Defendant in the other Defendants;

c)     List of all subsidiaries of each of the Defendants;

d)     Any interest of any one Defendant in the other Defendants;

e)    Any "principal/subsidiary" relationship between any of the Defendants;

f)    Viktor Baranskiy's position and his interest in any of the Defendants;

g)    Sergei Baranskiy's position and his interest in any of the Defendants;

h)    Michael Ivanov's position and his interest in any of the Defendants;

i)    Vladimir Yudaev's position and his interest in any of the Defendants;

j)    Vladimir Ivanov's position and his interest in any of the Defendants;

k)    Daniel Su's position and his interest in any of the Defendants;

l)    Ruslan Perliy's position and his interest in any of the Defendants;

m)    Dmytoro Zorin's position and his interest in any of the Defendants;

n)    S. Bakalo's position and his interest in any of the Defendants;

o)    Keteryna Bobrenko's position and his/her interest in any of the Defendants;

p)    Any actions, statements, or representations made by any one Defendant on behalf of the other Defendants;

q)    Any actions, statements or representations made by any of the Defendants showing that they acted or would act on behalf of, or are affiliated with any of the other Defendants;

r)    Common ownership, operation, management, or control by and between any of the Defendants over any other Defendants;

s)    Common use and sharing of any operating accounts, bank accounts, and comingling of funds between the Defendants;

t)    Any instances where any of the Defendants has paid, has offered to pay, and or received payment on behalf of any other Defendant.

30.     Copies of any and all emails or other correspondence between Defendants and shipbrokers, including, but not limited to, Ifchor Group; Freight Investor Services Ltd. ("FIS"); and/or GFI Group, relating to each of the Defendants' purchase, charter, or operation of any vessel, for the period of January 1, 2008 to present, including, but not limited to, CAPE VIEWER and CAPE CLIMBER.

31.     Copies of any and correspondence or other documentation relating to the identification and location of each of the Defendants' bank accounts.

32.     Copies of any and correspondence or other documentation relating to the identification and location of each of the Defendants' subsidiaries' and/or affiliates' bank accounts.

33.     Copies of any and correspondence or other documentation relating to the identification and location of Victor Baranskiy's personal bank accounts.

34.     Copies of any and correspondence, documentation, emails, contracts, agreements, and bank account records with Regional Investment Bank for all companies that Victor Baranskiy has an interest in or a relationship with, including, but not limited to ICI, FBP, and Vista.

35.     Copies of all accounting records by and between FBP, Vista and Deloitte.

36.     Copies of any and correspondence, documentation, emails, contracts, agreements, and bank account records held at BNP Paribas for ICI, FBP, and Vista.

37.     Copies of all the Powers of Attorney executed by Victor Baranskiy on behalf of Defendants and their affiliates and subsidiaries.

38.     Copies of all of Victor Baranskiy's personal banking records supporting the following statement made by Mr. Baranskiy at ¶13 of his declaration (Document No. 19-1) filed with the Court on December 5, 2013:

> Vista began trading in the shipping market during November 2008, and as I explained above, I used my personal savings and borrowings to fund its initial activities. At the time, hire rates were only a few hundred USD/day so this was manageable for me.

39.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings of between each named Defendant and/or its respective subsidiaries and the Piraeus Multimember Court of First Instance (Ex-Parte Jurisdiction — Admiralty Division) concerning Defendant ICI's petition for bankruptcy.

40.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings of between Victor Baranskiy and the Piraeus Multimember Court of First Instance (Ex-Parte Jurisdiction — Admiralty Division) concerning Defendant ICI's petition for bankruptcy.

41.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings of between Sergei Baranskiy and the Piraeus Multimember Court of First Instance (Ex-Parte Jurisdiction — Admiralty Division) concerning Defendant ICI's petition for bankruptcy.

42.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings of between Michael Ivanov and the Piraeus Multimember Court of First Instance (Ex-Parte Jurisdiction — Admiralty Division) concerning Defendant ICI's petition for bankruptcy.

43.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings of between Vladimir Yudaev and the Piraeus

Multimember Court of First Instance (Ex-Parte Jurisdiction — Admiralty Division) concerning Defendant ICI's petition for bankruptcy.

44.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings between Vladimir Ivanov and the Piraeus Multimember Court of First Instance (Ex-Parte Jurisdiction — Admiralty Division) concerning Defendant ICI's petition for bankruptcy.

45.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings between Daniel Su and the Piraeus Multimember Court of First Instance (Ex-Parte Jurisdiction — Admiralty Division) concerning Defendant ICI's petition for bankruptcy.

46.     Copies of any and all emails or other correspondence, including, but not limited to, charter parties, contracts, mortgages, applications for credit, bank transfers, accounting records, statements of fact relating to any and all vessels Defendant ICI or its affiliates operated, chartered, and/or owned for the period January 1, 2008 to November 1, 2008.

47.     Copies of any and all emails or other correspondence, including, but not limited to, charter parties, contracts, mortgages, applications for credit, bank transfers, accounting records, statements of fact, relating to vessels Vista or its affiliates owned, chartered, and/or operated for the period of June 1, 2008 to the present.

48.     Copies of any and all emails or other correspondence, including, but not limited to, charter parties, contracts, mortgages, applications for credit, bank transfers, accounting records, statements of fact, relating to vessels FBP or its affiliates owned, chartered, and/or operated for the period of September 1, 2012 to September 30, 2013.

49.     Copies of all correspondence, including but not limited to Notices of Entry, Hull and Machinery insurance and Certificates of Insurance, by and between any agent, broker, insurance company, and/or Mutual P&I Club regarding vessels owned, operated, and/or chartered by Defendant ICI.

50.     Copies of all correspondence, including but not limited to Notices of Entry, Hull and Machinery insurance and Certificates of Insurance, by and between any agent, broker, insurance company, and/or Mutual P&I Club regarding vessels owned, operated, and/or chartered by Defendant Vista.

51.     Copies of all correspondence, including but not limited to Notices of Entry, Hull and Machinery insurance and Certificates of Insurance, by and between any agent, broker, insurance company, and/or Mutual P&I Club regarding vessels owned, operated, and/or chartered by Defendant FBP.

52.     4Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or other writings or recordings exchanged between and/or among FBP and Vista Shipping, MKTM Ltd., Columbus Maritime Shipping Corporation, Sea Traffic Shipping Co., Tech Project LLC, Hachi Holdings, MetInvest and/or Hasden Enterprises (BVI), Treadstone, Aspinall Pte. Ltd. and/or Black Sea Service Co. for the period of January 2012 to the present.

53.     Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or other writings or recordings exchanged between and/or among Defendant FBP and Vista Shipping, MKTM Ltd., Columbus Maritime Shipping Corporation, Sea Traffic Shipping Co.,

11

Tech Project LLC, Hachi Holdings, MetInvest and/or Hasden Enterprises (BVI), Treadstone, and/or Black Sea Service Co. relating to the CAPE VIEWER.

54.     A copy of loan agreement number 35/11 between FBP and Sea Traffic Shipping Co.

55.     Any and all correspondence, drafts, documents, emails, invoices relating to loan agreement number 35/11 between FBP and Sea Traffic Shipping Co.

56.     Any and all correspondence, drafts, documents, emails exchanged between Keteryna Bobrenko and Sea Traffic and/or FBP relating to loan agreement number 35/11.

57.     Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings or recordings evidencing security taken by Sea Traffic to secure the loan number 35/11 with FBP.

58.     Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings or recordings regarding interest charged by Sea Traffic and/or paid by FBP relating to loan agreement number 35/11.

59.     Any and all correspondence relating to transfer of shares and/or stock from FBP to Hachi Holdings.

60.     Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or other writings or recordings exchanged between FBP and Ruslan Perliy for the period of January 2012 to the present.

61.     A copy of the commercial management contract between FBP and Vista.

62.     A copy of the Management Agreement noting provisions for crew, technical, and insurance between FBP and Sea Traffic Shipping Co.

63.    A copy of the closing and/or delivery documents for the CAPE VIEWER.

64.    A copy of the inspection report and all correspondence, documents, and/or emails relating to the inspection of the CAPE VIEWER at Fungcheng on or about December 2012.

65.    Copies of the Power(s) of Attorney authorizing Victor Baranskiy, Dmytoro Zorin, S. Bakalo, Keteryna Bobrenko to execute contracts and/or agreements for ICI, Vista, FBP and their affiliates and subsidiaries.

66.    Copies of all documents, correspondence, emails, invoices relating to payment of the Management Fee for the CAPE VIEWER.

67.    Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings or recordings between and/or among ICI, Vista, FBP, and Hachi Holdings.

68.    Copies of all of Victor Baranskiy's employment contracts.

69.    Copies of all documents, correspondence relating to bonuses received by Victor Baranskiy while a director, officer, shareholder, and/or employee of any company, including, but not limited to ICI, FBP, and/or Vista.

70.    Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings or recordings regarding joint ventures entered into by ICI, FBP, and/or Vista.

71.    Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings or recordings regarding Victor Baranskiy's ownership interest in the vessels MARINA and LYON.

72.     Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings or recordings for every vessel managed, operated, chartered, and/or owned by ICI.

73.     Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings or recordings for every vessel managed, operated, chartered, and/or owned by Vista.

74.     Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings or recordings for every vessel managed, operated, chartered, and/or owned by FBP.

75.     Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings, loans, payments, accounts receivable, accounts payable, or recordings between Victor Baranskiy and Roman Inde relating to ICI, Vista, FPB, and/or the CAPE VIEWER.

76.     Copies of the correspondence, documents, emails, invoices, wire transfers, bank account details related to the cash used to pay for the vessels identified by Victor Baranskiy during his deposition on December 12, 2013, including, but not limited to, V AUSTRALIA, V KERKIS, FATHER S, PHOENIX, CAPE MELBOURNE, CAPE VIEWER, CAPE MADRESS, CAPE KESTREL, DON STAR. (See Baranskiy Transcript, pgs. 141-144.)

77.     Copies of all correspondence, documents, emails, letters, agreements, invoices, wire transfers, bank account details related to the sale of Victor Baranskiy's shares and/or stock in Vista to Hacki Holding. (See Baranskiy Transcript, pg. 178).

78.     Any and all documents not previously identified above, which Defendants intend to reply upon or use at depositions and/or trial of this matter.

14

79.  Any and all documents obtained by subpoena in this action.

80.  A copy of Sea Traffic Shipping Co.'s:

a)  Articles of incorporation;

b)  Bylaws;

c)  Stockholder ledgers;

d)  Shareholder agreements.

81.  A copy of Columbus Maritime Shipping Corporation's:

a)  Articles of incorporation;

b)  Bylaws;

c)  Stockholder ledgers;

d)  Shareholder agreements.

82.  A copy of Tech Project LLC's:

a)  Articles of incorporation;

b)  Bylaws;

c)  Stockholder ledgers;

d)  Shareholder agreements.

83.  A copy of MKTM Ltd.'s:

a)  Articles of incorporation;

b)  Bylaws;

c)  Stockholder ledgers;

d)  Shareholder agreements.

84.        Any and all documents concerning the minutes of board meetings of Sea Traffic Shipping Co., Columbus Maritime Shipping Corporation, Tech Project LLC and MKTM Ltd. for the period from and including January 1, 2008 to present.

85.     All documents evidencing the full legal names of each officer(s), director(s), shareholder(s), and employee(s) of Sea Traffic Shipping Co., Columbus Maritime Shipping Corporation, Tech Project LLC and MKTM Ltd.

86.     All documents evidencing the corporate address(es), telephone number(s), fax number(s), and email address(es) of Sea Traffic Shipping Co., Columbus Maritime Shipping Corporation, Tech Project LLC and MKTM Ltd.

87.     All documents concerning the relationship between any of the Defendants and Sea Traffic Shipping Co., Columbus Maritime Shipping Corporation, Tech Project LLC and MKTM Ltd.

88.     Any and all correspondence and/or documents concerning the corporate structure of Sea Traffic Shipping Co., Columbus Maritime Shipping Corporation, Tech Project LLC and MKTM Ltd.

89.     Any and all correspondence and/or documents concerning monthly bank statements for Sea Traffic Shipping Co., Columbus Maritime Shipping Corporation, Tech Project LLC and MKTM Ltd. for the period January 1, 2008 to present.

90.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings by any auditor relating to Sea Traffic Shipping Co., Columbus Maritime Shipping Corporation, Tech Project LLC and MKTM Ltd. for the period January 1, 2008 to present.

91.     Any and all correspondence, documents, memoranda, representations, statements, reports, or other writings or recordings concerning Sea Traffic Shipping Co., Columbus Maritime Shipping Corporation, Tech Project LLC and MKTM Ltd. payment of dividends to shareholders for the period January 1, 2008 to present.

92.     All documents relating to any vessel purchased by Sea Traffic Shipping Co., Columbus Maritime Shipping Corporation, Tech Project LLC and MKTM Ltd, including, but not limited to, loan agreements, preferred ship mortgages, applications for credit, and bank transfers.

93.     Copies of Sea Traffic Shipping Co.'s, Columbus Maritime Shipping Corporation's, Tech Project LLC's and MKTM Ltd.'s tax records and financial statements from January 2008 to present.

94.     Copies of any and correspondence or other documentation relating to the identification and location of Sea Traffic Shipping Co.'s, Columbus Maritime Shipping Corporation's, Tech Project LLC's and MKTM Ltd.'s bank accounts.

95.     Any and all correspondence, documents, memoranda, representations, statements, reports, emails or other writings or recordings concerning bank transfers, loan agreements, applications for credit between and among each of the Defendants and Sea Traffic Shipping Co. for the period January 1, 2008 to present.

96.     Any and all correspondence, documents, memoranda, representations, statements, reports, emails or other writings or recordings concerning bank transfers, loan agreements, applications for credit between and among each of the Defendants and Columbus Maritime Shipping Corporation for the period January 1, 2008 to present.

97.     Any and all correspondence, documents, memoranda, representations, statements, reports, emails or other writings or recordings concerning bank transfers, loan agreements, applications for credit between and among each of the Defendants and Tech Project LLC for the period January 1, 2008 to present.

98.     Any and all correspondence, documents, memoranda, representations, statements, reports, emails or other writings or recordings concerning bank transfers, loan agreements, applications for credit between and among each of the Defendants and MKTM Ltd. for the period January 1, 2008 to present.

99.     Copies of any and all emails or other correspondence or documents, including, but not limited to, charter parties, contracts, mortgages, applications for credit, bank transfers, accounting records, statements of fact between Defendants and Sea Traffic Shipping Co. relating to any and all vessels operated, chartered, and/or owned by Defendants for the period January 1, 2008 to present.

100.    Copies of any and all emails or other correspondence or documents, including, but not limited to, charter parties, contracts, mortgages, applications for credit, bank transfers, accounting records, statements of fact between Defendants and Columbus Maritime Shipping Corporation relating to any and all vessels operated, chartered, and/or owned by Defendants for the period January 1, 2008 to present.

101.    Copies of any and all emails or other correspondence or documents, including, but not limited to, charter parties, contracts, mortgages, applications for credit, bank transfers, accounting records, statements of fact between Defendants and Tech Project LLC relating to any and all vessels operated, chartered, and/or owned by Defendants for the period January 1, 2008 to present.

102.    Copies of any and all emails or other correspondence or documents, including, but not limited to, charter parties, contracts, mortgages, applications for credit, bank transfers, accounting records, statements of fact between Defendants and MKTM Ltd. relating to any and all vessels operated, chartered, and/or owned by Defendants for the period January 1, 2008 to present.

103.    Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or other writings or recordings exchanged between and/or among Defendants and Sea Traffic Shipping Co. for the period January 1, 2008 to present.

104.    Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or other writings or recordings exchanged between and/or among Defendants and Columbus Maritime Shipping Corporation for the period January 1, 2008 to present.

105.    Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or other writings or recordings exchanged between and/or among Defendants and Tech Project LLC for the period January 1, 2008 to present.

106.    Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or other writings or recordings exchanged between and/or among Defendants and MKTM Ltd. for the period January 1, 2008 to present.

107.    Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or

other writings or recordings exchanged between and/or among Defendants and Sea Traffic Shipping Co. for the period January 1, 2008 to present relating to the CAPE VIEWER.

108.    Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or other writings or recordings exchanged between and/or among Defendants and Columbus Maritime Shipping Corporation for the period January 1, 2008 to present relating to the CAPE VIEWER.

109.    Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or other writings or recordings exchanged between and/or among Defendants and Tech Project LLC for the period January 1, 2008 to present relating to the CAPE VIEWER.

110.    Any and all correspondence, contracts, agreements, emails, applications for credit, bank transfers, charter parties, documents, memoranda, representations, statements, reports, or other writings or recordings exchanged between and/or among Defendants and MKTM Ltd. for the period January 1, 2008 to present relating to the CAPE VIEWER.

111.    Any and all correspondence, drafts, documents, addenda, emails, invoices relating to loan agreement number 35/11 between FBP and Sea Traffic Shipping Co.

112.    Any and all correspondence, drafts, documents, emails exchanged between Keteryna Bobrenko and Sea Traffic and/or FBP relating to loan agreement number 35/11.

113.    Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings or recordings evidencing security taken by Sea Traffic to secure the loan number 35/11 with FBP.

114.    Any and all correspondence, documents, memoranda, representations, statements, reports, emails and/or other writings or recordings regarding interest charged by Sea Traffic and/or paid by FBP relating to loan agreement number 35/11.

115.    A copy of any and all Management Agreements between FBP and Sea Traffic Shipping Co. relating to any and all vessels operated, chartered, and/or owned by each of the Defendants for the period January 1, 2008 to present.

116.    A copy of any and all Management Agreements between FBP and Columbus Maritime Shipping Corporation relating to any and all vessels operated, chartered, and/or owned by each of the Defendants for the period January 1, 2008 to present.

117.    A copy of any and all Management Agreements between FBP and Tech Project LLC relating to any and all vessels operated, chartered, and/or owned by each of the Defendants for the period January 1, 2008 to present.

118.    A copy of any and all Management Agreements between FBP and MKTM Ltd. LLC relating to any and all vessels operated, chartered, and/or owned by each of the Defendants for the period January 1, 2008 to present.

119.    Copies of all documents, correspondence, emails, invoices relating to payment of the Management Fee for the CAPE VIEWER.

120.    Any and all documents concerning the management of the CAPE VIEWER.

121.    Any and all documents concerning the operation of the CAPE VIEWER.

122.    Any and all documents concerning the classification of the CAPE VIEWER.

123.    Copies of all correspondence, including but not limited to Notices of Entry, Hull and Machinery insurance and Certificates of Insurance, by and between any agent, broker,

insurance company, and/or Mutual P&I Club regarding vessels owned, operated, and/or chartered by Defendants.

124.    All drafts of Loan Agreement dated 9 August 2012 between Sea Traffic Shipping Co. and Freight Bulk Pte Ltd (Attached hereto as Exhibit 2, Bates No. FBP 00152-00154).

125.    All correspondence by and between Sea Traffic Shipping Co. and Freight Bulk Pte Ltd whereby drafts of the loan agreement were discussed or attached.

126.    All emails or other correspondence between Freight Bulk Pte Ltd and/or its agents and Sea Traffic Shipping Co and/or its agents regarding the negotiations leading up to the loan agreement and revisions to the loan agreement.

127.    All written communications subsequent to the signing of the loan agreement between Freight Bulk and any other party.

128.    Any and all emails, documents, correspondence in the possession, control of Freight Bulk Pte Ltd identifying the original source of the funds provided to Sea Traffic Shipping Co which formed the basis of the loan agreement.

129.    All records including receipts of disbursement of proceeds and all receipts and records of repayments of the loan.

130.    All closing documents including authorizations by Sea Traffic Shipping Co appointing Kateryna Bobrenko as attorney-in-fact and copies of any passports or official identifications of Kateryna Bobrenko.

131.    All documents identifying all the names and addresses of all employees of Freight Bulk Pte Ltd.

132.    All documents identifying the shareholders, officers, directors, managers and all employees of Freight Bulk Limited, Marshall Islands Company No. 54436.

22

133.   All documents identifying the shareholders, officers, directors, managers and all employees of Hachi Holding Ltd., Marshall Islands Company No.45328.

134.   All documents identifying property belonging to Hachi Holding Ltd., including shares of companies owned by Hachi Holding Ltd.

135.   All documents of official identification of Mr. Ruslan Perliy, Secretary of Freight Bulk Pte Ltd.

136.   All correspondence, emails, instructions and records including records of discussions concerning the deposit of $920,000.00 made by Sea Traffic Shipping Co to Ship Finance International Ltd for the purchase of the M/V Front Viewer pursuant to the Memorandum of Agreement dated 6 December 2012.  (See FBP 00003 - FBP 00014; FBP 00020, attached hereto as Exhibit 3).

137.   All correspondence, emails, instructions and records including records of discussions concerning the deposit of $8,673,000.00 made by Sea Traffic Shipping Co to Ship Finance International Ltd for the purchase of the M/V Front Viewer pursuant to the Memorandum of Agreement dated 6 December 2012.  (See FBP 00021, attached hereto as Exhibit 3).

138.   All contracts by and between Freight Bulk Pte Ltd and any co-assured referenced in the entry form of Skuld (FBP00075 - FBP00077, attached hereto as Exhibit 4) concerning the Cape Viewer.  This request includes specifically any contracts or agency agreements between Sea Traffic Shipping Co and Tech Project LLC and copies of all current charters between Freight Bulk Pte Ltd, Vista Shipping Ltd and/or Columbus Maritime Shipping Corporation.

139.   Copies of documents identifying the actual physical location of the offices of each of the co-assured listed in FBP00075 - FBP00076 (Exhibit 4).

140. All documents issued by Skuld regarding the Cape Viewer for insurance coverage subsequent to 20 February 2014.

141. All emails to/from Victor Baranskiy to/from Lim Soh Sea, Masdewiana Binte Mohd Kasim, Haslina Binte Abu Bakar, directors of Freight Bulk Pte Ltd., including all emails from or to chris@rikvin.com and murni@rikvin.com.

142. All documents authorizing Columbus Maritime to act as agent on behalf of the MV Cape Viewer (see Exhibit 5). This request specifically includes any agency contracts.

143. All contracts authorizing Eurobulk Agency LLC to act on behalf of Sea Traffic Shipping Co and the MV Cape Viewer (see Exhibit 6). All contracts authorizing Eurobulk Agency LLC to use the email stem @tepro.net.ua.

144. All documents identifying all @tepro.net.ua email users.

145. All emails to/from the email address Master.CapeViewer@telaurus.net to/from EuroBulk Agency LLC, Tech Project LLC, Columbus Maritime Shipping Corporation, Vista Shipping Limited and/or their agents.

146. Any and all communications by and between Freight Bulk Pte Ltd and its agents or the Vessel regarding the loading of cargo subsequent to the Vessel's arrest. This request specifically includes emails from Columbus Maritime Shipping Corporation to the Vessel or third parties (see Exhibit 7).

147. Any and all contracts between Tech Project LLC and Sea Traffic Shipping Co authorizing Tech Project LLC to act on behalf of the MV Cape Viewer (see Exhibit 8).

148. All emails between Tech Project LLC and Columbus Maritime Shipping Corporation referencing the MV Cape Viewer subsequent to the Vessel's arrest to present (see Exhibit 9).

149.   All records of reimbursement or payment of invoices from Vista Shipping to Freight Bulk as per Clause 22 of the Ship Management Agreement between Vista Shipping and Freight Bulk (FBP00022 - FBP00033, attached hereto as Exhibit 10), from December 18 2012 to present.

150.   All records of any payments made by third parties under Clause 23 of the Ship Management Agreement attached hereto as Exhibit 10, from December 18 2012 to present.

151.   Records reflecting all payments made by Freight Bulk Pte Ltd to Vista Shipping under Clause 24 of the Ship Management Agreement attached hereto as Exhibit 10, from December 18 2012 to present.

152.   Resolutions authorizing Vista Shipping Limited to enter into the Ship Management Agreement attached hereto as Exhibit 10, including but not limited to proof of authority for S. Bakalo to sign as attorney-in-fact.

153.   All records of reimbursement or payment of invoices from Sea Traffic Shipping Co to Freight Bulk Pte Ltd as per Clause 22 of the Ship Management Agreement between Sea Traffic Shipping Co and Freight Bulk (FBP00034 - FBP00046, attached hereto as Exhibit 11), from December 18, 2012 to present.

154.   All records of any payments made by third parties under Clause 23 of the Ship Management Agreement attached hereto as Exhibit 11, from December 18 2012 to present.

155.   Records reflecting all payments made by Freight Bulk Pte Ltd to Sea Traffic Shipping Co under Clause 24 of the Ship Management Agreement attached hereto as Exhibit 11, from December 18, 2012 to present.

156.   Resolutions authorizing Sea Traffic Shipping Co to enter into the Ship Management Agreement attached hereto as Exhibit 11, including but not limited to proof of authority for D. Zorin to sign as attorney-in-fact.

157.   All emails or other communications to/from Dmytro Zorin, Sergiy Bakalo, and Viktor Baranskyi to/from Haslina Binte Abu Bakar and Lim Soh Sea or to/from the address goldie@rikvin.com concerning the purchase of the Cape Viewer or the Cape Climber (see Exhibit 12).

158.   All accounting records from the date of formation of Freight Bulk Pte Ltd (September 18, 2012) to present required by or referenced in Clause 111 of the Memorandum and Articles of Association of Freight Bulk Pte Ltd (see FBP00118 - FBP000145, attached hereto as Exhibit 13).

159.   All audit of accounts required in Clause 122 of the Memorandum and Articles of Association of Freight Bulk Pte Ltd (see Exhibit 13).

160.   Any and all charters entered into between MKTM Ltd and Freight Bulk Pte Ltd for the MV Cape Viewer or any sub-charters for the MV Cape Viewer from December 2012 to present (see Exhibit 14).

161.   All records reflective of the "rest of fleet" referenced in FBP00072 - FBP00074 (attached hereto as Exhibit 15), including but not limited to a list of vessels entered with Skuld, managed by Columbus Maritime.

162.   Copies of the "Club's renewal offer" for the owned fleet referenced in FBP00073 (Exhibit 15).

163.   All communications between Columbus Maritime Shipping Co and Freight Bulk Pte Ltd or any individual or party acting on behalf of Freight Bulk Pte Ltd prior to and for three

26

months subsequent to the purchase of the Vessel by Owners Freight Bulk Pte Ltd (see Exhibit 16).

164.   Contact lists of employees and management of Columbus Maritime Shipping Co.

165.   Contact lists of employees and management of Tech Project LLC.

166.   Contact lists of employees and management of Sea Traffic Shipping Co.

167.   Contact lists of employees and management of Vista Shipping Ltd.

168.   Contact lists of employees and management of Freight Bulk Pte Ltd.

169.   Contact lists of employees and management of Freight Bulk Limited.

170.   Contact lists of employees and management of MKTM Ltd.


Dated:          March 14, 2014

                              BY:   Holland & Knight LLP

                                    /s/ James H. Power
                                    James H. Power (admitted *pro hac vice*)
                                    31 West 52nd Street,
                                    New York, NY 10019
                                    (212) 513-3200
                                    (212) 385-9010 (facsimile)
                                    James.power@hklaw.com

                                    /s/ Michelle T. Hess
                                    Michelle Hess (VSB#71080)
                                    31 West 52nd Street,
                                    New York, NY 10019
                                    (212) 513-3200
                                    (212) 385-9010 (facsimile)
                                    michelle.hess@hklaw.com

                                    *Attorneys for Consolidated Plaintiff*
                                    *Glory Wealth Shipping Pte Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 14th day of March, 2014, a true copy of the foregoing was served via

electronic mail on counsel of record:

Patrick M. Brogan
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Tel: (757) 622-0100
Fax: (757) 622-4924
Email: pbrogan@daveybroganpc.com
*Attorney for Defendant Freight Bulk PTE, LTD.*


George M. Chalos (pro hac vice)
CHALOS & Co., P.C.
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel: (516) 7 14-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com
*Attorney for Defendant Freight Bulk PTE, LTD.*


Steven M. Stancliff,
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500 Norfolk, VA 23510
Tel: (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com
*Attorney for Plaintiff Flame S.A.*


Lauren Brooke Wilgus
William Robert Bennett III
BLANK ROME LLP
405 Lexington Avenue
The Chrysler Building
New York, New York 10174
lwilgus@blankrome.com
wbennett@blankrome.com
*Counsel for Plaintiffs Flame S.A.*

_____/s/___Michelle T. Hess_____
Michelle T. Hess (VSB#71080)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
(212) 513-3200
(212) 385-9010 (facsimile)
michelle.hess@hklaw.com
*Attorneys for Consolidated Plaintiff*
*Glory Wealth Shipping Pte Ltd.*

29