UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FLAME S.A.,

               Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.

               Consolidated Plaintiff,

          -against-

INDUSTRIAL CARRIERS, INC., et al.,

               Defendants.

Civil Action No: 2:13cv658-RGD-LRL
                        2:13cv704-RGD-LRL

## DECLARATION OF JAMES H. POWER IN OPPOSITION TO MOTION TO STRIKE

Pursuant to 28 U.S.C. § 1746 and under penalty of perjury, JAMES H. POWER declares as follows:

1.     I am a Partner with the firm of Holland & Knight LLP, attorneys for Consolidated Plaintiff Glory Wealth Shipping Pte Ltd ("**Glory Wealth**"), and I have been admitted *pro hac vice* to the Eastern District of Virginia for the purposes of this action.

2.     I submit this declaration in opposition to the motion of Defendant Freight Bulk PTE. Ltd. ("**Freight Bulk**") to strike and for certain related relief.

3.     Attached- hereto as Exhibit 1 is a true and correct copy of a Tradewinds article evidencing that publication's interest in this case since filing, well before Glory Wealth had attached the Cape Viewer.

4.     Attached hereto as Exhibit 2 is a true and correct copy of the Verified Complaint of Transfield ER Cape Ltd. against Industrial Carriers, Inc. and alleged alter egos, verified by Freight Bulk's former counsel George Chalos.

4.      Attached hereto as Exhibit 2 is a true and correct copy of the Verified Complaint of Transfield ER Cape Ltd. against Industrial Carriers, Inc. and alleged alter egos, verified by Freight Bulk's former counsel George Chalos.

5.      Attached hereto as Exhibit 3 is a copy of email correspondence between myself and counsel for Freight Bulk, evidencing communications concerning the existence of the wire transfers and Glory Wealth's intent to alert the court to the same, which communications occurred more than four days before the Power Declaration was filed.

6.      Attached hereto as Exhibit 4 is a copy of email correspondence between myself and Freight Bulk's former counsel concerning the existence of the New York action.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based on the information I have reviewed.

Dated: New York, New York
         April 29, 2014

_____
James H. Power

# EXHIBIT 1

# TradeWinds

6 December 2013

# Flame lawsuit targets Vista in continued hunt for $21m

## Combination carrier *Cape Viewer* under arrest off Virginia as Flame chases payment of a 2010 judgement

Eric Martin **Stamford**



►**LEGAL FIGHT:** The *Cape Viewer* (above) and Freight Bulk Pte (FBP) lawyer George Chalos
**Photos** BOB RUST AND VISTA

> **❝** Flame lawyers: ICI created and operated an incestuous group of companies with the sole purpose of ICI avoiding its debts by defrauding creditors.

Flame's long legal fight against collapsed Industrial Carriers Inc (ICI) has roared back to life, with the Swiss coal trader training its sights on Ukraine's Vista Shipping in a $21m lawsuit

The Swiss company, which has been chasing payment of a three-year old judgement, has secured a court order seizing the 169,381 dwt combination carrier (OBO) *Cape Viewer* (built 1992) off Hampton Roads, Virginia, as part of a US lawsuit against Vista and Singapore affiliate Freight Bulk Pte (FBP)

In addition to the $19.9m judgement, the company is seeking interest and other costs in the lawsuit

FBP, the ship's registered owner, has fired back alleging that the attachment is wrongful and has led charterer Noble to threaten claims of its own and cancellation of a $31,000 per day contract

The vessel is carrying a cargo of coal, which the company says puts it at risk of further claims by the cargo owner

In legal papers filed in a federal court in Norfolk, Virginia, Flame argues that Vista and FBP emerged out of the transfer of assets from ICI as it collapsed

Flame's lawyers allege that tens of millions of dollars were transferred out of the shipowner's accounts as the bulker market crashed in 2008

Vista and FBP, Flame's lawyers allege, are run by the same management team that controlled ICI They also claim that Vista was set up in June 2008 to receive cash transfers on behalf of ICI and then,

around the time of ICI's bankruptcy filing later that year, began operating vessels with money from the company

"ICI created and operated an incestuous group of companies with the sole purpose of ICI avoiding its debts by defrauding creditors," wrote Flame through lawyers at Crenshaw, Ware & Martin and Blank Rome

Vista executives could not be reached for comment

But FBP's Chalos & Co lawyer, George Chalos, argues that Flame has not given evidentiary support for allegations of links to ICI

"Flame's claims against FBP

are predicated entirely on an alter ego claim which is comprised of nothing more than conclusory allegations," he wrote in court papers

FBP is asking US District Judge Robert Dourmar to throw out the seizure of the *Cape Viewer* on the grounds that because it involves FFAs, it is not technically a maritime transaction for the purposes of making an attachment claim in a US federal court

The Swiss company first took ICI to court after the owner allegedly defaulted on four forward-freight-agreement (FFA) contracts in 2008

The Ukrainian company filed for bankruptcy in October of that year in a Piraeus admiralty court, making it the first major shipping company to collapse in the wake of the bulker market crash

The court ultimately rejected the bankruptcy because ICI was not a Greek company

Allegations of asset transfers emerged early on in the legal fight

In 2010, the UK High Court ordered ICI to pay $19.9m, after which Flame turned to the US courts to seek out assets of the shipowner At least two separate US federal courts have recognised the judgement

# EXHIBIT 2

JUDGE BUCHWALD
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'08 CV 9064

------------------------------------------------------------x

TRANSFIELD ER CAPE LTD.

                              **Plaintiff,**

-v-

INDUSTRIAL CARRIERS INC. and
WEAVER INVESTMENT INC.

                              **Defendants.**

------------------------------------------------------------x

08 CV

VERIFIED COMPLAINT

08 CV 9064 (NRB)

      Plaintiff, TRANSFIELD ER CAPE (hereinafter "TRANSFIELD"), by its

attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants,

INDUSTRIAL CARRIERS INC. (hereinafter "ICI") and WEAVER INVESTMENT

INC. (hereinafter "WEAVER"), alleges upon information and belief as follows:

JURISDICTION

      1.     The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

THE PARTIES

      2.     At all times material hereto, Plaintiff, TRANSFIELD, was and still is a

foreign business entity with a principal place of business c/o Room 2538, Sun Hung Kai

Centre, 30 Harbour Road, Wanchai, Hong Kong.

      3.     At all times material hereto, ICI was and still is a foreign business entity

with a principal place of business at 1, Chernomorskaya str., Odessa, 65014, Ukraine.

      4.     At all times material hereto, Defendant, WEAVER, was and still is a

foreign business entity.

FACTS AND CLAIM

5.    TRANSFIELD entered into a charter party agreement with ICI, as charterers, for use of the vessel M/V C. LAUREL.  This charter party agreement is a maritime contract.

6.    During the pendency of the charter party, ICI ordered bunkers costing USD 721,730.00, which were delivered to the M/V C. LAUREL on October 16, 2008. However, ICI failed honor its obligations to pay the suppliers of the bunkers.

7.    As a result of Defendant ICI's failure to pay for the bunkers, Plaintiff TRANSFIELD is being held liable by the head owners of the M/V C. LAUREL for the unpaid cost of the bunkers.

8.    In addition, on or about June 2, 2008, TRANSFIELD and ICI, as charterers, entered into a charter party agreement for use of the vessel M/V CAPE HERON.

9.    On or about September 23, 2008, TRANSFIELD and ICI entered into an agreement under which the parties agreed to cancel the charter party dated June 2, 2008 for the M/V CAPE HERON.  Under the terms of the agreement, TRANSFIELD agreed to pay and did pay ICI USD 4,331,250.00, subject to the vessel's successful delivery from ICI to TRANSFIELD.

10.    Despite TRANSFIELD's performance under the terms of the agreement, Defendant ICI failed to deliver the vessel, in breach of the agreement, giving rise to TRANSFIELD'S claim for reimbursement of USD 4,331,250.00.

11.    As a result of Defendant ICI's breach of the parties' agreement concerning the M/V CAPE HERON and ICI's failure to fulfill its obligations in accordance with the

2

parties' agreement, TRANSFIELD has sustained damages in the amount of USD 4,331,250.00.

12.     In summary, the amount undisputedly due and owing to Plaintiff by Defendant in connection with the two (2) above referenced transactions is USD 5,052,980.00 - (i.e. – USD 721,730.00 for the unpaid bunkers and USD 4,331,250.00 for breach of the wash-out agreement).

13.     Despite repeated demands for payment, Defendant ICI has failed, neglected and/or refused to make payment of said sums due and owing to Plaintiff TRANSFIELD.

14.     Pursuant to the terms of the aforementioned agreements, all disputes arising there under are to be submitted to London arbitration with English law to apply. English law, including but not limited to Section 63 of the English Arbitration Act of 1996, provides that a prevailing party is entitled to interest, costs and legal fees.  As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount not less than US$500,000.00.

15.     As best as can now be estimated, the Plaintiff TRANSFIELD expects to recover the following amounts from Defendant ICI:

| | | |
|---|---|---|
| A. | Principal claim: | *$ 5,052,980.00* |
| B. | Estimated interest on Principal claim: 3 years at 7.5%, compounded quarterly | *$ 1,261,811.86* |
| C. | Estimated attorneys' fees: | *$ 500,000.00* |
| | **Total Claim** | **$ 6,814,791.86** |

3

16.     Therefore, TRANSFIELD's total claim for breach of the maritime contract against Defendant ICI is in the aggregate USD 6,814,791.86.

17.     At all material times, Defendant ICI nominated Defendant Weaver as a paying agent in connection with the two (2) above-mentioned transactions.

18.     Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant ICI and Defendant WEAVER that no separation exists between them and the corporate form of Defendant WEAVER has been disregarded such that Defendant ICI primarily transacted the business of Defendant WEAVER.

19.     Upon information and belief, at all material times, Defendant ICI, operated in the name of Defendant WEAVER such that Defendant ICI was the beneficial owner of Defendant WEAVER.

20.     Upon information and belief, WEAVER holds itself out as a subsidiary within the ICI network.

21.     Upon information and belief, ICI and WEAVER are each one of several entities which is operated, controlled and managed as a single economic enterprise known as ICI.

22.     Upon information and belief, among the entities which comprise the ICI network, including WEAVER, there is a commonality of control and management centered with ICI and an overlap of officers, directors and employees.

23.     Upon information and belief, at all material times, Defendant ICI and Defendant WEAVER, have overlapping ownership, management, personnel and

4

purposes such that Defendant ICI and Defendant WEAVER do not operate at arms length.

24.     Upon information and belief, at all material times, Defendant ICI and Defendant WEAVER, have had common addresses and common contact information such that the Defendant ICI has no independent corporate identity from Defendant WEAVER.

25.     Upon information and belief, at all material times, there has been an intermingling of funds between Defendant ICI and Defendant WEAVER.

26.     Upon information and belief, at all material times, Defendant ICI has dominated, controlled and used Defendant WEAVER for its own purposes such that there is no meaningful difference between the entities.

27.     Upon information and belief, at all material times, Defendant ICI has disregarded the corporate form of Defendant WEAVER to the extent that Defendant ICI, was actually carrying on WEAVER's business and operations as if the same were its own, or vice versa.

28.     Upon information and belief, Defendant ICI utilizes the Defendant WEAVER, to transfer funds through, to and from the Southern District of New York on its behalf.

29.     Upon information and belief, there are reasonable grounds to conclude that the Defendant WEAVER is the alter-ego of Defendant ICI and, therefore, Plaintiff TRANSFIELD has a valid prima facie *in personam* claim against Defendant WEAVER based upon alter ego liability.

5

## BASIS FOR ATTACHMENT

30.    Defendant WEAVER cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant WEAVER is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

31.    Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

6

WHEREFORE, Plaintiff prays:

A.      That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.      That since the Defendant WEAVER cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant WEAVER's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of USD 6,814,791.86 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       October 22, 2008

                                    CHALOS & CO, P.C.
                                    Attorneys for Plaintiff
                                    TRANSFIELD ER CAPE LTD.

                       By:   _____
                                    George M. Chalos (GC-8693)
                                    123 South Street
                                    Oyster Bay, New York 11771
                                    Tel: (516) 714-4300
                                    Fax: (866) 702-4577
                                    Email: gmc@chaloslaw.com

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRANSFIELD ER CAPE LTD.,

                                    Plaintiff,            08 CV

-v-

INDUSTRIAL CARRIERS INC. and                **VERIFICATION OF**
WEAVER INVESTMENT INC.                       **COMPLAINT**

                                Defendants.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the

Plaintiff, TRANSFIELD ER CAPE LTD., herein;

       2.      I have read the foregoing Verified Complaint and know the contents thereof; and

       3.      I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.      The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
        October 22, 2008

                                CHALOS & CO, P.C.
                                 Attorneys for Plaintiff
                                 TRANSFIELD ER CAPE LTD.

By:                                
                                 George M. Chalos (GC-8693)
                                 123 South Street
                                 Oyster Bay, New York 11771
                                 Tel: (516) 714-4300
                                 Fax: (866) 702-4577
                                 Email: gmc@chaloslaw.com

# EXHIBIT 3

**Power, James H (NYC - X73494)**

| | |
|---|---|
| **From:** | Power, James H (NYC - X73494) |
| **Sent:** | Saturday, April 05, 2014 12:32 PM |
| **To:** | Hudes, Adam L. |
| **Subject:** | Re: |

Adam

I am free.  You can reach me at 9175860867.

Sent from my iPad

On Apr 5, 2014, at 11:20 AM, "Hudes, Adam L." <AHudes@mayerbrown.com> wrote:

> James-
>
> Let me know when you might have some time to talk.

IRS CIRCULAR 230 NOTICE. Any tax advice expressed above by Mayer Brown LLP was not
intended or written to be used, and cannot be used, by any taxpayer to avoid U.S. federal tax
penalties. If such advice was written or used to support the promotion or marketing of the matter
addressed above, then each offeree should seek advice from an independent tax advisor.
This email and any files transmitted with it are intended solely for the use of the individual or
entity to whom they are addressed. If you have received this email in error please notify the
system manager. If you are not the named addressee you should not disseminate, distribute or
copy this e-mail.

# EXHIBIT 4

**Gluck, Warren E (NYC - X73396)**

| | |
|---|---|
| **From:** | Power, James H (NYC - X73494) |
| **Sent:** | Monday, April 28, 2014 11:11 AM |
| **To:** | Gluck, Warren E (NYC - X73396) |
| **Subject:** | FW: Shouldnt you be telling Judge Doumar about this? |

```
James Power | Holland & Knight
Partner
31 West 52nd Street | New York NY 10019
Phone 212.513.3494 | Fax 212.385.9010
james.power@hklaw.com | www.hklaw.com
```

```
-----Original Message-----
From: Power, James H (NYC - X73494)
Sent: Wednesday, February 26, 2014 5:24 PM
To: 'George M. Chalos'; Hess, Michelle T (NYC - X73583)
Cc: wbennett@BlankRome.com; LWilgus@BlankRome.com; sstancliff@cwm-law.com; pbrogan@daveybroganpc.com;
bsparkman@chaloslaw.com; kchristodoulatos@chaloslaw.com
Subject: RE: Shouldnt you be telling Judge Doumar about this?
```

George:

Unless you let me know you are authorized to accept service I will assume you are not and will proceed wi
servicing Freight Bulk in accordance with the requirements of the CPLR.  I don't care one way or the other

Regards,
James

```
James Power | Holland & Knight
Partner
31 West 52nd Street | New York NY 10019
Phone 212.513.3494 | Fax 212.385.9010
james.power@hklaw.com | www.hklaw.com
```

```
-----Original Message-----
From: George M. Chalos [mailto:gmc@chaloslaw.com]
```

1

Sent: Wednesday, February 26, 2014 5:21 PM
To: Power, James H (NYC - X73494); Hess, Michelle T (NYC - X73583)
Cc: wbennett@BlankRome.com; LWilgus@BlankRome.com; sstancliff@cwm-law.com; pbrogan@daveybroganpc.com;
bsparkman@chaloslaw.com; kchristodoulatos@chaloslaw.com
Subject: RE: Shouldnt you be telling Judge Doumar about this?

If you have some authority you would like me to review which supports what you suggest, Id be happy to rev

George M. Chalos, Esq.
CHALOS & Co, P.C. - International Law Firm New York | Houston | Miami | Athens | Cyprus

55 Hamilton Avenue, Oyster Bay, New York 11771
Tel:  + 1 516 714 4300
Dir:  + 1 516 714 3040
Mob: + 1 516 721 4076
Fax: + 1 516 750 9051
Email: gmc@chaloslaw.com

Please visit our website at:  www.chaloslaw.com


-----Original Message-----
From: James.Power@hklaw.com [mailto:James.Power@hklaw.com]
Sent: Wednesday, February 26, 2014 5:19 PM
To: gmc@chaloslaw.com; michelle.hess@hklaw.com
Cc: wbennett@BlankRome.com; LWilgus@BlankRome.com; sstancliff@cwm-law.com; pbrogan@daveybroganpc.com;
bsparkman@chaloslaw.com; kchristodoulatos@chaloslaw.com
Subject: RE: Shouldnt you be telling Judge Doumar about this?

George:

Nothing secret about a case filed several days ago which has yet to be served on any defendant.  I don't r
me that you wished to be immediately informed of any case brought against Freight Bulk or other alter egos
are aware of the case however, please confirm that you are authorized to accept service on behalf of Freig
point, I think you have a responsibility as you are representing Freight Bulk in Virginia to immediately i
of the NY action and confirm that you are authorized to accept service on Freight Bulk's behalf.  And, ple
are authorized to accept service on behalf of any other named defendant.  If not, then I guess we will hav
necessary steps to find out the addresses/locations of the defendants where we can effect service.

Regards,
James

2

James Power | Holland & Knight
Partner
31 West 52nd Street | New York NY 10019
Phone 212.513.3494 | Fax 212.385.9010
james.power@hklaw.com | www.hklaw.com


-----Original Message-----
From: George M. Chalos [mailto:gmc@chaloslaw.com]
Sent: Wednesday, February 26, 2014 5:13 PM
To: Power, James H (NYC - X73494); Hess, Michelle T (NYC - X73583)
Cc: wbennett@BlankRome.com; LWilgus@BlankRome.com; sstancliff@cwm-law.com; pbrogan@daveybroganpc.com;
bsparkman@chaloslaw.com; kchristodoulatos@chaloslaw.com
Subject: RE: Shouldnt you be telling Judge Doumar about this?

I doubt it. ... but seeing as I just found this fortuitously, you can rest assured that I will be trying m
case if it is, indeed, served and has been properly lodged.  As I recall from the last hearing in EDVa, yo
some sort of adversity to serving the lawsuits it commences.

Anyways, as a matter of general interest, why are you proceeding in secret?  Seems weird to me James, but
takes all kinds.

GMC

George M. Chalos, Esq.
CHALOS & Co, P.C. - International Law Firm New York | Houston | Miami | Athens | Cyprus

55 Hamilton Avenue, Oyster Bay, New York 11771
Tel:  + 1 516 714 4300
Dir:  + 1 516 714 3040
Mob: + 1 516 721 4076
Fax: + 1 516 750 9051
Email: gmc@chaloslaw.com

Please visit our website at:  www.chaloslaw.com


-----Original Message-----
From: James.Power@hklaw.com [mailto:James.Power@hklaw.com]
Sent: Wednesday, February 26, 2014 5:08 PM
To: gmc@chaloslaw.com; michelle.hess@hklaw.com

3

Cc: wbennett@BlankRome.com; LWilgus@BlankRome.com; sstancliff@cwm-law.com; pbrogan@daveybroganpc.com; bsparkman@chaloslaw.com; kchristodoulatos@chaloslaw.com
Subject: RE: Shouldnt you be telling Judge Doumar about this?

George:

More importantly, are you accepting service on behalf of Freight Bulk or any other entity named as a Defen

James Power | Holland & Knight
Partner
31 West 52nd Street | New York NY 10019
Phone 212.513.3494 | Fax 212.385.9010
james.power@hklaw.com | www.hklaw.com

-----Original Message-----
From: George M. Chalos [mailto:gmc@chaloslaw.com]
Sent: Wednesday, February 26, 2014 4:51 PM
To: Power, James H (NYC - X73494); Hess, Michelle T (NYC - X73583)
Cc: 'Bennett III, William R.'; Wilgus, Lauren; sstancliff@cwm-law.com; 'Pat Brogan'; Briton Sparkman; 'Kat Christodoulatos'
Subject: Shouldnt you be telling Judge Doumar about this?

James/Michelle -

Shouldn't you be telling Judge Doumar about this?

George M. Chalos, Esq.
CHALOS & Co, P.C. - International Law Firm New York | Houston | Miami | Athens | Cyprus

55 Hamilton Avenue, Oyster Bay, New York 11771
Tel:  + 1 516 714 4300
Dir:  + 1 516 714 3040
Mob: + 1 516 721 4076
Fax: + 1 516 750 9051
Email: gmc@chaloslaw.com

Please visit our website at:  www.chaloslaw.com

_____

4

****IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH REQUIREMENTS IMPOSED BY THE IRS, WE INFORM YOU
ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED OR WRITTEN BY HOLLAND &
USED, AND CANNOT BE USED, FOR THE PURPOSE OF (I) AVOIDING TAX-RELATED PENALTIES UNDER THE INTERNAL REVENUE
PROMOTING, MARKETING, OR RECOMMENDING TO ANOTHER PARTY ANY TAX-RELATED MATTER HEREIN.****

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of
to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immedi
e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client
construe anything in this e-mail to make you a client unless it contains a specific statement to that effe
disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this
client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to p
attorney-client or work product privilege that may be available to protect confidentiality.