**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FLAME S.A.,

                  Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,

                  Consolidated Plaintiff,

v.

INDUSTRIAL CARRIERS, INC.,
VISTA SHIPPING, INC., and
FREIGHT BULK PTE. LTD., and
VIKTOR BARANSKIY,

                  Defendants.

Civil Action Nos.
2:13-cv-00658-RGD-LRL
2:13-cv-00704-RGD-LRL

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF FLAME S.A.'S
EXPEDITED SECOND MOTION FOR THE INTERLOCUTORY
SALE OF THE M/V CAPE VIEWER**

Plaintiff FLAME S.A. ("Plaintiff"), by and through its undersigned counsel, submits this

Memorandum of Law in Support of its Expedited Second Motion for the Interlocutory Sale of

the vessel M/V CAPE VIEWER, Singapore flag; IMO #9008160; call sign 9VLV.

**BACKGROUND**

This Court is fully familiar with the facts and procedural history of this matter and

accordingly Flame will not burden the Court with a full recitation of same.

The salient facts are as follows: On November 22, 2013, this Court issued an Order

authorizing issuance of Process of Maritime Attachment and Garnishment, and the United States

Marshal executed the writ and attached Defendant Freight Bulk Pte. Ltd.'s ("FBP") vessel, the

M/V CAPE VIEWER. On November 29, 2013, the U.S. Marshal transferred custody of the M/V

CAPE VIEWER to a substitute custodian, National Maritime Services, in whose custody the M/V CAPE VIEWER currently remains. *See* D.E. #7-8. The M/V CAPE VIEWER has been under attachment since November 29, 2013 and, notwithstanding Defendants' initial lukewarm suggestion that her release against security might be forthcoming, no such alternate security has been posted. The M/V CAPE VIEWER has remained under attachment, in the hands of substitute custodian National Maritime Services, for over one hundred fifty (150) days (as of the date of this filing). The cost to maintain the M/V CAPE VIEWER since November 22, 2013 is approaching $1 million. *See* Exhibits A (Invoice), B (Fuel Invoice), and C (Fuel Invoice). These expenses are eroding the value of the *res*, and the value will continue to decrease every day that the M/V CAPE VIEWER remains under attachment.

FBP continues to ignore this Court's clear and concise discovery Orders, and by all accounts has employed a litigation strategy that would ensure Flame does not receive any benefit of the M/V CAPE VIEWER's value to set off against the $19,907,118.36 judgment Flame obtained against Defendant Industrial Carriers, Inc., the alter ego of Defendants Vista Shipping, Inc. and FBP. Each of these companies is controlled, dominated, and operated by the Baranskiy family, who admittedly siphoned funds to "dummy corporations" to avoid creditors.

As admitted by FBP in a recent filing:

> [T]he M/V Cape Viewer . . . is *wasting in the harbor*. Indeed, no matter which party prevails on the merits, given the time needed to try this dispute and resolve any appeals, the costs incurred in maintaining the vessel, the impact to the cargo parties, and the reduced market value of the vessel, *the financial cost of this proceeding will likely outweigh any benefit that could be obtained*.

D.E. #203-1, at 2 (emphasis added).

FBP's own Motion to Compel Payment of *Custodia Legis* Expenses, D.E. #58, filed on January 16, 2014, supports Plaintiff's position that excessive and substantial expenses are being

incurred to maintain and preserve the M/V CAPE VIEWER, and highlights that Defendants have

made no good faith effort to provide security. In particular, FBP's Motion to Compel Payment of

*Custodia Legis* expenses stated:

> As of the filing of this motion, no less than USD 238,134.85 in
> *custodia legis* expenses have been incurred since the attachment of
> the M/V CAPE VIEWER. Specifically, the costs incurred to date
> are as follows: (i) USD 113,552.50 for fuel oil (calculated as
> follows: 160.85 metric tons at USD 650.00 per metric ton, plus
> USD 900.00 in barging costs); (ii) USD 27,180 for diesel oil
> (calculated as follows: 27.18 metric tons at USD 1,000.00 per
> metric ton); (iii) USD 30,800 for the provision of fresh water to the
> Vessel (172 metric tons at $150 per metric ton of fresh water
> delivered, plus USD 5,000 mobilization fee); (iv) USD 18,402.35
> for supplies provided to the vessel (including food and cleaning
> supplies); and (v) 48,200 in crew wages. At present, additional
> supplies and necessaries are required, including but not limited to
> marine diesel oil/MDO and provisions for the crew. Additionally,
> crew wages will soon need to be paid for the next month of
> service.

D.E. #59, at 2.

It has been reported in Tradewinds and other public news sources that since the M/V

CAPE VIEWER's attachment, FBP and its alter ego, Vista Shipping, Inc., have spent over $40

million in cash purchasing other vessels. Under these circumstances, Defendants have clearly

abandoned the M/V CAPE VIEWER.  The Court should therefore order an interlocutory sale of

the M/V CAPE VIEWER to preserve the value of the attachment in this matter.

**ARGUMENT**

**I.  THE FEDERAL RULES OF CIVIL PROCEDURE AUTHORIZE THE SALE OF THE M/V CAPE VIEWER UNDER THE CIRCUMSTANCES PRESENT HERE.**

Supplemental Admiralty Rule E(9)(a) governs interlocutory vessel sales.  It provides, in relevant part:

> (a) Interlocutory Sales; Delivery.
>
> (i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
>
> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or disproportionate; or
>
> (C) there is an unreasonable delay in securing release of the property.

To prevail on a motion for interlocutory sale, **the movant need only show that one of the above listed conditions is satisfied**. *See Merchs. Nat'l Bank of Mobile v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1341 (5th Cir. 1981) (holding that lienors seeking interlocutory sale "need only show one of the three criteria"). Here, Flame establishes all three grounds.

**A.  THE M/V CAPE VIEWER IS PERISHABLE AND LIABLE TO DETERIORATION, DECAY, OR INJURY.**

FBP readily admits that the M/V CAPE VIEWER is "wasting in the harbor." D.E. #203-1, at 2.  There can be no doubt that the M/V CAPE VIEWER is a wasting asset and the only way to preserve its value is to sell the M/V CAPE VIEWER immediately.

**B.      THE EXPENSE OF KEEPING THE M/V CAPE VIEWER UNDER ATTACHMENT IS EXCESSIVE AND DISPROPORTIONATE.**

Supplemental Rule E(9)(b)(i)(B) provides for interlocutory sale of a vessel if "the expense of keeping the property is excessive or disproportionate."  The expense of keeping the M/V CAPE VIEWER idle and under attachment at Norfolk is both excessive and disproportionate. The value of Plaintiff's attachment interest is steadily eroding by her daily running costs that include crew wages, victualing, garbage/sewage removal, insurance, dockage, etc.  If the daily cost of bunkers consumed is added to those costs, the cost to maintain the M/V CAPE VIEWER since November 22, 2013 is approaching $1 million. *See* Exhibits A, B, and C. These figures exceed amounts that some courts already consider excessive or disproportionate. *See, e.g.*, *Merchs. Nat'l Bank,* 663 F.2d at 1342 (affirming district court's holding that monthly costs of $17,000 associated with vessel's seizure were excessive and therefore warranted an interlocutory sale); *Freret Marine Supply v. M/V ENCHANTED CAPRI*, Nos. 00-3805, 00-3809, 01-0070, 01-0087, 2011 WL 649764, at *2 (E.D. La. June 11, 2001) (finding daily custodial costs of $1,500 were excessive for $12 million vessel); *Samsun Logix Corp. v. Parkroad Corp*, No. 00-1736, 2009 WL 268586, at *3-4 (W.D. La Feb. 3, 2009) (interlocutory sale of vessel warranted because $4,677.49 per day in substitute custodian and dockage fees was excessive).

Here, the maintenance costs that the M/V CAPE VIEWER continues to incur are excessive and disproportionate to the value of the M/V CAPE VIEWER, which FBP readily admits is eroding.  The ongoing custodial costs and the daily running costs and expenses have eroded the value of Plaintiff's attachment interest by nearly $1 million over the past 150 days; the Court should order the sale of the M/V CAPE VIEWER as a conservatory measure to halt further economic deterioration of the *res*.

### C.    FBP'S DELAY IN SECURING THE RELEASE OF THE M/V CAPE VIEWER IS UNREASONABLE.

Supplemental Rule E(5)(a) provides for the release of an attached vessel against the owner's provision of adequate security.  At the time of the Rule E(4) hearings on December 13, 2013, Defendant's counsel advised he would speak to his client in order to obtain an appraisal of the M/V CAPE VIEWER in order to post security and get the M/V CAPE VIEWER released. Apart from lukewarm "without prejudice" discussions in December 2013, however, there has been no movement on the part of FBP to release the M/V CAPE VIEWER against security.

In these circumstances, Supplemental Rule E(9)(a) authorizes the interlocutory sale of the attached vessel. *See, e.g.*, *Silver Star Enters., Inc. v. M/V SARAMACCA*, 19 F.3d 1008, 1014 (5th Cir. 1994); *Merchs. Nat'l Bank of Mobile*, 663 F.2d at 1341-42; *Branch Banking & Trust Co. v. Fishing Vessel Toplesss*, No. 12-2364, 2013 WL 3732734, at *1 (D. Md. July 11, 2013); *Colonna's Shipyard, Inc. v. U.S.A.F. Gen. Hoyt S. Vandenberg*, 584 F. Supp. 2d 862, 878 (E.D. Va. 2008); *Ferris Fin. Serv. Co. v. O.S. ARCTIC PRODUCER*, 567 F. Supp. 400 (W.D. Wash. 1983).

Courts generally give a defendant three to four months to release a vessel against alternate security, absent other considerations. *See, e.g.*, *Bank of Rio Vista v. VESSEL CAPTAIN PETE*, No. 04-2736, 2004 WL 2330704, at *2 (N.D. Cal. 2004); *Vineyard Bank v. M/Y Elizabeth I*, U.S.C.G. Official No. 1130283, No. 08-2044, 2009 WL 799304, at *1-2 (S.D. Cal. Mar. 23, 2009) (holding that the failure to secure the release of a vessel during the four months after arrest constituted an unreasonable delay); *Boland Marine & Mfg. Co., L.L.C. v. M/V A.G. NAVAJO*, No. 02-0658, 2002 WL 31654856, at *2-3 (E.D. La. Nov. 22, 2002) (same); *Bollinger Quick Repair, L.L.C. v. Le Pelican M/V*, No. 00-0308, 2000 WL 798497, at *2 (E.D. La. June 20, 2000) (same); *Ferrous Fin. Serv. Co. v. O/S Arctic Producer*, 567 F. Supp. at 401 (same).

Here, as of the date of this Motion, over 150 days—over five months—have passed since the M/V CAPE VIEWER was attached on November 22, 2013. In view of that fact, and that Defendants have demonstrated an ability, but not a willingness, to post security, the Court should find that Plaintiff has satisfied the "unreasonable delay" criteria under Supplemental Rule E(9)(a)(i)(C).

## CONCLUSION

For the foregoing reasons, the Court should Order the interlocutory sale of the M/V CAPE VIEWER under Supplemental Admiralty Rule E(9)(a), and grant Plaintiff all other just and necessary relief.  FBP admits the M/V CAPE VIEWER is a wasting asset, the cost and expense of maintaining custody of the M/V CAPE VIEWER is excessive and disproportionate to both the value of the claim and the value of the M/V CAPE VIEWER, and FBP is unreasonably delaying the provision of security to release the property.

Counsel requests expedited oral argument on this Motion.

**Dated: April 29, 2014**                                        **FLAME S.A.**

*/s/ David C. Hartnett*
Steven M. Stancliff, VSB No. 73853
David C. Hartnett, VSB No. 80452
*Attorneys for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel:  (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com
dhartnett@cwm-law.com

- and -

William R. Bennett, III, Esquire
Lauren B. Wilgus, Esquire
*Attorneys for Plaintiff Flame S.A.*
*Admitted Pro Hac Vice*
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
Tel:  (212) 885-5000
Fax: (212) 885-5001
WBennett@BlankRome.com
LWilgus@BlankRome.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such electronic filing to the following counsel of record:

Patrick M. Brogan
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Tel: (757) 622-0100
Fax: (757) 622-4924
Email: pbrogan@daveybroganpc.com
Attorney for Freight Bulk PTE, LTD.

Carmine Ralph Zarlenga (pro hac vice)
Adam Lawrence Hudes (pro hac vice)
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
Tel: (202) 263-3000
Fax: (202) 263-5227
Email: czarlenga@mayerbrown.com
        ahudes@mayerbrown.com
Attorneys for Freight Bulk PTE, LTD.

James H. Power (pro hac vice)
Michelle Hess (VSB No. 71080)
HOLLAND & KNIGHT, LLP
31 West 52nd Street,
New York, NY 10019
Tel: (212)513-3200
Fax: (212)385-9010
Email: James.power@hklaw.com
        michelle.hess@hklaw.com
Attorneys for Consolidated Plaintiff
Glory Wealth Shipping Pte Ltd.

Mark T. Coberly
Dustin M. Paul
VANDEVENTER BLACK LLP
101 W. Main Street
500 World Trade Center
Norfolk, VA 23510
Tel: (757) 446-8600
Fax: (757) 446-8670
Email: mcoberly@vanblk.com
        dpaul@vanblk.com
Attorneys for Vitol, S.A.

David H. Sump
Leonard Fleisig
WILCOX SAVAGE, P.C.
440 Monticello Ave; Suite 2200
Norfolk, VA 23510
Email: dsump@wilsav.com
        lfleisig@wilsav.com
Attorneys for Noble Chartering, Inc.

Paul Myung Han Kim
John Joseph Reilly
SQUIRES SANDERS (US), LLP
30 Rockefeller Plaza; 23rd Floor
New York, NY 10112
Tel: (212) 872-9841
Fax: (212) 872-9815
Email: paul.kim@squiresanders.com
        John.reilly@squiresanders.com
Attorneys for Noble Chartering, Inc.

*/s/ David C. Hartnett*
Steven M. Stancliff, VSB No. 73853
David C. Hartnett, VSB No. 80452
*Attorney for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel:  (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com
dhartnett@cwm-law.com