IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FLAME S.A.,

     Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,

     Consolidated Plaintiff,

v.                                  CIVIL ACTION NO. 2:13-cv-658

INDUSTRIAL CARRIERS, INC., et al.,

     Defendants.

## ORDER

On April 21, 2014, Plaintiff Flame S.A. ("Flame") filed a "third motion to compel discovery from Freight Bulk Pte LTD (expedited)," ECF No. 179, with a memorandum in support, ECF No. 180, and a "motion to compel (fourth) discovery from Freight Bulk Pte LTD (expedited)," ECF No. 181, with a memorandum in support, ECF No. 182. One day later, on April 22, 2014, Flame filed a "motion for extension of the deadline for expert disclosures," ECF No. 188, with a memorandum in support, ECF No. 189. In compliance with this Court's order, on April 25, 2014, Defendant Freight Bulk Pte. Ltd. ("FBP") filed an expedited memorandum in opposition to these motions, ECF No. 196. With the limitations and specifications discussed below, Flame's third motion to compel, ECF No. 179, is **GRANTED IN PART, DENIED IN PART**, and **DEFERRED IN PART**, Flame's fourth motion to compel, ECF No. 181, is **GRANTED IN PART** and **DENIED IN PART**, and Flame's motion for an extension of the expert disclosure deadline, ECF No. 188, is **GRANTED**.

After holding a hearing on April 9, 2014, and by Order issued April 10, 2014, the Court

found that the issue of "alter ego" regarding the Defendants was a proper subject of discovery. Accordingly, the Court denied FBP's motion for a protective order to stay discovery, granted Flame's first motion to compel discovery, and denied Flame's second motion to compel discovery as prematurely filed. ECF No. 149. On April 18, 2014, FBP exercised its right to object to the rulings made in the undersigned's previous order pursuant to Federal Rule of Civil Procedure 72(a). ECF No. 178. The District Judge overruled FBP's objections on April 23, 2014. ECF No. 192. In the interim, Flame filed the instant motions.

In the third motion to compel, Flame renewed its arguments made in the prematurely filed second motion to compel; mainly, that FBP has failed to respond to Flame's Second Request for Production of Documents, Flame's First set of Interrogatories, and Flame's Notice of Entry upon Property. ECF No. 180. As requested relief, Flame asks that the Court enter an order (1) overruling FBP's objections to Flame's Second Request for Production and Flame's First Set of Interrogatories; (2) compelling FBP to immediately produce documents fully responsive to Flame's First and Second Set of Requests for Production; (3) compelling FBP to answer fully Flame's First Set of Interrogatories; (4) permitting Flame immediate entry aboard the Vessel in accordance with its Rule 34 request; (5) permitting Flame to examine electronically stored information of FBP aboard the Vessel; (6) requiring FBP to pay Flame the reasonable expenses, including attorneys' fees, it incurred in bringing these motions and obtaining relief; and (7) sanctioning FBP under Rule 37(b)(2)(ii). *Id.* at 19. In the fourth motion to compel, Flame argues that FBP has failed to respond to Flame's Third Request for Production of Documents. ECF No. 182. As requested relief, Flame asks that the Court enter an order overruling FBP's objections to Flame's Third Requests for Production of Documents and compelling FBP to immediately produce the requested documents. *Id.* at 5. On April 25, 2014,

2

FBP responded after its objections to the undersigned's original order were overruled by the District Judge. ECF No. 196.

FBP opposes Flame's motions, but states that it intended to comply with the Court's orders by producing every non-privileged document in its possession responsive to Flame's discovery requests (specifically, that FBP will produce responsive, non-privileged documents in the possession, custody, or control of Vista that is related to the alter ego allegations in Flame's Amended Complaint), with no objection to an expert deadline extension, so long as the expert disclosure deadlines are extended for FBP as well. *Id.* at 5. Yet, FBP maintained its objections to Flame's requests for production of documents, arguing: (1) Flame's requests for production are overbroad, because they seek every document or communication ever produced by Vista and they seek financial documents from Vista without regard to time period; (2) Flame is not entitled to entry upon the M/V CAPE VIEWER, because the better course of action is to allow FBP to review and produce the materials sought, instead of permitting Flame unfettered access to the M/V CAPE VIEWER and its contents; and (3) Flame is not entitled to sanctions or attorneys' fees because FBP exercised its right to object to the Magistrate Judge's ruling under Federal Rule of Procedure 72(a) and the objections were made in good faith. *Id.* at 5-11. The Court addresses each of Flame's motions in turn.

I.  **FBP must respond to Flame's First Set of Interrogatories and produce responsive documents to Flame's Second Request for Production of Documents, but only as to those requests specifically tailored to named Defendants in this litigation.**

In short, the Court reiterates its previous ruling from the bench on April 9, 2014:

> And the discovery, though, that is relevant in this case at this juncture is discovery that has to do with whether or not these companies [ICI, FBP, and Vista] are alter egos for each other.

> . . .

3

> It's the judgment of this Court that as president of a company, whether it's this company [FBP] or Vista, for instance, that Mr. Barankiy has control over the documents in possession of that company. And if they have them, then they have to be produced through the request that was made to Freight Bulk. Now, again, if they don't exist or if he doesn't have them, then that's the ball – I mean, that's the way it goes. That's true of anything. But the fact that he's president of this company and president of the others, in the judgment of the Court, means he has control. And if he has control, then they have to be produced . . . .

ECF No. 147 at 22, 27-28. The Court need not expand upon the previous ruling, but perhaps some clarification is needed. "Documents that relate to any ownership interest [that any named Defendant: Industrial Carriers, Inc. ("ICI"), Vista Shipping, Inc. ("Vista"), FBP, Viktor Baransky, or Sergei Baransky] holds or has held in any other business entity during the relevant time period [2008, the date from which Glory Wealth's London arbitration award is calculated, forward] must be produced," and the motion to compel is granted to that extent. *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.*, 286 F.R.D. 288, 295 (E.D. Va. 2012). "Liberal discovery is afforded to judgment creditors under Federal Rule of Civil Procedure 69(a)(2)." *Id.* at 291 (citing *ClearOne Communications, Inc. v. Chiang*, 276 F.R.D. 402, 404 (D. Mass 2011)) ("The presumption is in favor of 'full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment.'"). However, because it is also true that "discovery should not devolve into a fishing expedition," *E.I. DuPont*, 286 F.R.D. at 292, FBP is only required to respond to discovery requests that are tailored specifically to the named Defendants in this action, regardless of whether the Defendant has been served or entered an appearance.

As discussed in *E.I. DuPont* and *Steel Software Systems, Corp. v. DataQuick Information Services, Inc.*, 237 F.R.D. 561 (D. Md. 2006), an important factor to consider when ordering the production of documents from non-party entities is common control between parties to this litigation and non-party entities from which discovery is sought. *See, e.g., Steele Software*, 237

4

F.R.D. at 564 ("Common relationships between a party and its related nonparty entity are particularly important to the determination of control."). Flame has alleged sufficient specific facts to show that Viktor Baransky is at the very least, a "linchpin," or commonality, between named Defendants and numerous other non-party entities. When some commonality of control is shown, "[c]ourts are able to disregard corporate form to prevent, among other things, 'misleading actions whereby corporations try to hide documents or make discovery of them difficult.'" *Steele Software*, 237 F.R.D. at 564 (quoting *Uniden America Corp. v. Ericsson, Inc.*, 181 F.R.D. 302, 306 (M.D.N.C. 1998)). However, Flame can only seek to compel production of those documents originally requested in the Second Request for the Production of Documents, and the scope cannot be expanded through the instant motion to compel. Similarly, those requests are properly limited and directed to named Defendants in this litigation, and not non-party entities, even if commonality of control has been alleged and shown.

Accordingly, Flame's third motion to compel, ECF No. 179, is **GRANTED** as to the First Set of Interrogatories and FBP is directed to answer all propounded interrogatories. Flame's third motion to compel, ECF No. 179, is also **GRANTED** as to the following Second Requests for Production of Documents:  request numbers 1-22, 24-59, 61-64, 66, 68. FBP is directed to respond to those requests for production. The motion is **DENIED** as to request numbers 60 and 67, and FBP is not required to produce documents responsive to those requests. FBP is also directed to respond to request number 23, but only as it is limited to ICI, FBP, and Vista. Similarly, FBP is also directed to respond to request number 65, but only as it is limited to the M/V CAPE VIEWER, the attached vessel in this case.

The Court recognizes that this case is scheduled for trial on June 23, 2014. Accordingly, FBP is **ORDERED** to respond to the interrogatories and produce responsive documents no later

5

than one week from the date of this Order. The undersigned will not stay its Order, so in the event FBP elects to appeal the Order pursuant to Federal Rule of Civil Procedure 72(a), FBP is **DIRECTED** to comply with this Order in the meantime, unless it obtains a stay from the District Judge. *See, e.g., TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) ("Even though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court. As a result, an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order.") (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[A]ll orders and judgments of court must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal.")) (additional citations omitted).

II.    The Court defers ruling on Flame's notice of entry upon the vessel M/V CAPE VIEWER.

FBP will be given an additional opportunity to adequately respond to Flame's discovery requests before the Court compels FBP to allow Flame entry upon the vessel M/V CAPE VIEWER. Should FBP not adequately respond to Flame's discovery requests, the Court will entertain a subsequent request from Flame to inspect the vessel that complies with Federal Rule of Civil Procedure 34(b), including a description "with reasonable particularity [of] each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Accordingly, Flame's request for entry upon the vessel M/V Cape Viewer is **DEFFERED**, and counsel are again encouraged to resolve this issue without further intervention from the Court.

III.    FBP must produce responsive documents to Flame's Third Request for Production of Documents, but only as to those requests specifically tailored to named Defendants in this litigation.

For the reasons stated in section one of this order, Flame's fourth motion to compel, ECF

6

No. 181, is **GRANTED** as to the following Third Requests for Production of Documents: request numbers 76, 84-100, 102, 104-112. FBP is directed to respond to those requests for production. The motion is **DENIED** as to request numbers 69-75, and 77-83, and FBP is not required to produce documents responsive to those requests. FBP is also directed to respond to request number 101, but only as it is limited to FBP. Similarly, FBP is also directed to respond to request number 103, but only as it is limited to interest paid by FBP. Further, FBP is **ORDERED** to produce responsive documents no later than one week from the date of this Order. Again, as previously discussed, this Order is not stayed pending any appeal pursuant to Federal Rule of Civil Procedure 72(a), and FBP is **DIRECTED** to comply absent a stay from the District Judge.

IV.    The expert disclosure deadline will be modified.

Plaintiffs' expert disclosure as outlined in Federal Rule of Civil Procedure 26(a)(2)(B) shall be made no later than May 29, 2014. Defendants' expert disclosure pursuant to Rule 26(a)(2)(B) shall be made no later than June 5, 2014. Any rebuttal disclosure shall be made no later than June 12, 2014. Accordingly, Flame's motion to extend the expert disclosure deadline, ECF No. 188, is **GRANTED**.

To conclude, for the foregoing reasons, and with the discussed limitations, Flame's third motion to compel, ECF No. 179, is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART,** Flame's fourth motion to compel, ECF No. 181, is **GRANTED IN PART** and **DENIED IN PART,** and Flame's motion for an extension of the expert disclosure deadline, ECF No. 188, is **GRANTED.** All discovery responses must be produced within one week from the date of this Order. Flame's request for fees is **GRANTED.** The Court finds that FBP's position was not substantially justified, and that such an award is not unjust. Fed. R. Civ.

P. 37(a)(5)(A) ("If the motion is granted . . . the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Flame is **DIRECTED** to submit a motion substantiating its costs and fees pursuant to the factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009).   Once the Court reviews and determines the reasonableness of Flame's costs and fees, an appropriate order shall issue.


It is so **ORDERED**.


Lawrence R. Leonard
United States Magistrate Judge


Norfolk, Virginia
April 30, 2014