IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| FLAME S.A., | ) |
|         Plaintiff, | ) |
| GLORY WEALTH SHIPPING PTE LTD., | ) |
|         Consolidated Plaintiff, | ) |
| v. | )   Civil No. 2:13-cv-658 (RGD) (LRL) |
| INDUSTRIAL CARRIERS, INC., VISTA SHIPPING, INC., and FREIGHT BULK PTE. LTD., | ) |
|         Defendants. | ) |

**VERIFIED INTERVENING COMPLAINT
OF NOBLE CHARTERING INC**

Intervening Plaintiff, Noble Chartering Inc ("Noble"), by and through its attorneys, Willcox & Savage, P.C. and Squire Sanders (US) LLP, for its verified complaint in intervention against M/V CAPE VIEWER, ("the Vessel"), Vista Shipping Inc. ("Vista") and Freight Bulk Pte Ltd. ("Freight Bulk") (collectively "the Defendants" or "Defendant"), alleges, upon information and belief, as follows:

This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

1. Jurisdiction of this Court is proper pursuant to Article III, Section 2, Clause 1 of the Constitution of the United States, and under 28 U.S.C. § 1333(1).

2. Venue is proper in this district because the M/V CAPE VIEWER is now, or will be

during the pendency of this action, within this district and within the jurisdiction of this Honorable Court.

3. Intervening Plaintiff Noble is a British Virgin Islands corporation with its principal place of business in c/o OffShore Incorporation Limited, OffShore Incorporation Center, Road Town, British Virgin Islands.

4. Upon information and belief, Defendant Vista was and is now a business entity organized and existing under the laws of a foreign country.

5. Upon information and belief, Defendant Freight Bulk was and now is a business entity organized and existing under the laws of a Singapore and is the registered and beneficial owner of the M/V CAPE VIEWER, a vessel registered in Singapore.

6. Freight Bulk is the beneficial and/or registered owners of the M/V CAPE VIEWER which is now within the Eastern District of Virginia and under the maritime attachment of Flame, S.A. and Glory Wealth Shipping Pte LTD pursuant to orders of maritime attachment obtained by both Flame, S.A. and Glory Wealth Shipping Pte LTD in this matter.

**I.  Count I – In Rem Claim for Breach of Trip Time Charter Party Against M/V CAPE VIEWER**

7. That on or about October 17, 2013 Noble entered into a Trip Time Charter agreement with Freight Bulk and Vista through the broker IFCHOR CAPES to charter M/V CAPE VIEWER for the period commencing during the window November 5-13, 2013 under such duration as to deliver cargo being loaded at Norfolk, Virginia with the cargo bound for Rotterdam, The Netherlands (hereinafter "the Trip Time Charter"). The charter recap and charter form are attached hereto as Exhibit A and Exhibit B respectively.

8. That on or about December 21, 2012 Noble entered into a contract of affreightment with Vitol, S.A. ("Vitol") to carry one cargo of coal per quarter in 2013 from Norfolk, Virginia to various potential discharge ports, including Rotterdam, The Netherlands (hereinafter "Voyage Charter"). The charter recaps and the charter form are attached hereto as Exhibit C and Exhibit D respectively.

9. That on or about November 28, 2013 M/V CAPE VIEWER presented at D.T.A to receive a load of coal pursuant to the Trip Time Charter and the Voyage Charter and upon information and belief loading commenced at the berth until such time as the Vessel was attached under a Rule B attachment issued by this Honorable Court on behalf of Flame, S.A.

10. Coal was loaded aboard M/V CAPE VIEWER with the apparent authorization of the U.S. Marshal and this Honorable Court as communicated in a message from the vessel's agent, T. Parker Host, Inc. to Noble dated November 29, 2013 informing Noble the vessel was seized.

11. Upon information and belief, 104606.893 metric tons of coal was loaded aboard M/V CAPE VIEWER before the vessel was taken off berth and moved to anchor where it remains at this time.

12. Upon information and belief, Vitol has paid for this coal and is the title owner of the cargo at this time.

13. As a result of the Rule B attachments issued on behalf of Flame, S.A. and Glory Wealth Shipping Pte, LTD, the Vessel has remained under judicial custody and has been unable to complete the planned voyage.

14. Noble, as trip time charterer, paid hire in advance to Vista and for Freight Bulk which is at this time unearned.

15. Pursuant to Clause 18 of the Trip Time Charter, and the general maritime law, Noble has a lien on the Vessel for all monies paid in advance and not earned.

16. Subsequent to the delivery of the Vessel to Noble under the Trip Time Charter, Noble supplied to the Vessel bunkers.

17. Noble is unable to fulfill its contractual obligation to transport the cargo of coal aboard the Vessel as required by the Voyage Charter and is now maybe liable for any and all damages properly claimed by Vitol due to this breach. These damages may include any pre-paid charter hire as well as costs associated with the discharge of the cargo aboard the Vessel, the chartering of a substitute vessel to transport the cargo, and the cost of transshipping the cargo to a substitute vessel, if that becomes necessary.

18. Pursuant to Clause 42 of the Trip Time Charter and the general maritime law, Freight Bulk, as owners of the Vessel, are in breach of the Trip Time Charter and are now liable to Noble for any and all consequential expenses incurred by Noble, including those expenses due to this breach and its inability to complete the Voyage Charter with Vitol.

19. Noble desires that the Vessel complete the voyage in accordance with the Trip Charter and that the cargo be delivered in accordance with the contract. Noble commences this action to preserve its claim and obtain security for that claim.

20. Noble has a maritime lien against the Vessel for the breach of the Trip Time Charter, including but not limited to a claim for advance hire paid by Noble to Freight Bulk and

Vista but not earned and the cost of bunkers provided by Noble and consumed during the period when the Vessel is under attachment, as well as all damages asserted or will be asserted by Vitol against Noble pursuant to the Voyage Charter.

21.     Damages for breach of the Voyage Charter and Trip Time Charter are uncertain at this time and will be more fully set forth pending the disposition of the Vessel and the cargo in this dispute.

22.     The trip Time Charter and the Voyage Charter both contain arbitration clauses that provide for arbitration in London of any claims that arise under the charters. Noble specifically reserves its right to submit such claims to arbitration in London.

WHEREFORE, Intervening Plaintiff Noble Chartering Inc prays:

(a)     That process *in rem* and a warrant for the arrest in due form in accordance with the practices of this Honorable Court and causes of admiralty and maritime jurisdiction issue against the M/V CAPE VIEWER, her engines, tackle, equipment and appurtenances, etc. with notice to all persons claiming any interest therein to appear and answer this Verified Intervening Complaint;

(b)     That the claim of Noble be adjudged to be a maritime lien on the M/V CAPE VIEWER, her engines, tackle, appurtenances, etc., and that a judgment be entered in favor of Noble against M/V CAPE VIEWER, her engines, tackle appurtenances, etc. for an amount to be proven at trial with interest and costs;

(c)     That the M/V CAPE VIEWER, her engines, tackle, equipment and other appurtenances be condemned and sold to pay the judgment entered in favor of Noble; and

(d) That Noble have and recover such other further relief as justice of this cause may require.

## II. Count II – In Personam Claim for Breach of Trip Time Charter Party Against Freight Bulk

22. Noble repeats and re-alleges paragraphs 1- 21 as if they were fully set forth herein.

23. Defendant Freight Bulk has appeared specially in this case and is otherwise not found within the Eastern District of Virginia but does have assets, goods or chattels within the jurisdiction, to wit: M/V CAPE VIEWER, and receivables in connection with the Vessel's carriage of cargo.

WHEREFORE, Intervening Plaintiff Noble Chartering Inc prays:

(a) That a summons with process of attachment and garnishment may issue against the Defendant Freight Bulk, and if Freight Bulk cannot be found, then that their goods, chattels and credits within the District, and particularly the vessel M/V CAPE VIEWER and receivables in connection with its carriage of cargo may be attached in an amount sufficient to answer Nobel's claim;

(b) That Freight Bulk, and any other person claiming an interest therein, may be cited to appear and answer the matters aforesaid;

(c) That judgment be entered in favor of Noble against Freight Bulk and Vista in an amount to be determined at trial; and,

(d) That this Court grant Noble such other and further relief which it may deem as just and proper.

NOBLE CHARTERING INC

By: \_\_\_\_//s//_____
David H. Sump (VSB # 28897)
Leonard L. Fleisig (VSB#83500)
Counsel for Intervening Plaintiff Noble
Chartering, Inc.
Willcox & Savage, P.C.
440 Monticello Avenue
Suite 2200
Norfolk, VA 23513
T: (757) 628-5615
F: (757) 333-3615
dsump@wilsav.com
lfleisig@wilsav.com

-and-

SQUIRE SANDERS (US) LLP

John Reilly, Esq.
30 Rockefeller Plaza
New York, New York 10112
T: (212) 872-9800
john.reilly@squiresanders.com

Attorneys for Noble Chartering of BVI

## VERIFICATION

STATE OF NEW YORK        )

COUNTY OF NEW YORK   )

John J. Reilly, being duly sworn, deposes and says:

    I am an attorney with the firm of Squire Sanders (US) LLP, counsel for Noble Chartering Inc ("Noble"), intervening plaintiff in the foregoing action. I have read the foregoing Verified Intervening Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Noble and my firm has corresponded with Noble representatives regarding this matter. I am authorized by Noble to make this verification and the reason for my making it as opposed to an officer or director of Noble is that there are none within the jurisdiction of this Honorable Court.

_____
John J. Reilly

Sworn to before me this
4th day of April, 2014.

_____
Notary Public

KOSTADINA HATZIMICHAEL
Notary Public, State of New York
No. 01HA5041943
Qualified in Queens County
Commission Expires April 10, 2015

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Steven M. Stancliffe (VSB No. 73853)
David C. Hartnett (VSB No. 80452)
Crenshaw, Ware & Martin, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
Email: sstancliffe@cwm-law.com
*Attorney for Plaintiff, Flame S.A.*


Patrick M. Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, VA 23510
Telephone: (757) 622-0100
Facsimile: (757) 622-4924
E-Mail: pbrogan@daveybroganpc.com
*Attorney for Defendant Freight Bulk PTE, LTD*

And

Carmine Ralph Zarlenga (pro hac vice)
Adam Lawrence Hudes
Carmine Ralph Zarlenga, III
Mayer Brown LLP
1999 K St. NW
Washington, D.C. 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-5298
Email: ahudes@mayerbrown.com
Email: czarlenga@mayerbrown.com
*Attorney for Defendant Freight Bulk PTE, LTD.*

Michelle Hess (VSB No. 71080)
HOLLAND & KNIGHT, LLP
1600 Tysons Blvd., Suite 700
McLean, VA 22102
Telephone: (703) 720-8600
Facsimile: (703) 720-8610
Email: michelle.hess@hklaw.com
Attorneys for Consolidated Plaintiff Glory Wealth Shipping Pte Ltd.

James H. Power (*pro hac vice*)
HOLLAND & KNIGHT, LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
Email: james.power@hklaw.com
*Attorney for Consolidated Plaintiff Glory Wealth Shipping, PTE, Ltd.*

Sergei Kachura (pro hac vice)
Law Office of Sergei Kachura
311 N. Center Avenue
Brownwood, TX 76801
Telephone: (301) 358-5196
Facsimile: (325) 646-3628
Email: svkachura@yahoo.com
*Attorney for Defendant Freight Bulk PTE, LTD.*

Mark T. Coberly
Dustin M. Paul
Vandeventer Black LLP
101 W. Main Street
500 World Trade Center
Norfolk, VA 23510
Telephone: (757) 446-8600
Facsimile: (757) 446-8670
Email: mcoberly@vanblk.com
       dpaul@vanblk.com
*Attorneys for Vitol, S.A.*

To the best of my knowledge there are no other parties who require service by other means.

By: ___/s/_____
David H. Sump
(VSB # 28897)
Counsel for Intervening Plaintiff Noble Chartering, Inc.
Willcox & Savage, P.C.
440 Monticello Avenue
Suite 2200
Norfolk, VA 23513
T: (757) 628-5615
F: (757) 333-3615
dsump@wilsav.com