**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

FLAME S.A.,

                    Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,

                Consolidated Plaintiff,

      v.

INDUSTRIAL CARRIERS, INC.,
VISTA SHIPPING, INC., and
FREIGHT BULK PTE. LTD., and
VIKTOR BARANSKIY,

                 Defendants.

Civil Action Nos.
2:13-cv-00658-RGD-LRL
2:13-cv-00704-RGD-LRL

**PLAINTIFF FLAME S.A.'S REPLY BRIEF IN FURTHER**
**SUPPORT OF ITS SECOND MOTION FOR THE INTERLOCUTORY**
**SALE OF THE M/V CAPE VIEWER**

    Plaintiff FLAME S.A. ("Flame") respectfully submits this Reply Brief in Further Support of its Second Motion for the Interlocutory Sale of the vessel M/V CAPE VIEWER, Singapore flag; IMO #9008160; call sign 9VLV.

**DISCUSSION**

    Defendant Freight Bulk PTE. Ltd.'s ("FBP") main premise for its opposition to an interlocutory sale is that "[t]his case is proceeding rapidly to trial." (Br. 1).[1] But in fact, FBP's entire strategy to date has been delay and attrition: Delay, in the form of dilatory and obstructive responses to discovery requests, frivolous claims and pleadings, and needless and time-consuming motion practice; and attrition, in the form of mounting litigation costs and – most

_____

[1] "Br. __" refers to FBP's Opposition brief dated May 15, 2014 (D.E. # 207).

relevant for present purposes – needless and intentionally escalated *custodia legis* costs.  Indeed, based on FBP's dilatory tactics, Flame was forced to move earlier this week to continue the trial date to allow it adequate time to review and examine FBP's witnesses on the nearly 150,000 pages of documents which FBP has only just produced in response to Flame's document requests served more than three months ago.[2]  Even if Flame's motion for a continuance is denied, there is, simply put, <u>no</u> reasonable basis to assume that this matter is headed for a "quick" resolution.

FBP's contention that Flame's motion is essentially a motion for reconsideration should be rejected.  As support for its contention, FBP cites to this Court's comment on the record of the February 21, 2014 hearing in this matter that, "I'm not about to sell this ship at this time.  I'll be very frank with you."   D.E. #75 at 10:5-6.   FBP apparently contends that this comment constituted a denial of Flame's original motion for interlocutory sale, but it notably omits any reference to the Court's subsequent statement at the same hearing as follows:  "So at this time I'm just going to postpone the motion on the order to sell the ship.  I may do that."  *Id.* at 11:11-12).  Thus, the first statement obviously is not a ruling denying the motion.

FBP also omits any reference to the record of the March 6, 2014 hearing, at which the Court stated:

> I'm not about to do anything yet.  I'm not going to
> sell this vessel at this time, but I will contemplate it
> as time goes on.  I don't have enough, in my mind,
> material to definitively rule that you should sell the
> vessel.  So we'll see where we go.

D.E. #98 at 24-25:24-3.

---

[2] *See* D.E. #236.  After Flame filed four motions to compel, on April 30, 2014, the Magistrate Judge sanctioned FBP and ordered it "to produce responsive documents **no later than** one week from the date of this Order [May 7, 2014]."  D.E. #210 at 7.  Despite Judge Leonard's Order, FBP produced no documents to Flame by May 7, but has instead been producing them since that date on a periodic basis.  For instance, on May 20, 2014, FBP produced 16,585 pages to Flame, in addition to the approximately 131,000 documents that were produced the previous week.

Time has indeed "gone on."  Since those hearings, this Court has dismissed FBP's counterclaim, D.E. #229, and has denied FBP's motion to vacate the attachment, expressly holding that Flame's claims are not time barred and that Flame and Glory Wealth have created "a reasonable belief to support their respective alter ego claims."  D.E. #249.  FBP suggests that a ruling by the Fourth Circuit "could be imminent" and could result in a reversal of this Court's finding of admiralty subject matter jurisdiction over Flame's claim, (Br. 4, n.3).  But even if that were to occur, Glory Wealth's separate Rule B attachment still stands and would require that these proceedings press forward to trial.  And in the meantime, the costs incurred to maintain the M/V CAPE VIEWER under attachment since November 22, 2013 have escalated to nearly $1 million.  *See* Exs. A-C to Flame's Motion (Invoices for *custodia legis* costs incurred to date), which costs are uncontested by FBP.

FBP's contention that it is likely to suffer substantial harm from an interlocutory sale is wholly unsupported.  *See* Br. 4-5.  In particular, FBP proffers no evidence to support its suggestion that a judicial sale of the Vessel is likely to garner anything less than her market value.  In any event, FBP points to nothing that would distinguish this judicial sale from any other in this respect.  Equally, it offers no support for the contention that the fact the Vessel has cargo on board would substantially reduce her value.  To the contrary, it is just as likely that it will enhance the Vessel's value given that she has a ready first voyage lined up immediately upon consummating the sale.  In any event, it was FBP's decision to allow the vessel to load coal after she was arrested, and it cannot be heard to complain now that that decision might have turned out badly.  And if it is really interested in preserving the value of its vessel, FBP need only post suitable alternate security and she could sail tomorrow.

Turning to the conditions of Rule E(9), Flame's moving papers clearly demonstrate that all three available grounds for interlocutory sale – (1) deteriorating property, (2) excessive or disproportionate expense, or (3) unreasonable delay – have been met.  Even FBP candidly acknowledges that Flame need only establish one such criteria to justify a sale.  (Br. 2).  FBP backs away from the plain meaning of its admission that the Vessel is "wasting in the harbor" while sitting under attachment, D.E. #203-1 at 2, but the true meaning of that statement is clear enough.  And more importantly, it can hardly be disputed that a Vessel is not like wine – it does not improve with age.  To the contrary, a vessel is comprised largely of steel and mechanical and electronic equipment, in a marine environment, that requires constant maintenance and attention and which clearly degrades over time.  FBP protests that it has been the one to bear these maintenance and crew costs to date, but FBP has already tried once to recover crew costs as *custodia legis* expenses, D.E. # 59, so unless it is prepared to foreswear any further claim for reimbursement of such costs going forward, its arguments in this respect must be rejected.

As to the second prong, even excluding the crew's wages the costs incurred to date already are approaching 10% of the value of the asset, and costs continue to accrue at the approximate rate of $5,000-$6,000 per day.  FBP makes no attempt to distinguish the cases cited at page 5 of Flame's main brief which found similar costs excessive and justifying an interlocutory sale.

And as to the third prong, the Vessel has already been under attachment for over six months.  FBP has made no suggestion that it cannot post alternate security; it merely has made the tactical decision not to do so.  FBP's reliance on *Ythan Ltd. v. Primetrade AG*, 2005 WL 1431680 (E.D. La. 2005), is surprising given that the court in that case specifically found support for the interlocutory sale in the fact that "[a]lthough Primetrade indicated early on that it would

post security in order to obtain the release of its cargo, nearly eight months have elapsed since the initial seizure yet Primetrade has taken no steps to release the cargo." So too, here, FBP gave early indications that it would post security to release the Vessel; however, six months later no security has materialized, and FBP has given no indication whatsoever that it has any intention of posting security.

Finally, FBP protests that any interlocutory sale "so close to trial" would be improper because of the time involved between the order directing sale and the actual event. (Br. 3). FBP is correct on one point:  a sale cannot occur overnight.  This fact, however, only counsels in favor of starting the process as quickly as possible.  If, as matters develop, the Court determines that circumstances have changed such that a sale is no longer warranted, then it can "pull the plug" before the sale occurs.  Each day that the Vessel remains under attachment, however, it is consuming value from Flame's attachment.  As it is, Flame's judgment far exceeds the fair market value of the Vessel, so any prejudice in needlessly diminishing the value of the attached property will consequently accrue solely to Flame.

## CONCLUSION

The Court should Order the interlocutory sale of the M/V CAPE VIEWER under Supplemental Admiralty Rule E(9)(a) and should grant Flame such other and further relief as it deems just and equitable.

Counsel requests expedited oral argument on this Motion.

This 21st day of May 2014.

FLAME S.A.


_____/s/ David C. Hartnett_____
Steven M. Stancliff, VSB No. 73853
David C. Hartnett, VSB No. 80452
*Attorneys for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel:  (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com
dhartnett@cwm-law.com

William R. Bennett, III, Esquire
Lauren B. Wilgus, Esquire
Nicholas R. Tambone, Esquire
*Attorneys for Plaintiff Flame S.A.*
*Admitted Pro Hac Vice*
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
Tel:  (212) 885-5000
Fax: (212) 885-5001
WBennett@BlankRome.com
LWilgus@BlankRome.com
NTambone@BlankRome.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such electronic filing to the following counsel of record:

Patrick M. Brogan
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Tel: (757) 622-0100
Fax: (757) 622-4924
Email: pbrogan@daveybroganpc.com
Attorney for Defendant Freight Bulk PTE, LTD.

Carmine Ralph Zarlenga (pro hac vice)
Adam Lawrence Hudes (pro hac vice)
Sean Patrick McDonnell (pro hac vice)
Marcus A. Christian (pro hac vice)
Reginald R. Goeke (pro hac vice)
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
Tel: (202) 263-3000
Fax: (202) 263-5227
Email: czarlenga@mayerbrown.com
        ahudes@mayerbrown.com
        smcdonnell@mayerbrown.com
        mchristian@mayerbrown.com
        rgoeke@mayerbrown.com
Attorneys for Defendant Freight Bulk PTE, LTD.

Sergei Kachura (pro hac vice)
Law Office of Sergei Kachura
311 N. Center Ave.
Brownwood, TX 76801
Tel: (301) 358-5196
Fax: (325) 646-3628
Email: svkachura@yahoo.com
Attorney for Defendant Freight Bulk PTE, LTD.

James H. Power (pro hac vice)
Michelle Hess (VSB No. 71080)
HOLLAND & KNIGHT, LLP
31 West 52nd Street,
New York, NY 10019
Tel: (212)513-3200
Fax: (212)385-9010
Email: James.power@hklaw.com
        michelle.hess@hklaw.com
Attorneys for Consolidated Plaintiff
Glory Wealth Shipping Pte Ltd.

David H. Sump
Leonard Fleisig
WILCOX SAVAGE, P.C.
440 Monticello Ave; Suite 2200
Norfolk, VA 23510
Email: dsump@wilsav.com
        lfleisig@wilsav.com
Attorneys for Noble Chartering, Inc.

Paul Myung Han Kim
John Joseph Reilly
SQUIRES SANDERS (US), LLP
30 Rockefeller Plaza; 23rd Floor
New York, NY 10112
Tel: (212) 872-9841
Fax: (212) 872-9815
Email: paul.kim@squiresanders.com
        John.reilly@squiresanders.com
Attorneys for Noble Chartering, Inc.

Mark T. Coberly
Dustin M. Paul
VANDEVENTER BLACK LLP
101 W. Main Street
500 World Trade Center
Norfolk, VA 23510
Tel: (757) 446-8600
Fax: (757) 446-8670
Email: mcoberly@vanblk.com
        dpaul@vanblk.com
Attorneys for Vitol, S.A.

Michael E. Unger (pro hac vice)
Freehill, Hogan & Mahar LLP
80 Pine Street, New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1900
Email: unger@freehill.com
Attorney for Vitol, S.A.

_____/s/ David C. Hartnett_____
Steven M. Stancliff, VSB No. 73853
David C. Hartnett, VSB No. 80452
*Attorneys for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel:  (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com
dhartnett@cwm-law.com