IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FLAME S.A.,

    Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,

    Consolidated Plaintiff,

v.                                                      CIVIL ACTION NO. 2:13-cv-658

INDUSTRIAL CARRIERS, INC., et al.,

    Defendants.

## ORDER

On May 7, 2014, Plaintiff Flame S.A. ("Flame") filed a motion to quash or stay subpoenas that Defendant Freight Bulk Pte Ltd. ("FBP") served on various non-party entities, ECF No. 221, and a memorandum of law in support, ECF No. 222. FBP never filed a response. FBP's response was due by May 22, 2014, and thus the time to file a response has expired. Accordingly, the motion to quash is treated as uncontested. *See* E.D. Va. Local Civil Rule 7(F) ("Unless otherwise directed by the Court, the opposing party *shall* file a responsive brief . . . .") (emphasis added); *see also* ECF No. 56 at 4, ¶ 9(b) ("Rule 16(b) Order") ("Counsel *must* file a brief in support of their motion or a response to a motion as required by Local Civil Rule 7(F).") (emphasis added). However, "[a] motion is not granted simply because it is uncontested. The trial court must always make an independent determination that the motion is meritorious." *Fleming v. Apollo Motor Homes, Inc.*, 87 F.R.D. 408, 409 n.1 (M.D.N.C. 1980) (citation omitted). Because Flame lacks standing to quash FBP's subpoenas to non-party entities, and in the alternative because Flame did not certify its good faith effort to confer with FBP before filing

the motion, the motion to quash the subpoenas to non-party entities, ECF No. 221, is **DENIED**.[1]

"Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 239 (E.D. Va. 2012) (quoting *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005); *see also Green v. Sauder Mouldings, Inc.*, 223 F.R.D. 304, 306 (E.D. Va. 2004)). Flame asks the Court to quash the subpoenas FBP served on ten non-party entities: Google, Inc., Yahoo! Inc., Microsoft Corporation, Med Brokerage & Management Corp., Stewart Alexander & Company, Inc., Bulkchem Chartering Corp., Simpson, Spence & Young, Peraco Chartering (USA), LLC, New York Shipbrokers, and Jebsens International (USA), Inc. ECF No. 222 at 1. Generally, Flame argues that the subpoenas should be quashed as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* at 3-6. Flame also argues the documents sought are irrelevant to the allegations in FBP's counterclaims.[2] *Id.* at 6. However, Flame does not argue that it has "some personal right or privilege in the information sought by the subpoena." *Singletary*, 289 F.R.D. at 239. Moreover, nowhere in its motion, or in its memorandum of support, does Flame cite to the relevant provision of the Federal Rules of Civil Procedure where a district court is given authority to quash a subpoena.[3] Regardless, Flame's motion to quash the subpoenas, ECF No. 221, is **DENIED** because it lacks standing as required under Rule 45.

---

[1] Flame did not request a hearing on the motion to quash and the Court denies the motion without a hearing. E.D. Va. Local Civil Rule 7(J) (citing Fed. R. Civ. P. 78).

[2] Since the motion to quash was filed, on May 12, 2014, the Senior District Judge granted Flame's motion to dismiss or strike FBP's counterclaims. ECF Nos. 229, 257.

[3] Of course, this authority is found in Federal Rule of Procedure 45(d)(3), and that provision outlines in detail the circumstances where a court must quash a subpoena, Fed. R. Civ. P. 45(d)(3)(A), and those circumstances where a court is permitted to quash a subpoena, but is not required to do so, Fed. R. Civ. P. 45(d)(3)(B).

The Court's analysis does not end there, however, because instead of citing Rule 45 as authority to quash the subpoenas, Flame cites Federal Rule of Civil Procedure 26(b)(1), which discusses the general scope of discovery. ECF No. 222 at 5-6 (citing case law that discusses the general relevance requirements of discovery requests). As such, Flame's motion to quash, on its face, is rather unclear. Perhaps Flame wants the Court to infer that it is requesting a protective order pursuant to Federal Rule of Civil Procedure 26(c). But nowhere in its papers does Flame explicitly ask for a protective order. Rather, as requested relief, Flame continually asks the Court to "quash the subpoenas," or in the alternative, to stay any obligations of the non-entity parties until after the Court rules on Flame's pending motion to dismiss or strike FBP's counterclaims.

This Court has previously acknowledged that parties "have standing to challenge subpoenas duces tecum as irrelevant and overbroad under Rule 26, regardless of whether they have standing to bring a motion to quash under Rule 45." *Singletary*, 389 F.R.D. at 240 n.2 (citations omitted). This is typically true when courts liberally construe the party's motion to quash as a motion for a protective order, because the party discusses, or at least bases its motion in part on, Rule 26. *See Sirpal v. Wang*, No. WDQ-12-0365, 2012 WL 2880565 at *4 n.12 (D. Md. July 12, 2012) ("Further, the Court could construe the motion as one for a protective order . . ."); *see also Wash. v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) ("The Court therefore deems defendant's motions to quash as, in the alternative, motions for a protective order . . ."). Accordingly, even though Flame is represented by counsel and repeatedly asks this Court to quash the subpoenas at issue instead of asking for a protective order, *see* ECF No. 222 at 1 ("respectfully submits this Memorandum of Law in Support of Motion to Quash or Stay Subpoenas Served"), at 2 ("the Court should quash the Subpoenas or, in the alternative, stay any production"), at 7 ("Freight Bulk's Subpoenas should be quashed."), the Court will construe the

motion as a request for a protective order under 26(c). However, even under Rule 26, the motion must still be denied.

"A party or any person from who discovery is sought may move for a protective order in the court where the action is pending . . . . The motion *must* include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1) (emphasis added). In addition to not explicitly requesting a protective order, Flame failed to certify that it attempted to confer in good faith with FBP before filing this motion. Accordingly, even if the Court liberally construed the motion to quash the subpoenas as a motion for a protective order, the requirements of Rule 26 have not been met. Therefore, the motion is denied.

To conclude, Flame has not made the requisite showing of standing to quash the subpoenas under Rule 45, and in the alternative, Flame fails to meet the requirements of Rule 26 for the Court to issue a protective order. Thus, the motion to quash, ECF No. 221, is **DENIED**.

It is so **ORDERED**.

/s/
Lawrence R. Leonard
United States Magistrate Judge

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 29, 2014

4