IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| FLAME S.A., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:13-cv-658 (RGD) (LRL) |
| | ) | |
| GLORY WEALTH SHIPPING PTE LTD., | ) | |
| | ) | |
| Consolidated Plaintiff, | ) | |
| | ) | |
| NOBLE CHARTERING, INC., | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| INDUSTRIAL CARRIERS, INC., | ) | |
| VISTA SHIPPING, INC., and | ) | |
| FREIGHT BULK PTE. LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT OF CLAIMS**
**OF NOBLE CHARTERING, INC.**

Intervening Plaintiff Noble Chartering, Inc. ("Noble"), by and through its attorneys, respectfully submits its statement of claims pursuant to the June 3, 2014 Order directing Noble to list the damages it claims it has suffered and may suffer up to and through the date of trial due to the arrest and attachment of the M/V CAPE VIEWER. (Docket No. 271).

In the event that the M/V CAPE VIEWER does not complete its voyage, Noble will have a claim under its trip time charter with Defendants for (1) the advanced hire paid by Noble in the amount of $758,991.72, (2) the cost for loading cargo aboard the vessel in the amount of $140,866.00, (3) the cost of bunkers supplied to the vessel in the approximate amount of $736,541.75, and (4) Noble's loss of potential freight income of $1,160,520.00, and may suffer damages under its voyage charter with Vitol, S.A. ("Vitol") relating to (5) an amount to secure

the value of the cargo of coal in the approximate amount of $8M USD, (6) penalties under the Jones Act 46 U.S.C. § 55102, *et. seq.*, in an amount up to the equivalent of the value of the cargo if the cargo is required to be discharged at a port within the United States, (7) cargo discharge and/or transshipment costs estimated between $500,000.00 to $750,000.00, and/or (8) any commercial loss suffered by Vitol on its sale transaction, which Noble currently estimates may be in an amount of twenty percent or more of the value of the coal.

1. On May 12, 2014, an Order was entered permitting Noble to enter the case for the limited purpose of preserving its right to assert a maritime lien and an *in rem* claim and a *quasi in rem* claim against the M/V CAPE VIEWER in the event of a judicial sale resulting from this litigation.

2. On October 17, 2013, Noble trip time chartered ("Trip Time Charter") the M/V CAPE VIEWER from the owners of the vessel through their agent Defendant Vista Shipping, Inc. The Trip Time Charter was in effect at the time the M/V CAPE VIEWER presented itself for loading at Norfolk, Virginia on or about November 28, 2013 and continues to be in effect during this period of judicial custody. Noble directed the M/V CAPE VIEWER to Norfolk pursuant to a Contract of Affreightment with Vitol dated December 21, 2012 ("Voyage Charter").

3. Obligations under the Trip Time Charter are secured by a maritime lien on the M/V CAPE VIEWER. Clause 18 of the Trip Time Charter provides that ". . . Charterers to have a lien on the Ship for all monies paid in advance and not earned, and any overpaid hire or excess deposit to be returned at once."

4. Noble has incurred total costs of approximately $1,636,399.47 for the voyage prior to the vessel's arrest. Noble has paid hire in the amount of $758,991.72, the benefit of which is unearned at this time due to the arrest. Noble has additionally supplied 320.935 metric

tons of LSFO, 800.85 metric tons of HSFO and 60.058 metric tons of LSMGO bunkers to the vessel in the amount of $736,541.75. Noble has paid $140,866.00 for the loading of the coal at Norfolk. If the Trip Time Charter is terminated before completion of the voyage, a final hire or claim statement will set forth the accounting of the fully liquidated amount claimed by Noble.

5. In addition Noble has lost potential freight income of $1,160,520.00 which would have been due from Vitol.

6. Noble is currently unable to fulfill its obligations under the Voyage Charter to transport the cargo aboard the M/V CAPE VIEWER and may have a claim for approximately $8M USD to secure the value of the cargo. Pursuant to the Voyage Charter, the vessel was to load approximately 127,000 metric tons of coal for delivery to Rotterdam, The Netherlands. Upon information and belief 104,606.893 metric tons of coal were loaded before the vessel was taken off berth and moved to anchor. Vitol has paid for the cargo in full and is the owner of and holds title to the cargo at this time. (Docket No. 161-1, ¶ 9).

7. Noble's unliquidated damages may include indemnity for approximately $8M USD in damages claimed by Vitol under a breach of the Voyage Charter. Vitol has asserted that its damages may include: (1) deterioration of the calorific content of the coal during the period of attachment; (2) loss resulting from a difference in the market price and contract price for the sale of the coal; (3) lost profit on the approximately 21,322 tons of coal that were not loaded; (4) interest on the funds used to purchase the coal; (5) increased freight for any substitute carriage; (6) any discharge, reloading, and/or transshipment costs, and; (8) potential fines under the Jones Act, 46 U.S.C. § 55102, *et. seq.* (Docket No. 161-1, ¶ 27).

8. Vitol has alleged that it is unable to discharge the cargo in the United States without the imposition of customs fines unless the cargo is discharged at the DTA terminal

where it was loaded. Because the DTA terminal has no facilities for discharging coal, Vitol claims that it may incur severe penalties under the Jones Act, which fines may be equivalent to the value of the cargo. (Docket No. 140, ¶¶ 19, 21, 22). Upon information and belief the cost for any discharge and/or transshipment of the coal is estimated to be $500,000.00 to $750,000.00.

9. Noble's unliquidated damages may also include indemnity for liability incurred to Vitol for commercial loss that could be suffered by Vitol on the sale transaction. Although no claim has yet been asserted, Noble submits that approximately twenty percent (20%) of the value of the coal could be considered a reasonable reserve for a potential claim. Vitol contracted to sell the coal from Norfolk to buyers in Europe based on the calorific measure of each load as of the date of loading, with delivery to take place during December 2013. (Docket No. 161-1, ¶ 9). Vitol has alleged that the calorific content of the coal onboard the Vessel is deteriorating at the rate of approximately 1% per month. (Docket No. 161-1, ¶ 24). Vitol also alleges that the market price of coal has declined since the Vessel was loaded with the cargo in November 2013. (Docket No. 161-1, ¶ 25).

WHEREFORE, Noble respectfully submits its statement of claims pursuant to the June 3, 2014 Order directing Noble to list the damages it claims it has suffered and may suffer due to the arrest and attachment of the M/V CAPE VIEWER. Noble respectfully reserves the right to modify or supplement its statement of claims in the event of a change in circumstances.

Dated: June 17, 2014  
Norfolk, Virginia

        NOBLE CHARTERING, INC.

By: /s/_____  
Leonard L. Fleisig (VSB # 83500)  
Counsel for Intervening Plaintiff Noble Chartering, Inc.  
David H. Sump (VSB # 28897)  
Willcox & Savage, P.C.  
440 Monticello Avenue, Suite 2200  
Norfolk, Virginia 23513  
T: (757) 628-5500  
F: (757) 628-5566  
lfleisig@wilsav.com  
dsump@wilsav.com

-and-

SQUIRE PATTON BOGGS (US) LLP  
John Reilly, Esq.  
(*Admitted pro hac vice*)  
30 Rockefeller Plaza  
New York, New York 10112  
T: (212) 872-9800  
john.reilly@squirepb.com

Attorneys for Noble Chartering, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2014, I caused the foregoing STATEMENT OF CLAIMS OF NOBLE CHARTERING, INC. to be electronically filed with the Clerk of the Court using the CM/ECF system, which in turn will provide electronic notification of and access to such filing to the counsel of record in this matter who are registered on the CM/ECF system.

To the best of my knowledge, there are no other parties who require service by other means.

/s/_____
Leonard L. Fleisig (VSB # 83500)
Counsel for Intervening Plaintiff Noble Chartering, Inc.
David H. Sump (VSB # 28897)
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23513
T: (757) 628-5500
F: (757) 628-5566
lfleisig@wilsav.com
dsump@wilsav.com

1:\26863\NEW YORK

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2014, I caused the foregoing STATEMENT OF CLAIMS OF NOBLE CHARTERING, INC. to be electronically filed with the Clerk of the Court using the CM/ECF system, which in turn will provide electronic notification of and access to such filing to the counsel of record in this matter who are registered on the CM/ECF system.

To the best of my knowledge, there are no other parties who require service by other means.

/s/_____
Leonard L. Fleisig (VSB # 83500)
Counsel for Intervening Plaintiff Noble Chartering, Inc.
David H. Sump (VSB # 28897)
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23513
T: (757) 628-5500
F: (757) 628-5566
lfleisig@wilsav.com
dsump@wilsav.com