IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION


FLAME S.A.,

      **Plaintiff,**

GLORY WEALTH SHIPPING PTE LTD.,

      **Consolidated Plaintiff,**                **CIVIL NO. 2:13-cv-658**


NOBLE CHARTERING, INC.,

      **Intervening Plaintiff**

      **v.**

INDUSTRIAL CARRIERS, INC., VISTA
SHIPPING, INC., and FREIGHT BULK
PTE. LTD.,

      **Defendants.**


## OPINION & ORDER

    This matter comes before the Court upon Flame S.A.'s ("Flame") Motion to Strike Freight Bulk PTE Ltd's ("FBP") Affirmative Defenses. ECF No. 275. In the course of their briefings on this matter, FBP has withdrawn its fourth and fifth affirmative defenses and Flame has withdrawn its objection to FBP's second affirmative defense. So the Court is left to decide whether to strike FBP's first, third, sixth, seventh, and eighth affirmative defenses. Pursuant to Local Civil Rule 7(J) and Federal Rule of Civil Procedure 78(b), the Court reviews the motion on its papers and, for the reasons herein, **GRANTS IN PART** and **DENIES IN PART** Flame's Motion without oral argument.

## I.      PROCEDURAL HISTORY

Succinctly put, the parties' positions are as follows. Flame asks the Court to strike FBP's affirmative defenses because they are either insufficiently pled or were previously rejected by the Court. In making its Motion, Flame argues that the heightened Twombly/Iqbal standard applies to affirmative defenses. In the alternative to striking any insufficiently pled defenses, Flame asks the Court to require FBP to amend its Answer. FBP responds that it seeks to preserve its right for appeal and that the Twombly/Iqbal standard's application to affirmative defenses is an open question which should be rejected.

## II.     LEGAL STANDARD

Rule 12(f) allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The Court views the pled affirmative defenses in the light most favorable to the pleader. Francisco, 2011 WL 98573, at *5 (citing in Clark v. Milam, 152 F.R.D. 66, 71 (S.D. W.Va. 1993)). "To grant a Rule 12(f) motion, the court must determine that the challenged allegations are 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" GTSI Corp. v. Wildflower Int'l, Inc., 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)). "A plaintiff may demonstrate prejudice if the answer unclearly articulates to which claims the affirmative defenses apply." Francisco, 2010 WL 2990159, at *5 (citing Westbrook v. Paragon Sys., Inc., 2007 WL 7715075 (S.D. Ala. Nov. 29, 2007) (disapproving of "shotgun pleading of affirmative defenses" when they fail to distinguish among multiple claims presented in a complaint)).

"Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a

2

pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). "Traditionally, [Rule 12(f)] imposes a sizable burden on the movant, and courts typically strike defenses only when they have no possible relation to the controversy. Lopez v. Asmar's Mediterranean Food, Inc., 2011 WL 98573, at *1 (E.D. Va. Jan.10, 2011) (internal quotations omitted). However, "whenever granted, the defendant should generally be given leave to amend." Palmer v. Oakland Farms, Inc., 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010).

The Fourth Circuit has not addressed the question. As a result, there is substantial difference in the Circuit's constituent district courts, see e.g., Barrett v. Americast, Inc., 2014 WL 1689737 (N.D. W. Va. Apr. 29, 2014) (gathering cases), and in the Eastern District of Virginia in particular, see Francisco v. Verizon S., Inc., 2010 WL 2990159 (E.D. Va. July 29, 2010) (applying the Twombly/Iqbal pleading standard to affirmative defenses); but see Grant v. Bank of Am., N.A., 2014 WL 792119 (E.D. Va. Feb. 25, 2014) (declining to do the same); Lopez v. Asmar's Mediterranean Food, Inc., 2011 WL 98573 (E.D. Va. Jan. 10, 2011) (same), regarding Twombly/Iqbal and their application to affirmative defenses. Having reviewed the law, the Court agrees that Twombly/Iqbal do not apply to the pleading of affirmative defenses.

Federal Rule of Civil Procedure 8(b)(1)(A) provides that "a party must . . . state in short and plain terms its defenses to each claim asserted against it." The Court is bound to apply the Federal Rules of Civil Procedure as written, Lopez, 2011 WL 98573, at *2 (citing United States v. Carey, 120 F.3d 509, 512 (4th Cir. 1997)), and Rule 8(b)(1)(A) and Rule 8(a)(2) are not the same. While both rules require "short and plain" wording, Rule 8(a)(2), which governs complaints and which Twombly/Iqbal interpreted, also requires that a party's claim "show[] that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). "Prior to the Supreme Court's decisions in

Twombly and Iqbal, the United States Court of Appeals for the Fourth Circuit held that general statements of affirmative defenses were sufficient provided they gave plaintiffs fair notice of the defense." Grant, 2014 WL 792119, at *3 (citing Francisco, 2010 WL 2990159, at *6). Given the plain differences in Rule 8's language, Twombly/Iqbal's interpretation of Rule 8(a) and not Rule 8(b), and the Fourth Circuit's earlier rulings on the issue, the Court applies the pre-Twombly/Iqbal standard and examines "whether the challenged defense are contextually comprehensible," Grant, 2014 WL 792119, at *4, and possibly related to the controversy, Lopez, 2011 WL 98573, at *1.

## III.   APPLICATION

Three of FBP's remaining affirmative defenses meet this standard; two do not. FBP's first, third, and eighth affirmative defenses provide Flame with "fair notice of the nature of the defense," Clem v. Corbeau, 98 F. App'x 197, 203 (4th Cir. 2004), and do not prejudice Flame because it is clear to which claims the affirmative defenses apply. Francisco, 2010 WL 2990159, at *5. Contextually, all parties know to which claims the first ("Plaintiff's Complaint fails to state a maritime cause of action for which relief can be granted pursuant to Supplemental Rule B and thus the Amended Verified Complaint should be dismissed") and third ("Plaintiff's claim is time-barred pursuant to applicable limitation of action provisions, whether by treaty, statute, law or equity, including laches.") affirmative defenses apply because of the extensive briefing and attention each has received. Ignoring this history would surely be missing the forest for the trees. That the Court has already rejected these arguments in earlier orders and opinions does not prevent FBP from pleading these as defenses. As FBP has argued, it does so merely to preserve the defenses on appeal. The Court has yet to consider FBP's eighth affirmative defense ("Plaintiff Flame's damages must be reduced to the extent of any accord and satisfaction or recovery it has already obtained with respect to the alleged judgment on which it sues."), but its

4

meaning is clear, especially in the context of an action to enforce a judgment.

The remaining affirmative defenses that have not been withdrawn, however, do not meet the standard and must be struck. Although FBP has provided more context and clues to its defenses in its Response to Flame's Motion to Strike, its sixth ("Plaintiff Flame failed to mitigate damages.") and seventh ("Plaintiff Flame is barred from any equitable remedies due to its unclean hands.") affirmative defenses are threadbare and provide neither "fair notice of the nature of the defense," Clem, 98 Fed. App'x at 203, nor clarity as to which claims the defenses apply, Francisco, 2010 WL 2990159, at *5. The Court therefore strikes these defenses. However, in light of the general practice to grant leave to amend when a motion to strike is granted, Palmer, 2010 WL 2605179, at *2, the Court will permit FBP to amend these deficient affirmative defenses.

## IV.   CONCLUSION

For the reasons above, the Court: 1) **DENIES IN PART** Flame's Motion and does not strike FBP's first, third, and eighth affirmative defenses; 2) **GRANTS IN PART** Flame's Motion and **STRIKES** FBP's sixth and seventh affirmative defenses; and 3) **PROVIDES** FBP **LEAVE TO AMEND** the stricken affirmative defenses. With trial fast approaching, FBP has until noon on Monday, June 30, 2014 to amend these stricken affirmative defenses to meet the standard articulated herein.

The Clerk is **DIRECTED** to forward a copy of this Opinion & Order to all Counsel of Record.

**IT IS SO ORDERED.**

Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
June 24, 2014