**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| FLAME S.A., <br><br>    Plaintiff, <br><br> GLORY WEALTH SHIPPING PTE LTD., <br><br>    Consolidated Plaintiff, <br><br>  v. <br><br> INDUSTRIAL CARRIERS, INC., <br> VISTA SHIPPING, INC., and <br> FREIGHT BULK PTE. LTD., and <br> VIKTOR BARANSKIY, <br><br>    Defendants. | Civil Action Nos. <br> 2:13-cv-00658-RGD-LRL <br> 2:13-cv-00704-RGD-LRL |

**PLAINTIFF FLAME S.A.'S BRIEF IN OPPOSITION
TO CHALOS & CO.'S MOTION TO QUASH OR LIMIT SUBPOENA**

Plaintiff FLAME S.A. ("Flame"), by counsel, opposes Chalos & Co., P.C..'s "letter motion" seeking to quash or modify the subpoena served on it June 6, 2014, and asks the Court to deny the motion and order Chalos & Co. to immediately produce the requested documents.

**BACKGROUND**

On June 6, 2014, counsel for Flame delivered a copy of a subpoena to non-party Chalos & Co., P.C. *See* Exhibit A. Mr. George Chalos acknowledged his acceptance of service that same day. *See* Exhibit B (e-mail confirming receipt of the subpoena). The deadline to produce the requested documents was June 16, 2014. But based on Mr. Chalos' representations that he would be abroad until June 14, 2014, Flame did not object to Chalos & Co.'s request for several days' additional time to review and respond to the subpoena. *See id.*

Rather than produce the requested documents, Chalos & Co. faxed a "letter motion" to this Court on June 19, 2014, asking it, "in an abundance of caution," to quash or modify the subpoena to the extent any of the requested information and documents may fall under the attorney-client privilege.[1] But as the case law cited in the motion explains, none of the requested information falls under the attorney-client privilege. The subpoenas do not seek confidential information regarding any legal advice that Chalos & Co. may have given ICI. Indeed, the subpoena specifically calls for Chalos & Co. to redact privileged materials.

## ARGUMENT

Chalos & Co.'s own submission fully acknowledges that client identity and fee-arrangement information is not ordinarily privileged, and the cases it cites fully confirm this position. *See* Letter Motion at 2. In *Chaudry v. Gallerizzo*, the lone Fourth Circuit case cited by Chalos & Co, the court explained how, "[t]ypically, the attorney-client privilege does not extend to billing records and expense reports." 174 F.3d 394, 402 (citing *In re Grand Jury Proceedings*, 33 F.3d 342, 353 (4th Cir. 1994)). Even if parts of a billing record are privileged, the only portions protected from disclosure are statements which may reveal something about the legal advice sought or given:

> The identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege.

*Id.* (quoting *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).

---

[1] Chalos & Co. consented to this Court's jurisdiction by filing the letter motion in this District instead of New York, where compliance otherwise would be required under Rule 45 since the firm is located in Oyster Bay, New York. *See* Rule 45(f) (permitting a motion to quash to be heard by the issuing court "if the person subject to the subpoena consents").

2

Flame's subpoena was entirely mindful of the privilege considerations applicable in this context, and its subpoena was narrowly tailored to avoid requesting any documents or records that may be subject to the attorney-client privilege. Specifically, the subpoena requests the following four categories of records:

1. Documents identifying the name(s) of the party(ies) who retained you to represent Industrial Carriers, Inc. at any time during the period of January 1, 2008 through the present, including, but not limited to docket 1:10-cv-9557-LAK.
2. Documents identifying the name(s) of the party(ies) who paid you to represent Industrial Carriers, Inc. at any time during the period of January 1, 2008 through the present, including, but not limited to docket 1:10-cv-9557-LAK.
3. All billing records, subject to redaction for privilege, you issued with respect to your representation of industrial carriers Inc. at any time during the period of January 1, 2008 through the present, including, but not limited to docket 1:10-cv-9557-LAK.
4. Documents sufficient to show the bank name, date, time, originating account number, and pay your name for all payments sent to you for your services in the representation of Industrial Carriers, Inc. at any time during the period of January 1, 2008 through the present, including, but not limited to docket 1:10-cv-9557-LAK.

The only one of these requests that could possibly call for the production of privileged information is request 3, and Flame specifically acknowledged in its subpoena that invoices may be redacted to the extent any privilege is implicated. The motion should therefore be denied.

## CONCLUSION

In view of the foregoing, there is no basis to quash or limit the subpoena, and Chalos & Co. should be directed to comply with it forthwith, and this Court should grant Flame such other and further relief as it deems just and equitable.

This 24th day of June, 2014.

**FLAME S.A.**

*/s/ Steven M. Stancliff*
Steven M. Stancliff, VSB No. 73853
David C. Hartnett, VSB No. 80452
*Attorneys for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel: (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com
dhartnett@cwm-law.com

- and -

William R. Bennett, III, Esquire
Lauren B. Wilgus, Esquire
Nicholas R. Tambone, Esquire
*Attorneys for Plaintiff Flame S.A.*
*Admitted Pro Hac Vice*
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: (212) 885-5000
Fax: (212) 885-5001
WBennett@BlankRome.com
LWilgus@BlankRome.com
NTambone@BlankRome.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 24th day of June, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such electronic filing to the following counsel of record:

| | |
|---|---|
| Patrick M. Brogan<br>DAVEY & BROGAN, P.C.<br>101 Granby Street, Suite 300<br>Norfolk, Virginia 23510<br>Tel: (757) 622-0100<br>Fax: (757) 622-4924<br>Email: pbrogan@daveybroganpc.com<br>*Attorney for Defendant Freight Bulk PTE, LTD.* | Mark T. Coberly<br>Dustin M. Paul<br>VANDEVENTER BLACK LLP<br>101 W. Main Street<br>500 World Trade Center<br>Norfolk, VA 23510<br>Tel: (757) 446-8600<br>Fax: (757) 446-8670<br>Email: mcoberly@vanblk.com<br>   dpaul@vanblk.com<br>*Attorneys for Vitol, S.A.* |
| Sergei Kachura (pro hac vice)<br>Law Office of Sergei Kachura<br>311 N. Center Ave.<br>Brownwood, TX 76801<br>Tel: (301) 358-5196<br>Fax: (325) 646-3628<br>Email: svkachura@yahoo.com<br>*Attorney for Defendant Freight Bulk PTE, LTD.* | James H. Power (pro hac vice)<br>Michelle Hess (VSB No. 71080)<br>HOLLAND & KNIGHT, LLP<br>31 West 52nd Street,<br>New York, NY 10019<br>Tel: (212)513-3200<br>Fax: (212)385-9010<br>Email: James.power@hklaw.com<br>   michelle.hess@hklaw.com<br>*Attorneys for Consolidated Plaintiff Glory Wealth Shipping Pte Ltd.* |
| David H. Sump<br>Leonard Fleisig<br>WILCOX SAVAGE, P.C.<br>440 Monticello Ave; Suite 2200<br>Norfolk, VA 23510<br>Email: dsump@wilsav.com<br>   lfleisig@wilsav.com<br>*Attorneys for Noble Chartering, Inc.* | Paul Myung Han Kim<br>John Joseph Reilly<br>SQUIRES SANDERS (US), LLP<br>30 Rockefeller Plaza; 23rd Floor<br>New York, NY 10112<br>Tel: (212) 872-9841<br>Fax: (212) 872-9815<br>Email: paul.kim@squiresanders.com<br>   John.reilly@squiresanders.com<br>*Attorneys for Noble Chartering, Inc.* |

        Michael E. Unger (pro hac vice)
Freehill, Hogan & Mahar LLP
80 Pine Street, New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1900
Email: unger@freehill.com
*Attorney for Vitol, S.A.*


    */s/ Steven M. Stancliff*
Steven M. Stancliff, VSB No. 73853
David C. Hartnett, VSB No. 80452
*Attorneys for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel: (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com
dhartnett@cwm-law.com