IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FLAME S.A.,

    Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,

    Consolidated Plaintiff,             CIVIL NO. 2:13-cv-658

NOBLE CHARTERING, INC.,

    Intervening Plaintiff

v.

INDUSTRIAL CARRIERS, INC., VISTA
SHIPPING, INC., and FREIGHT BULK
PTE. LTD.,

    Defendants.

## OPINION & ORDER

This matter comes before the Court on Freight Bulk PTE Ltd's ("FBP") Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 266. The Motion is ripe. Pursuant to Local Civil Rule 7(J) and Federal Rule of Civil Procedure 78(b), the Court reviews the motion on its papers and, for the reasons herein, **DENIES** FBP's Motion without oral argument.

I.     RELEVANT FACTUAL & PROCEDURAL HISTORY

At the end of October 2009, Glory Wealth won an arbitration award against Industrial Carriers, Inc. ("ICI") in England. In a separate proceeding in the Southern District of New York between Glory Wealth and ICI, Glory Wealth petitioned that Court to confirm the English arbitration award on December 12, 2013. Glory Wealth Shipping Pte Ltd. v. Industrial Carriers,

Inc., 1:13-cv-08979-LTS (S.D.N.Y. Dec. 18, 2013). The Southern District of New York court entered default judgment against ICI on May 12, 2014. Id.

FBP's filings come down to a single contention: this Court does not have jurisdiction over Glory Wealth's claim because Glory Wealth missed the three-year statute of limitations to confirm its foreign arbitration award. Under FBP's analysis, Glory Wealth's arbitration award is unenforceable under the statute of limitations and therefore cannot serve as the basis for Glory Wealth's maritime attachment of the M/V CAPE VIEWER. See Vitol, S.A. v. Primerose Shipping Co. Ltd., 708 F.3d 527, 541 (4th Cir. 2013). FBP contends that this necessarily eliminates jurisdiction in this Court.

In making this argument, FBP attacks Glory Wealth's confirmation award in the Southern District of New York. FBP argues that ICI was improperly served and that Glory Wealth "wrongly verified" the Complaint it filed in the SDNY. In its Reply, FBP also contends that it brings this Motion under Rules 12(b)(1), 12(b)(6), 60(b)(4)-(6), and Supplemental Rule E(4), and that Glory Wealth won its default judgment through "subterfuge" by getting the SDNY court to act despite that court's lack of subject matter jurisdiction, personal jurisdiction, and improper service of process.

Glory Wealth argues: 1) that the Motion is procedurally barred under Rules 12(g) and Supplemental Rule E(4) as well as the "law of the case" doctrine; 2) that the relevant three-year statute of limitations is permissive, not mandatory; 3) that even if the statute of limitations was mandatory, it should be equitably tolled; 4) that it brings a collateral attack alleging FBP is ICI's alter ego, not an action to enforce its arbitration award; and 5) that it may bring a common law action to enforce its award regardless of any statute of limitations.

2

## II. ANALYSIS

### A. RULE 60(B) AND ITS APPLICABILITY

The Court is of the opinion that these many arguments may miss the mark. The relevant question is whether this Court will honor the Southern District of New York's default judgment and whether FBP can collaterally attack that judgment. FBP cannot.

As a threshold matter, FBP was not a party to the New York action; ICI was. See Glory Wealth Shipping Pte Ltd., 1:13-cv-08979-LTS (S.D.N.Y. Dec. 18, 2013). FBP therefore was and is a nonparty in that case. For the purposes of this motion and indeed the entirety of the instant case, the Court will not presume FBP believes itself to have been a party to the original New York action because such belief would undermine FBP's repeated and vehement denials of any alter ego status or form of privity with ICI, which denials are at the heart of the instant suit.

Regarding the merits, FBP's argument collides with the default judgment Glory Wealth won against ICI in the Southern District of New York, the rendering court. That court confirmed Glory Wealth's arbitration award, albeit by default. FBP therefore actually asks the Court to 1) query the facts underlying the default judgment of the Southern District Court of New York; 2) determine that the statute of limitations was neither met nor tolled; 3) vacate that court's entry of default judgment based on Glory Wealth's failure to meet the statute of limitations; and 4) dismiss Glory Wealth from the instant case because without the default judgment it has no jurisdictional basis for an admiralty attachment.[1] As the thrust of FBP's Motion and FBP's invocation of Rule 60(b)(4) in its Reply make clear, FBP's argument boils down to a Rule 60(b)(4) motion.[2] The Court will not grant the motion because the Eastern District of Virginia is

---

[1] As this Court has stated before and the Fourth Circuit makes clear, vacating an attachment and dismissing an action are not the same legal remedy. Vitol, 708 F.3d at 540.

[2] Although FBP argued that Rules 12(b)(1) and (6), Supplemental Rule E(4), as well as Rules 60(b)(5)-(6) apply to the Motion, FBP is really seeking to attack the SDNY judgment as void. FBP uses the terms "void" and "nullity" repeatedly when describing the SDNY judgment. In fact, its Reply brief consists mainly of an attack on the
3

not the proper venue for, nor is FBP the proper party to make such a motion under the circumstances.

Rule 60(b)(4) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void." Fed.R.Civ.P. 60(b)(4). Although FBP presented the Court with no precedent where a nonparty was able to obtain relief from the binding, final judgment of another party, the Court has conducted its own analysis. The Fourth Circuit has not addressed this question,[3] however, other circuits generally find that nonparties lack standing to make a Rule 60(b) motion, see Bridgeport Music, Inc. v. Smith, 714 F.3d 932, 940 (6th Cir. 2013) (acknowledging the general rule that nonparties do not have standing under Rule 60(b)), with some exceptions. Those exceptions include: 1) where a nonparty is in some form of privity with a party to the judgment to be attacked; 2) where the nonparty's interests were directly or strongly affected by the judgment; or 3) where the nonparty raised a claim of fraud on the court. Id. at 940-41.

These cases, however, all required the nonparty to move in the original court, not a separate tribunal. See e.g., Grace v. Bank Leumi Trust Co., 443 F.3d 180, 188–89 (2d Cir. 2006); Eyak Native Vill. v. Exxon Corp., 25 F.3d 773, 778 (9th Cir. 1994); Binker v. Pennsylvania, 977 F.2d 738, 745 (3d Cir. 1992); Dunlop v. Pan Am. World Airways, Inc., 672 F.2d 1044, 1051–52 (2d Cir. 1982); Southerland v. Irons, 628 F.2d 978, 979 (6th Cir. 1980). Moreover, "[I]t is clear that the drafters of . . . [R]ule [60(b)] contemplated that the motion (as opposed to an independent action in equity that could be brought anywhere that was appropriate) would always be brought 'in the court and in the action in which the judgment was rendered.'" United States v.

---

default judgment. And as FBP's Rule 12(b)(1) and Supplemental Rule E(4) challenges are based on the default judgment being void, their merits can only be reached by way of an attack on the SDNY judgment. It necessarily follows that if that judgment cannot be attacked, FBP's Rule 12(b)(1) and Supplemental Rule E(4) motions fail.

[3] In the bankruptcy context, the Fourth Circuit has observed, "If we were to search for a blameless third party injured by the default, . . . virtually every default case would be subject to reopening, and the recognized interest in finality would be overwhelmed." Heyman v. M.L. Mktg. Co., 116 F.3d 91, 96 (4th Cir. 1997).

4

Houshar, 2006 WL 562206, at *9 (E.D. Pa. Mar. 7, 2006). Thus, nonparties must bring 60(b) challenges in the rendering court.

The exception to the requirement of filing a Rule 60(b) motion in the rendering court is a jurisdictional challenge by a party to the original suit. For example, the defaulting party may "use Rule 60(b)(4) to sustain personal jurisdictional challenges to default judgments issued by another district court." Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389, 395 (5th Cir. 2001) (joining the First, Second, Ninth, and Tenth Circuits to so hold); but see Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1034 (7th Cir. 2000) (concluding the opposite). Critically, these cases all involve the defaulting party challenging the default judgment in a separate tribunal. See Harper, 260 F.3d at 391-93; F.D.I.C. v. Aaronian, 93 F.3d 636, 636-39 (9th Cir. 1996); Morris by Rector v. Peterson, 759 F.2d 809, 811 (10th Cir. 1985); Indian Head Nat. Bank of Nashua v. Brunelle, 689 F.2d 245, 248 (1st Cir. 1982); Covington Indus., Inc. v. Resintex A. G., 629 F.2d 730, 732 (2d Cir. 1980). Indeed, moving in a separate tribunal for relief from a judgment is the purview of the defaulting party, who is "always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." Houshar, 2006 WL 562206, at *5 (citing Insurance Corp of Ireland, Ltd v Compagnie des Bauxites de Guinee, 456 U.S. 694, 706 (1982)). Thus parties alone may bring jurisdictional challenges in a separate tribunal to a rendered judgment.

### B. RULE 60(B) DOES NOT PERMIT FBP TO COLLATERALLY ATTACK THE DEFAULT JUDGMENT RENDERED AGAINST ICI IN THE SOUTHERN DISTRICT OF NEW YORK

FBP therefore is asking this Court to permit it, a nonparty, to attack a default judgment rendered against ICI in a separate tribunal. There seems to be no precedent for the exception FBP seeks—a Rule 60(b) motion by a nonparty in a tribunal other than the rendering court on

jurisdictional grounds. The Court will not create one.

To the extent that FBP, as a nonparty, brings claims under the Rule 60(b)(4) exceptions outlined above, FBP must do so in the Southern District of New York, not this Court. Rule 60(b) does not contemplate nonparty attacks of rendered judgments in separate tribunals. Indeed, although a default judgment was won in the Southern District of New York, this Court has no way of knowing whether that court would have tolled any applicable statute of limitations, see Everplay Installation Inc. v. Guindon, 2009 WL 4693884, at *5 (D. Colo. Dec. 2, 2009), or even considered the statute's applicability. Moreover, because the statute of limitations is a waiveable affirmative defense, Erline Co. S.A. v. Johnson, 440 F.3d 648, 653 (4th Cir. 2006), never raised by ICI, it was likely waived. See Peterson v. Air Line Pilots Ass'n, Int'l, 759 F.2d 1161, 1164 (4th Cir. 1985).

To the extent that FBP is bringing a jurisdictional challenge in this Court to the SDNY judgment, FBP is not the proper party to do so. Only the defaulting party may challenge a rendering court's jurisdiction in a separate tribunal under Rule 60(b), and FBP did not default in the Southern District of New York—ICI did.[4]

### III. IF FBP IS MAKING A 12(B)(6) MOTION, IT IS PROCEDUARLLY BARRED

To the extent that FBP in actuality is bringing a second 12(b)(6) motion against Glory Wealth's Amended Complaint, it is barred. Rule 12(g)(2) provides: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed.R.Civ.P. 12(g)(2). Neither of the exceptions applies here, and thus FBP must have placed all of its objections under 12(b)(6) in its first 12(b)(6) motion, if those defenses were available to it. Cross v. Suffolk City Sch. Bd., 2011 WL 2838180, at *7 (E.D. Va. July 14, 2011).

---

[4] ICI, the party to the SDNY matter, has made no appearance in the instant case, and so it has made no motions.

6

FBP argues that the statute of limitations defense was not available to it when it made its earlier motions to dismiss because 1) FBP had yet to Answer Glory Wealth's Amended Complaint and 2) Glory Wealth had yet to obtain its default judgment in New York. These arguments do not hold water. Irrespective of these two events, the three-year statute of limitations FBP would have the Court apply was available to FBP as a defense when it filed its earlier motions to vacate and dismiss Glory Wealth's Amended Complaint.[5]

## IV. CONCLUSION

For the reasons above, the Court **DENIES** FBP's Motion to Dismiss. ECF No. 266.

The Clerk is **DIRECTED** to forward a copy of this Opinion & Order to all Counsel of Record.

**IT IS SO ORDERED.**

Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
July 17, 2014

---

[5] Indeed, FBP sought dismissal on different statute of limitations and laches grounds in that motion. See Flame S.A., et al v. Industrial Carriers, Inc., et al, 2014 WL 2114688, at *5 (E.D. Va. May 20, 2014) (explaining that FBP brought a motion to dismiss under 12(b)(6) in addition to its motion to vacate the attachment).