IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| FLAME S.A., <br><br> Plaintiff, <br><br> GLORY WEALTH SHIPPING PTE LTD., <br><br> Consolidated Plaintiff, <br><br> NOBLE CHARTERING, INC. <br><br> Intervening Plaintiff <br><br> v. <br><br> INDUSTRIAL CARRIERS, INC. <br> VISTA SHIPPING, INC., and <br> FREIGHT BULK PTE. LTD., <br><br> Defendants. | Civil Action No: 2:13-cv-658 <br>                                   2:13-cv-704 |

**FREIGHT BULK PTE. LTD.'s RESPONSE TO FLAME'S
AND GLORY WEALTH'S MOTIONS FOR SANCTIONS**

Specially appearing Defendant FREIGHT BULK PTE. LTD. ("FBP"), by and through undersigned counsel, subject to its restricted appearance pursuant to Supplemental Rule E(8), files this Response to Flame and Glory Wealth's Motions for Sanctions related to FBP's expert reports of Nigel Grummitt and Jean Richards (ECF-357 and ECF-359). In support thereof, FBP states as follows:

PROCEDURAL HISTORY

On June 3, 2014, the Court modified the existing scheduling order, which had the usual Rule 26 (a)(2)(d) timing consideration, requiring expert reports containing contradictory evidence to be served within 30 days after the other party's disclosures. On that date, the Court

extended discovery deadlines based on Plaintiffs' motion. (ECF 268). The Court set expert deadlines for the party with the burden of proof to identify their experts on June 16, 2014 and to provide expert report on June 30, 2014. In so doing, the Court cut the number of days for FBP to respond to Plaintiffs' expert report to 14 days, making such response due on July 14, 2014. Citing their desire to take Viktor Baransky's deposition before producing their expert report, Plaintiffs move the Court for an extension of time to produce their expert reports beyond the June 30, 2014 date. (ECF 294). In early July, 2014, the Court extended the expert disclosure dates again, granting Plaintiffs until July 14, 2014 to produce the disclosures outlined in Rule 26(a)(2)(B). (ECF 307). The Court required disclosures intended solely to respond to, contradict or rebut evidence on the same subject matter disclosed by another party pursuant to paragraph (a)(2)(B) of Rule 26 to be served on July 24, 2011, reducing even further, to ten, the number of days FBP had to respond to the Plaintiffs' experts' reports. (ECF 307).

## ANALYSIS

On July 16, having reviewed the lengthy expert reports from both Glory Wealth and Flame, FBP filed a motion to extend its time to file expert reports by four to six days. On July 31, two days after FBP filed its expert reports, the Court denied FBP's request for an extension of time for filing. (ECF 353).

Flame and Glory Wealth have now moved to exclude FBP's expert reports and testimony of its expert witnesses, Nigel Grummitt and Jean Richards, for being served after the time allotted by the scheduling order. (ECF-357 and ECF-359). The Court has broad discretion in determining whether an untimely disclosure is substantially justified or harmless. In determining the whether to exclude untimely expert disclosures Courts consider the following five factors.

(1) the surprise to the party against whom the evidence would be offered;
(2) the ability of that party to cure the surprise;

  (3) the extent to which allowing the evidence would disrupt the trial;
  (4) the importance of the evidence; and
  (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*See, e.g.,* Rambus, Inc. v. Infineon Technologies AG, 145 F.Supp.2ds 721 (E.D. Va. 2001).

In Rambus, the Court rejected the expert disclosure as being untimely because the report was not presented to opposing counsel until over a month after the close of expert discovery. Other cases involving excluding expert opinions tend to turn on supplementation or new opinions of the expert, which are not revealed until the eve of trial or, in some cases, at trial. See Southern States Rack and Fixture, Inc. v. Sherwin Williams Co. 318 F.3d 592 (opinion of expert revealed for first time during opposing side's voir dire.)

  In our case, the reports were due on Thursday, July 24, 2014 and provided by Tuesday July 29, 2014. The experts worked through the weekend to put together comprehensive reports to explain their positions. There was no surprise to opposing counsel as FBP had previously moved the Court for an extension of time which set forth the reasons for the delay. Although the experts tried to prepare a report in the ten day time period, which was shortened from 30 days as established in the Federal Rules, the fact is that FBP's expert witnesses simply could not have produced such reports by July 24, 2014. FBP offers the following reasons for the delay:

  a. Flame's produced its supplement to its expert report on July 15, 2014, past the deadline for its production.

  b. Flame's and Glory Wealth's reports are each over 50 pages in length, and FBP's expert witnesses had to address both reports: Nigel Grummitt, a forensic accountant, addressing Plaintiffs' reports from a forensic accounting standpoint; and Jean Richards, a shipping industry operations and finance specialist, with the help of her staff accountant, conducting a detailed analysis of specific allegations utilizing holistic approach. Producing anything even remotely

resembling quality work per such complex issues in less than ten days is impossible. Hence, it took FBP's experts a little longer, despite working overtime and weekends. FBP produced such reports as soon as they were completed, not a minute later.

    c.    Flame made a belated production of thousands of bank wire transfer documents on July 21, 2014, which were produced to FBP for the first time on that date[1], whose review took time. That, in and of itself, is a reason to deny Plaintiffs' motion to strike FBP's expert reports.

FBP could not agree to a July 28, 2014 Plaintiffs' proposed deadline because: a) FBP was concerned that Plaintiffs would use such acquiescence for asking the Court for continuance in this matter, similarly to how Plaintiffs have done on numerous occasions in the past; and b) FBP could not be certain, at the time of such offer, that FBP's expert witnesses would indeed be able to complete their work by Plaintiffs'-offered deadline. As it turns out, they could not, as reports were completed and produced only by July 29, 2014.

FBP is filing such reports under seal, as <u>Exhibit 1</u> and <u>Exhibit 2</u> hereto, to demonstrate to the Court that it took its experts 14 days to prepare such reports for a reason, namely, because they have done quality work[2]. This is the same 14 days that the Court previously had scheduled as a response period for FBP, per previous scheduling order and less than half the time allowable by the Federal Rule 26(a)(2)(D).

All documents which were relied upon by expert witnesses in preparation of such reports and subsequently produced to Plaintiffs were either a) already produced to Plaintiffs before; b) created as a result of this litigation to assist expert witness in analyzing the issues; or c) obtained

---

[1] While Flame sent such documents a few days prior, a great number of documents were produced in an indecipherable format, a fully-decipherable production taking place only on July 21, 2014. See ECF 334-2. To date, despite FBP's repeated requests, Flame had not produced any proof of when such documents were received by it, leading FBP to believe that such documents were being intentionally withheld by Flame until a demand was made by FBP.

[2] Counting from July 15, 2014, the date on which Flame produced its expert report.

4

from third parties after Plaintiffs reports were produced, to disprove certain points contained therein. For example, all bank records and supporting documentation which Jean Richards reviewed were previously produced to Plaintiffs. Excel spreadsheets provided by FBP to Jean Richards were created specifically for this litigation, as such spreadsheet simply put in order all bank transactions or ship-purchasing transactions produced by FBP and/or obtained from Plaintiffs. Edelweiss documents were requested and received from Alexander Senchenko, former Fayette employee and Edelweiss owner[3], only in second part of July 2014, as a direct response to Plaintiffs' allegations of their July 2014 reports that Edelweiss may be a company of someone other than Alexander Senchenko, a person who never had any relationship to ICI. Therefore, FBP is not in violation of a Court order related to discovery production.

FBP urges the Court to view FBP's production 5 days past July 24, 2014 taking into account the following: 1) Flame producing its expert report a day late, on July 15, 2014; Glory Wealth naming Mr. Lyon as its expert witness not on June 16, 2014, as was mandated by scheduling order, but on July 1, 2014[4]; 2) Flame not producing key evidence until July 21, 2014; 3) both Flame and Glory Wealth foregoing altogether preparation of their expert report replies; 4) no prejudice of any kind being caused to Plaintiffs as a result of FBP's expert reports being produced by July 29, 2014, as such production did not lead to any "domino" effect which would put trial date in jeopardy. In fact, FBP views Flame's late report and evidence production as such first "domino" which caused FBP's reports to be produced on July 29, 2014.

---

[3] Over whom FBP has no control whatsoever, with such documents being provided by Mr. Senchenko because he is a friend of Mr. Victor Baransky.
[4] As had been articulated in more detail in FBP's previous motion, ECF-325

CONCLUSION

WHEREFORE, for the above reasons, FBP asks the Court to: (1) deny Plaintiffs' motions to strike FBP's expert reports; (2) order such any and further relief FBP may be entitled to under the law or in equity.

Dated: August 11, 2014                      Respectfully submitted,

By:    /s/ Sergei Kachura (pro hac vice)
        LAW OFFICE OF SERGEI KACHURA
        Sergei Kachura (*Pro Hac Vice*)
        311 North Center Avenue
        Brownwood, TX 76801
        Tel: 301.358.5196
        Email: svkachura@yahoo.com

-AND-

/s/ Patrick M. Brogan
Mr. Patrick M. Brogan (VSB No. 25568)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Telephone: 757.622.0100
Facsimile: 757.622.4924
Email: pbrogan@daveybroganpc.com

*Attorneys for Specially Appearing Defendant FREIGHT BULK PTE. LTD*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2014, I caused the foregoing FREIGHT BULK PTE. LTD.'s RESPONSE TO FLAME'S AND GLORY WEALTH'S MOTIONS FOR SANCTIONS to be electronically filed with the Clerk of the Court using the CM/ECF system, which in turn will provide electronic notification of and access to such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Dated: August 11, 2014

By: /s/ *Patrick M. Brogan*
Patrick M. Brogan, Esq. (VSB No. 25568)
**DAVEY & BROGAN, P.C.**
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Tel: (757) 622-0100
Fax: (757) 622-4924
PBrogan@daveybroganpc.com
*Counsel for Specially Appearing Defendant Freight Bulk Pte. Ltd.*