IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FLAME S.A.,

    Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,        CIVIL NO. 2:13-cv-658

    Consolidated Plaintiff,

NOBLE CHARTERING, INC.,

    Intervening Plaintiff

v.

INDUSTRIAL CARRIERS, INC., VISTA
SHIPPING, INC., and FREIGHT BULK
PTE. LTD.,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Freight Bulk Pte Ltd's ("FBP") Motion to Permit Viktor Baranskiy[1] to testify from Odessa, Ukraine (the "Motion"). ECF No. 361. The Court **DENIED** the Motion at the Final Pretrial Conference and memorializes its reasons herein.

### I. RELEVANT PROCEDURAL HISTORY

This litigation has gone on for some time. All parties are aware of the history of this case. Thus the Court focuses only on the relevant procedural history of the instant motion.

FBP requests that Mr. Baranskiy be permitted to testify via video transmission from Odessa, Ukraine. Flame and Glory Wealth object to this arrangement and moved for sanctions

---

[1] The Court continues to use the same spelling of Baranskiy it has throughout this matter.

1

against FBP,[2] arguing that Mr. Baranskiy is under no travel restrictions and therefore able to attend trial in person. FBP contends in response that Mr. Baranskiy, a junior lieutenant in the Ukrainian military, is subject to a draft notice which obligates him to report for duty within twelve (12) hours of receiving notice of his conscription. Under FBP's analysis, his draft notice, in turn, prevents Mr. Baranskiy from leaving Ukraine and necessitates his testimony be given from Odessa.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 43(a) provides the relevant standard. It states: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." FED.R.CIV.P. 43(a). The 1996 Amendments explain this standard more thoroughly. They provide:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.
> Other possible justifications for remote transmission must be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. Justification is particularly likely if the need arises

---

[2] The Court denied the Motion for Sanctions at the Final Pretrial Conference. ECF No. 365.

> from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.
>
> . . .
>
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

FED.R.CIV.P. 43. Permitting or rejecting such testimony is within the Court's discretion. See United States v. Kivanc, 714 F.3d 782, 791 (4th Cir. 2013) (applying an abuse of discretion standard regarding the use of remote testimony under Rule 43(a)).

### III. ANALYSIS

Under these circumstances, the Court **FINDS** that good cause does not exist to permit simultaneous transmission from Ukraine.

First, the parties seem to be talking past each other. Mr. Baranskiy is not under geographic travel restrictions as a result of his draft notice; indeed, a deponent, Mr. Ivanov, stated that Mr. Baranskiy had traveled to Kiev from Odessa after receiving his draft notice, and FBP's counsel confirmed the same to Flame's counsel. The armed forces of Ukraine are in a state of partial mobilization. It seems that individuals like Mr. Baranskiy are first summoned by the military and placed on a twelve-hour detainer of sorts. Then, if Mr. Baranskiy is conscripted to serve, he will be sent notice of the decision and expected to appear within twelve hours. Mr. Baranskiy's only limitation therefore is time. He can leave the Ukraine and therefore can arrange to travel to this courthouse.

Second, Mr. Baranskiy's conscription by the Ukrainian military is a hypothetical, albeit significant, event. The military's determination depends upon factors beyond this Court's control and remains a hypothetical, third-party action resting on many uncertain variables. The Court

cannot allow inchoate possibilities to dictate the presentation of evidence in its courtroom.

Third, Mr. Baranskiy seems to be a man of some means. These means will enable Mr. Baranskiy to travel to Ukraine quickly, if he is provided notice of conscription. The Court again stresses the hypothetical nature of this notice. Although Touchstone tells us that there is "much virtue in if,"[3] the Court cannot allow such an "if" to control the testimony in this case.

Fourth, the unrest unfolding in Ukraine is troubling, and the Court does not discount the situation's seriousness. However, the Court weighs the circumstances in the Ukraine against Mr. Baranskiy's role in this matter. Central to the allegations is Mr. Baranskiy's role in the web of companies making up the alleged alter egos in question. His testimony therefore is likely to be very important.

Fifth, Mr. Baranskiy's central role is all the more reason to have him testify in court before "the presence of the factfinder [which] may exert [its] force for truthtelling." This exerted force is particularly important given the allegations here and the seemingly critical role Mr. Baranskiy has for the purposes of these complaints.

Sixth, notice was given late of this request for Mr. Baranskiy to testify from Ukraine rather than in person. FBP's Motion was made August 1, 2014; trial commences August 26, 2014; and Mr. Baranskiy was summoned by the military and placed on this twelve-hour reporting requirement on April 22, 2014, long before this motion's filing. Indeed, on May 2, 2014, FBP filed a Notice Concerning the Rapidly Deteriorating Situation in Odessa, Ukraine. Thus FBP has had plenty of time to make this request, especially given the trial's continuance on June 3, 2014, and chose not to do so until just before trial and after this case's contentious discovery had closed two weeks before. Based upon this record, the Court **FINDS** that FBP did or could have reasonably foreseen the circumstances offered to justify Mr. Baranskiy's testimony

---

[3] WILLIAM SHAKESPEARE, AS YOU LIKE IT, act 5, sc. 4.

4

from the Ukraine, and the "special difficulty FBP faces having reasonably foreseen the circumstances offered to justify Mr. Baranskiy's testimony from the Ukraine cannot be overcome on these facts.

Finally, the Court is not convinced that the appropriate safeguards would be in place to ensure that any testimony given was unfiltered or otherwise uninfluenced. This has been particularly contentious litigation, as the many motions to compel and sanctions imposed by Magistrate Judge Leonard evidence, and the Court wants to ensure complete and accurate testimony is made before it so that the Court can perform its judicial duty. The Court cannot ensure such safeguards will exist from Norfolk, Virginia to Odessa, Ukraine.

All of these reasons lead the Court to conclude that FBP has not shown the good cause necessary for Mr. Baranskiy to testify from Odessa, Ukraine in this case.

IV. CONCLUSION

For the reasons above, the Court **DENIED** FBP's Motion.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
August 21, 2014