UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FLAME S.A.,

        Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,

        Consolidated Plaintiff,

        v.

INDUSTRIAL CARRIERS, INC.,
VISTA SHIPPING, INC., and
FREIGHT BULK PTE. LTD., and
VIKTOR BARANSKIY,

        Defendants.

Civil Action Nos.
2:13-cv-00658-RGD-LRL
2:13-cv-00704-RGD-LRL

**REPLY BRIEF IN SUPPORT OF PLAINTIFF FLAME S.A.'S
FIRST MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

    Plaintiff Flame S.A. ("Flame"), by counsel, for its Reply Brief in Support of its First Motion for Award of Attorneys' Fees and Costs, states as follows:

**PRELIMINARY STATEMENT**

    In response to Flame's First Motion for Award of Attorneys' Fees and Costs, Defendant Freight Bulk Pte. Ltd. ("FBP") raises just one objection: that attorneys' fees and costs related to Flame's First Motion to Compel (D.E. #25) should not have been included. However, FBP's argument that Flame is not entitled to fees and costs related to this first motion is wholly without merit. Rule 37(a)(5) of the Federal Rules of Civil Procedure mandates that when a motion to compel is granted, the court *must require* the party whose conduct necessitated the motion or the party or attorney advising the conduct to pay the moving party's reasonable expenses incurred in making the motion, unless specific circumstances exist which are not present here. Flame's success on its First Motion to Compel entitles it to recover its attorneys' fees and costs associated

with that motion. Furthermore, because FBP's continued refusal to provide the discovery sought in Flame's First Motion to Compel was part of the basis for Flame's Third Motion to Compel (D.E. # ), the fees and costs associated with the First Motion to Compel are also recoverable to Flame as expenses incurred in bringing the Third Motion to Compel.

Because Flame is entitled to recover the fees and costs associated with all three of its successful motions to compel and because FBP does not contest the reasonableness of the hours asserted or the rates used by Flame, this Court should award Flame its attorneys' fees in the amount of $31,196.00 and its costs in the amount of $927.49.

## ARGUMENT

**I.   Because Flame prevailed on its First Motion to Compel, it is entitled to recover its expenses incurred in making the motion.**

If a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5) (emphasis added). This award is mandatory, unless the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, the opposing party's nondisclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust. *Id.* FBP does not argue that any of these three circumstances apply here and, in fact, none do.

Acknowledging that this Court granted Flame's First Motion to Compel, FBP's only apparent argument against the inclusion of attorneys' fees and costs related to the first motion is a claim that the Court "did not grant attorneys fees for either side as a result of those motions or that hearing." FBP's Response, p. 2. This circular argument is without merit. In its motion for fees and costs, Flame distinctly asked this Court to grant its request for fees and costs related to

its first motion to compel. Further, Rule 37(a)(5) does not include a requirement that a specific request for fees and costs be set forth in the initial motion. *See Branch v. Bank of Am.,* 2013 U.S. Dist. LEXIS 56993, *12-13 (D. Md. 2013) (argument that the moving party had not requested the fees "disregards the clear text of Rule 37(a)(5), which mandates the award of attorney's fees when the Court grants a motion to compel and the failure to provide the discovery was not substantially justified, nor the imposition of sanctions unjust.").

Additionally, because FBP has not identified any basis under Rule 37(a)(5) for denying this mandatory award, the fees and costs incurred in connection with Flame's First Motion to Compel should be granted. *See Kemp v. Harris,* 263 F.R.D. 293, 297 (D. Md. 2009) ("parties must sufficiently argue that they were substantially justified in their actions."). FBP's response to Flame's motion contains no such argument.

In fact, this Court has found that the position taken by FBP with regard to the discovery sought by Flame in the First Motion to Compel was not substantially justified. In its First Motion to Compel, Flame sought discovery relating to whether specific entities were alter egos for each other. On April 9, 2014, this Court granted Flame's First Motion to Compel and ordered FBP to produce documents responsive to Flame's discovery requests related to this issue. FBP failed to comply with the Court's Order. On April 21, 2014, Flame filed its Third Motion to Compel, one of the grounds for which was FBP's failure to provide the discovery responses sought in the First Motion to Compel. As Flame set forth in its Third Motion to Compel, "Flame remains in the same position that it has been since before the [April 9] hearing: it is not obtaining meaningful discovery from FBP as required under the Rules and this Court's orders" and thus stated that it renewed its motion. D.E. #180, p. 5. In its Order entered on April 30. 2014, this Court repeated its ruling from the bench on April 9, 2014 regarding discovery

related to the alter ego issue and specifically directed FBP to respond to Flame's First Set of Interrogatories and produce documents responsive to Flame's Second Request for Production of Documents (just as Flame had sought in the First Motion to Compel). April 30, 2014 Order (D.E. #210), p. 3. At the conclusion of this Order, this Court specifically finds "FBP's position was not substantially justified" and that an award of fees and costs would not be unjust. *Id.,* p. 7. Because this Court has already determined that the position taken by FBP was substantially unjustified and because no other basis for denying Flame its fees and costs under Rule 37(a)(5) has been asserted, this Court should award Flame the full amount of fees and costs requested in its motion.

Even if Flame was precluded from seeking fees and costs related to the First Motion to Compel because it did not initially request such an award (which is not supported by the express language of Rule 37(a)(5)), Flame would be entitled to the fees and costs incurred in connection with the First Motion to Compel because these were expenses incurred in connection with the Third Motion to Compel. Contrary to FBP's contention, there were no fees included in its request for fees and costs which were "unrelated" to Flame's Third and Fourth Motions to Compel. One of the grounds for Flame's Third Motion to Compel was FBP's failure to provide the same kind of discovery granted by the Court in response to Flame's First Motion to Compel. Flame has had to continue its effort to obtain the discovery to which it is rightfully entitled. Flame is entitled to recover all of the fees and costs associated with this effort, which would include the fees incurred in bringing the initial motion.

**II.     Because FBP does not challenge the reasonableness of the hours or rates applied, this Court should grant the full amount of fees and costs requested by Flame.**

Flame has properly set forth its basis for its request for attorneys' fees in the amount of $31,196.00 and costs in the amount of $927.49 in accordance with *Robinson v. Equifax Info*

*Servs., LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009).  FBP does not dispute Flame's arguments with regard to the consideration of the twelve factors in determining the reasonableness of hours and rates first set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit.  Further, FBP does not assert any grounds for reducing the fees requested following a consideration of these twelve factors and Flame contends there is no such basis.  Under these circumstances, Flame is entitled to the full amount of attorneys' fees and costs sought in its motion.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons and those set forth in the Memorandum in Support of Plaintiff Flame S.A.'s First Motion for Award of Attorneys' Fees and Costs, Flame requests that this Court award it attorneys' fees in the amount of $31,196.00, costs in the amount of $927.49, and all other just and necessary relief.

Dated:  August 25, 2014

**FLAME S.A.**

  */s/ Steven M. Stancliff*
Steven M. Stancliff, VSB No. 73853 David C. Hartnett, VSB No. 80452
*Attorneys for Plaintiff Flame S.A.*
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, VA 23510
Tel:  (757) 623-3000
Fax: (757) 623-5735
sstancliff@cwm-law.com
dhartnett@cwm-law.com

- and -

William R. Bennett, III, Esquire
Lauren B. Wilgus, Esquire
Nicholas R. Tambone, Esquire
*Attorneys for Plaintiff Flame S.A.*
*Admitted Pro Hac Vice*
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
Tel:  (212) 885-5000
Fax: (212) 885-5001
WBennett@BlankRome.com
LWilgus@BlankRome.com
NTambone@BlankRome.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such electronic filing to the following counsel of record:

| | |
|---|---|
| Patrick M. Brogan<br>Bryan K. Meals<br>DAVEY & BROGAN, P.C.<br>101 Granby Street, Suite 300<br>Norfolk, Virginia 23510<br>Tel: (757) 622-0100<br>Fax: (757) 622-4924<br>Email: pbrogan@daveybroganpc.com<br>          bmeals@daveybroganpc.com<br>*Attorneys for Defendant Freight Bulk PTE, LTD.* | Sergei Kachura (pro hac vice)<br>LAW OFFICE OF SERGEI KACHURA<br>311 N. Center Ave.<br>Brownwood, TX 76801<br>Tel:  (301) 358-5196<br>Fax: (325) 646-3628<br>Email: svkachura@yahoo.com<br>*Attorney for Defendant Freight Bulk PTE, LTD.* |

| | |
|---|---|
| Leonard Fleisig<br>David H. Sump<br>WILCOX SAVAGE, P.C.<br>440 Monticello Ave; Suite 2200<br>Norfolk, VA 23510<br>Email: dsump@wilsav.com<br>       lfleisig@wilsav.com<br>*Attorneys for Noble Chartering, Inc.* | Paul Myung Han Kim<br>John Joseph Reilly<br>SQUIRES SANDERS (US), LLP<br>30 Rockefeller Plaza; 23rd Floor<br>New York, NY 10112<br>Tel: (212) 872-9841<br>Fax: (212) 872-9815<br>Email: paul.kim@squiresanders.com<br>       John.reilly@squiresanders.com<br>*Attorneys for Noble Chartering, Inc.* |
| Mark T. Coberly<br>Dustin M. Paul<br>VANDEVENTER BLACK LLP<br>101 W. Main Street<br>500 World Trade Center<br>Norfolk, VA 23510<br>Tel: (757) 446-8600<br>Fax: (757) 446-8670<br>Email: mcoberly@vanblk.com<br>       dpaul@vanblk.com<br>*Attorneys for Vitol, S.A.* | James H. Power (pro hac vice)<br>Robert T. Hicks<br>HOLLAND & KNIGHT, LLP<br>31 West 52nd Street,<br>New York, NY 10019<br>Tel: (212)513-3200<br>Fax: (212)385-9010<br>Email: James.power@hklaw.com<br>       Robert.hicks@hklaw.com<br>*Attorneys for Consolidated Plaintiff<br>Glory Wealth Shipping Pte Ltd.* |
| Michael E. Unger (pro hac vice)<br>FREEHILL, HOGAN & MAHAR LLP<br>80 Pine Street, New York, NY 10005<br>Tel: (212) 425-1900<br>Fax: (212) 425-1900<br>Email: unger@freehill.com<br>*Attorney for Vitol, S.A.* | |
| |    */s/ Steven M. Stancliff*<br>Steven M. Stancliff, VSB No. 73853<br>David C. Hartnett, VSB No. 80452<br>*Attorneys for Plaintiff Flame S.A.*<br>CRENSHAW, WARE & MARTIN, P.L.C.<br>150 W. Main Street, Suite 1500<br>Norfolk, VA 23510<br>Tel: (757) 623-3000<br>Fax: (757) 623-5735<br>sstancliff@cwm-law.com<br>dhartnett@cwm-law.com |