IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FLAME S.A.,

    Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,            CIVIL NO. 2:13-cv-658

    Consolidated Plaintiff,

NOBLE CHARTERING, INC.,

    Intervening Plaintiff

v.

INDUSTRIAL CARRIERS, INC., VISTA
SHIPPING, INC., and FREIGHT BULK
PTE. LTD.,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Flame S.A.'s ("Flame") Motion for Leave to File Second Amended Complaint and for Joinder of Additional Parties (the "Motion"). ECF No. 349. The Court **DENIED** the Motion at the Final Pretrial Conference orally. This opinion memorializes the Court's reasons for doing so.

### I.    PROCEDURAL HISTORY

The parties being familiar with the complicated and complex procedural history of this case, the Court turns to the most relevant portions for the instant Motion.

Flame seeks leave to amend its Amended Complaint to bring the total number of defendants to sixty-one (61), from four (4). Flame alleges that the Vista Group is actually

1

defunct and that there are in reality sixty-one (61) corporations all run by Mr. Baranskiy under the umbrella of the Palmira Group. Flame avers that it: 1) did not know of this reality until recently; 2) its ignorance was a result of FBP's decision to withhold key documents and delay discovery; and 3) any amendment will not prejudice FBP because it will not raise a new legal theory but will only add defendants, which Flame learned about through documents obtained via FBP. FBP did not respond to the Motion.

## II. THE LEGAL STANDARD

The Fourth Circuit has ruled that Rule 15(a) applies to amendments seeking to add parties. Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010). Rule 21, which provides "On motion or on its own, the court may at any time, on just terms, add or drop a party," FED.R.CIV.P. 21, is irrelevant for the instant inquiry. See Produce Alliance, LLC v. Let-Us Produce, Inc., 2010 WL 7504802, at *2 (E.D. Va. Nov. 22, 2010) ("Millison argues that an amended complaint adding new parties is governed by Rule 21 of the Federal Rules of Civil Procedure, which addresses the joinder and misjoinder of parties, and not Rule 15. But the Fourth Circuit recently rejected this very same argument in Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010)").[1]

### A. RULE 15(A)(2)

Federal Rule of Civil Procedure 15(a)(2) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2). The Fourth Circuit has interpreted Supreme Court precedent "to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the

---

[1] In addition, Rule 16(b)(4) may apply, which requires a party demonstrate good cause to modify a Scheduling Order deadline when that deadline has passed. Funderburk, 2014 WL 174676, at *2; see FED.R.CIV.P. 16(b)(4). To do so, the party must show diligence. Id.

moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1980) (citing Foman, 371 U.S. at 182.)).

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" Id. at 427 (citing Johnson, 785 F.2d at 509). An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. Id. (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

Bad faith will result when a party has delayed in seeking an amendment after the basis for the amendment becomes known. See id. at 428 (finding no bad faith when plaintiff sought leave to amend soon after the Fourth Circuit overruled itself to permit plaintiff to seek recovery under a second theory). Bad faith and prejudice are more likely to be found the further a case has progressed. Id. at 427

Courts have found that reopening discovery and extending deadlines to protect the rights of new parties conflict with the interest of keeping a case on schedule and have therefore denied motions to amend complaints to add parties. Funderburk v. Helms, 2014 WL 174676, at *2 (M.D.N.C. Jan. 13, 2014). However, significant discovery having taken place alone may not be enough for prejudice to be found, although it is a factor. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 380 (4th Cir. 2012) (citing Equal Rights Center v. Niles Bolton Assoc's, 602 F.3d 597, 603 (4th Cir. 2013)). Finally, amendments close to trial are subject to special scrutiny. Howard v. Inova Health Care Servs., 302 F. App'x 166, 181 (4th Cir. 2008)

(citing Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987)). In Howard, however, the Fourth Circuit affirmed a denial to amend a complaint because the amendment was based not on newly discovered facts but a theory of liability plaintiff had known about for almost a year. Id.

Futility will result "if the proposed amended complaint fails to satisfy the requirements of the federal rules." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

### III. ANALYSIS

The Court proceeds to analyze these prongs in reverse order, but first the Court notes that Flame's Motion is subject to special scrutiny. The Motion was filed July 30, 2014 and became ripe August 14, 2014 when FBP filed no response. With trial set for August 26, 2014 and discovery already closed, Flame's Motion came upon the eve of trial. This late of a motion to amend a complaint is subject to special scrutiny. Howard, 302 F. App'x at 181 (citing Deasy, 833 F.2d at 41).

#### A. FUTILITY

Futility seems irrelevant to the Court's inquiry. Flame seeks to add more parties to the suit, and having determined the validity of Flame's attachment and Amended Complaint, the Court does not find that an amendment would be futile. However, the Court does not make a finding as to any defense the various other entities sought to be added to the lawsuit would have pursued.

#### B. BAD FAITH

There appears to be no bad faith on Flame's part in seeking this amendment. The first references in this case to the Palmira Group appear in consolidated plaintiff, Glory Wealth Pte Ltd's ("Glory Wealth") memorandum in support of its motion for reconsideration and sanctions against Defendants. That document was submitted on July 16, 2014, and called for broader

4

discovery parameters. In particular, Glory Wealth submitted that Ekaterina Bobrenko, a deponent, considered herself CFO of Palmira Group as well as some sort of accountant for many other entities. Her deposition took place on July 4, 2014, and was conducted by Flame's counsel. Flame filed a similar motion, the same day as Glory Wealth, which Judge Leonard granted and denied in part. Flame sought discovery responses from all companies wholly-owned by or affiliated with Palmira Group, rather than the named defendants alone. Flame also attached a document purportedly showing that all 500 shares of Hachi Holding, a company in the web of entities at issue, were transferred from Palmira to Liliya Dariy, Mr. Baranskiy's mother, for 1 Euro, which Flame learned about on July 14, 2014. Flame also allegedly learned that Vista is now defunct but the Palmira Group has absorbed it. Two weeks later Flame's Motion to Amend was filed. There appears to be no bad faith under this rapid timeframe.

### C. PREJUDICE & THE CASE SCHEDULE

There appearing to be no futility or bad faith, the Court nevertheless denied Flame's Motion. The Court did so because it **FINDS** that this Motion would prejudice FBP and derail this case's conclusion. There are a number of reasons for these findings. In particular, the facts in this case are distinguishable from Fourth Circuit precedent and compel a denial of the Motion under the special scrutiny this Motion receives. Howard, 302 F. App'x at 181 (citing Deasy, 833 F.2d at 41).

In Scott v. Family Dollar Stores, Inc., the Fourth Circuit emphasized that where a new legal theory was presented in an amended complaint, where discovery was still ongoing, and where trial was not close, no undue prejudice would result, even though the motion to amend came three years into the case. 733 F.3d 105, 118 (4th Cir. 2013). Those are not the facts here. Although no new legal theory is sought to be introduced, Howard, 302 F. App'x at 181, discovery is closed, Laber, 438 F.3d at 427, trial is upon us, and the addition of fifty-seven new

defendants by force of sheer volume and the concomitant time needed to accommodate these would-be defendants is prejudicial to FBP.

Indeed, lest the parties lose sight of the gravamen of this matter, the M/V CAPE VIEWER remains attached in the Eastern District of Virginia. This ship and its cargo are awaiting resolution of this litigation, as the quasi-in-rem action must proceed before the ship's fate can be determined. Any additional delay will only further prejudice FBP, should the defendant ultimately prevail, as well as increase costs which ultimately may become excessive in relation to the value of the attached ship.

In addition, the litigation has been contentious to the point of toxicity,[2] and the time to bring the matter to conclusion has come. Extensive discovery has taken place and the addition of fifty-seven entities, no matter their purported linkages with the named defendants, likely introduces at least portions of a separate nucleus of facts and should be prevented. Mayfield, 674 F.3d at 380 (4th Cir. 2012). That Flame had not previously discovered this information allegedly linking the parties is outweighed by the contentious nature of the proceedings, id., and the trial's advanced procedural posture.

Finally, Discovery was closed when Flame made its Motion; reopening discovery to protect the rights of fifty-seven more defendants would surely derail the proceedings. Nevertheless, Flame argues that all the companies share the same lawyer, and so no new discovery would be needed. The Court cannot agree. Each party may have separate defenses to offer, different documents to discover, and separate litigation strategies. Indeed, they may engage separate litigation counsel. Simply put, protecting the rights of these fifty-seven entities conflicts with this trial's already once-continued schedule, and the Court's interest in keeping the case on

---

[2] One need only see the many motions to compel, motions for sanctions, and the Court's admonitions to both parties to understand this fact.

schedule trumps Flame's desire to amend its Amended Complaint this late into the proceedings. Funderburk, 2014 WL 174676, at *2.[3]

Flame's Motion simply cannot survive the special scrutiny the Court must apply. The Motion seeks too much too late.

### IV.   CONCLUSION

For the reasons above, the Court **DENIED** Flame's Motion for Leave to File Second Amended Complaint and for Joinder of Additional Parties. ECF No. 349.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
August 4, 2014

---

[3] Indeed, Magistrate Judge Leonard performed a herculean task of keeping the discovery moving in this case, see e.g., Order, ECF No. 353; Order at 5, ECF No. 355, and the Court is not inclined to add to his labors or convert them to what the Court suspects would amount to a Sisyphean ordeal.