IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FLAME S.A.,

    Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,

    Consolidated Plaintiff,

v.                                                 CIVIL ACTION NO. 2:13-cv-658

INDUSTRIAL CARRIERS, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On April 30, 2014, the Court issued its Order, ECF No. 210, ("the April 30 Order") granting in part, denying in part, and deferring in part Plaintiff Flame S.A.'s ("Flame") third motion to compel discovery from Freight Bulk Pte LTD ("FBP"), ECF No. 179, and granting in part and denying in part Flame's fourth motion to compel discovery from FBP, ECF No. 181. In its third motion to compel, Flame requested attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37 ("Rule 37"). In the April 30 Order, the Court found that FBP's position was not substantially justified and that an award of reasonable expenses was not unjust, and directed Flame to submit a motion substantiating its costs and fees pursuant to the factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 43-44 (4th Cir. 2009). ECF No. 210 at 7-8. Several months later, Flame did so. Now before the Court is Flame's First Motion for Attorneys' Fees and Costs with a brief in support filed on August 12, 2014. ECF Nos. 385-86. This motion seeks an award of fees and costs in connection with Flame's third and fourth motions to compel, which were the subject of the Court's April 30 Order, and also in connection with its first motion

to compel, which was granted by this Court in its prior Order issued on April 10, 2014, ECF No. 149 ("the April 10 Order"). FBP filed a response to Flame's motion on August 18, 2014, ECF No. 405, and Flame filed a reply on August 22, 2014, ECF No. 419. Having been fully briefed, the Motion is ripe for disposition.

## I. PROCEDURAL BACKGROUND

### A.     Prior Discovery Motions

Flame's first motion to compel discovery was filed on December 13, 2013, and sought, *inter alia*, evidence relevant to Flame's theory that the named defendants were all "alter-egos" for each other. ECF No. 25. Flame sought an Order overruling FBP's objections to certain of Flame's First Request for Production of Documents ("RFP") and compelling FBP to produce responsive documents. ECF No. 26 at 1. Flame did not move for its reasonable expenses in this motion. *See* ECF Nos. 25, 26. Flame filed a second motion to compel discovery on March 5, 2014. ECF No. 92. This second motion to compel involved Flame's First Interrogatories, Second RFP, and Notice of Entry Upon Vessel, directed to FBP, and again sought evidence relevant to the alter-ego theory. *Id.* at 1. Flame sought as relief an Order overruling FBP's objections and compelling FBP to respond, and granting Flame immediate entry aboard the attached vessel and permission to examine electronically stored information of FBP aboard the vessel, in accordance with its request to inspect under Federal Rule of Civil Procedure 34 ("Rule 34"). ECF No. 93 at 3-13. Flame did not move for reasonable expenses in this motion. *See* ECF Nos. 92, 93.

The Court held a hearing on the two motions to compel on April 9, 2014 ("April 9 hearing"). ECF No. 148. At the hearing and in a subsequent Order issued the next day, the Court found that the alter-ego theory was relevant and an appropriate subject of discovery with

respect to the named defendants, and therefore granted Flame's first motion to compel. *Id.*; ECF No. 149. However, it denied the second motion to compel because it had been filed before FBP's responses to the discovery were even due. ECF No. 149 at 2. At the conclusion of the hearing, the Court directed the parties to a conference room and ordered them to meet and confer immediately thereafter regarding their outstanding discovery issues. ECF Nos. 148, 147 at 22-24. Neither Flame nor FBP moved for reasonable expenses pursuant to Rule 37 during the hearing, even though they were each successful on one motion. *See* ECF No. 147.

**B.    Discovery Motions Decided by the Court's April 30 Order, Which Awarded Reasonable Expenses to Flame.**

Unable to reconcile their differences following the Court-ordered meet-and-confer, Flame filed its third, ECF No. 179, and fourth, ECF No. 181, motions to compel discovery on April 21, 2014. Flame's third motion to compel basically reiterated its second motion compel, once again seeking responsive answers and documents from FBP to Flame's First Interrogatories and Second RFP, but this time it had FBP's responses to discovery in hand. ECF No. 179. The motion also sought, again, an Order granting Flame immediate entry aboard the attached vessel and permission to examine electronically stored information of FBP aboard the vessel, in accordance with its request to inspect under Rule 34. *Id.* at 4. Flame also requested attorneys' fees and costs incurred in making the motion. *Id.* at 4-5.

In deciding Flame's third motion to compel, the Court reiterated its holding that the alter-ego theory was a relevant topic of discovery regarding the named defendants, and overruled FBP's interrogatory objections and ordered it to answer all of the propounded interrogatories. ECF No. 210 at 3-5. Of the sixty-seven contested RFPs, the Court ordered FBP to respond fully to sixty-three of them, and to respond to a limited extent to two more. *Id.* at 5. It sustained FBP's objections to two RFPs. *Id.* The RFPs to which the Court sustained FBP's objections

dealt with records sought to be produced strictly from entities that were not named defendants in this action, and the Court sustained these objections because such discovery requests exceeded the parameters of the April 10 Order. ECF No. 210 at 3-5. In the April 30 Order, the Court again reiterated that the scope of permissible discovery was limited to the named defendants. *Id.* at 5. The Court also deferred ruling on Flame's request for entry upon the vessel to give FBP the opportunity to adequately respond to Flame's discovery requests.[1] *Id.* at 6. Hence, the Court granted in part, denied in part, and deferred in part Flame's third motion to compel. *Id.* at 7.

Flame's fourth motion to compel involved Flame's Third RFP. ECF No. 181. Flame did not request attorneys' fees and costs incurred in making the motion, although it did ask for "all other just and necessary relief." *Id.* at 2. In deciding the motion, the Court overruled FBP's objections and ordered it to respond fully to twenty-eight contested RFPs, and to respond to a limited extent to two more. ECF No. 210 at 6-7. It sustained FBP's objections to fourteen RFPs for the same reason it sustained FBP's objections to the two RFPs in Flame's Second RFP, i.e., it would not require FBP to produce documents from entities that were not named defendants. *Id.* Hence, the Court granted in part and denied in part Flame's fourth motion to compel. *Id.* at 7.

C.   **The Court's Award Granting Flame's Request for Fees in the April 30 Order.**

At the end of its Order, the Court found that, having already ruled in its April 10 Order that discovery regarding Flame's alter-ego theory was permissible, FBP's position in resisting such discovery was not substantially justified, and an award of expenses was not otherwise unjust. *Id.* at 7-8. Under its discretionary authority, the Court did award Flame the reasonable expenses incurred in making both motions. Although the Court referenced Rule 37(a)(5)(A), it should have referenced Rule 37(a)(5)(C), since the two motions addressed in the Order were

---

[1] The Court further advised that it would entertain a subsequent motion complying with Rule 34(b) should FBP not adequately respond to the discovery requests. *Id.* at 6. Flame never sought such an order.

4

granted in part and denied in part. *Id.* While Rule 37(a)(5)(A) provides that the Court *must* award reasonable expenses if the motion is granted (absent the exceptions delineated in subparts (i-iii)), Rule 37(a)(5)(C) provides that the Court *may apportion* the reasonable expenses for the motion if it is granted in part and denied in part (absent the same exceptions). *Compare* Rule 37(a)(5)(A), *with* Rule 37(a)(5)(C). Despite the predominant success Flame achieved in securing relief, it nonetheless was not entirely successful, as the Court sustained certain FBP objections and refused to widen the parameters of its April 10 Order, which limited discovery to those entities who were named defendants. *See* ECF No. 210. In addition, it deferred ruling on Flame's request for entry upon the vessel, ECF No. 210 at 6, and Flame never raised that issue again. Finally, Flame's subsequent motion asking the Court to reconsider that part of the April 30 Order which sustained FBP's objections, ECF No. 232, demonstrates that even Flame believed that it was not entirely successful in achieving the relief it sought. Accordingly, the Court will appropriately apply Rule 37(a)(5)(C)'s direction to apportion the reasonable expenses for the motions. *See, e.g., Mitchell v. Nat'l R.R. Passenger Corp.*, 217 F.R.D. 53, 60 (D.D.C. 2003) (finding an apportioned award was appropriate when the movant prevailed on six out of seven discovery issues).

## II. ANALYSIS

### A. Rule 37 Standard for Awarding Fees and Expenses.

Having granted in part, denied in part and deferred in part Flames' third and fourth motions to compel and awarded it the right to recover reasonable attorneys' fees and costs under Rule 37(a)(5)(C), the Court turns first to the standards it must apply under this rule. As many district courts have noted, the same factors guide a court's decision under both subsection 37(a)(5)(A) and 37(a)(5)(C). *See, e.g., Stephenson v. Pfizer Inc.*, No. 1:13CV147, 2014 WL

3385213, at *2 (M.D.N.C. July 9, 2014) (citing *Switch Commn'cns Grp. LLC v. Ballard*, No. 2:11-CV-285, 2011 WL 5041231, at *1 (D. Nev. Oct. 24, 2011)). "'Rule 37(a)(5)(C) effectively incorporates the substantive standards of Rule 37(a)(5)(A) ... that expenses of a discovery motion may be imposed upon a party ordered to produce discovery where that party's conduct necessitated the motion' unless the nondisclosure or objection was substantially justified or other circumstances make an award of expenses unjust." *Charter Practices Int'l, LLC v. Robb*, No. 3:12CV1768, 2014 WL 273855, at *5 (D. Conn. Jan. 23, 2014) (quoting *Rahman v. Smith & Wollensky Rest. Grp.*, No. 06 CIV. 6198, 2009 WL 2169762, at *2 n.1 (S.D.N.Y. July 21, 2009)). In addition, reasonable expenses may not be awarded if the movant filed the motion before attempting in good faith to obtain the discovery without court intervention. Rule 37(a)(5)(A)(i). Apart from Flame's certification that the parties did meet and confer, ECF Nos. 180 at 4-5, 182 at 2, as the Court's rules require, the undersigned's Order to the parties to meet and confer over pending discovery matters immediately following the April 9 hearing, ECF Nos. 148, 147 at 22-24, satisfies the Court that a genuine attempt was made by Flame to resolve its discovery disputes with FBP without court intervention, at least with respect to its third and fourth motions to compel. Having found that FBP's position was not substantially justified with respect to those parts of Flame's third and fourth motions to compel which were granted, and that an award of reasonable expenses was not otherwise unjust, ECF No. 210 at 7, the Court next turns to assess the reasonableness of the claimed attorneys' fees. The Court will also address whether Flame is entitled to an award of reasonable expenses incurred in making its first motion to compel, pursuant to Rule 37(a)(5)(A), since that motion was granted in the April 10 Order.

6

B.     **Reasonableness of Claimed Attorneys' Fees**

"District courts have discretion in determining attorneys' fees, but there must be evidence supporting the reasonableness of these fees." *United Mktg. Solutions, Inc. v. Fowler*, No. 1:09-cv-1392, 2011 WL 837112, at *4 (E.D. Va. Mar. 2, 2011). The burden is on the party requesting fees to establish their reasonableness. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Cook v. Andrews*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). The reasonableness of the amount must be established "both by showing the reasonableness of the rate claimed and the number of hours spent." *Rehab. Ass'n of Va., Inc. v. Metcalf*, 8 F. Supp. 2d 520, 527 (E.D. Va. 1998). The Court evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008).

> In deciding what constitutes a 'reasonable' number of hours and rate, [the Fourth Circuit] has instructed that a district court's discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (citation omitted). Because this matter involves a discovery motion rather than the complete disposition of a case after trial, the Court finds that the fourth, sixth, seventh, eighth,[2] tenth, and eleventh factors are not particularly applicable, leaving the Court to address the first, second, third, fifth, ninth and twelfth factors. *See SunTrust Bank v. Nik*, No. 1:11CV343, 2012 WL 1344390, at *3 (E.D. Va.

---

[2] With respect to the results obtained, the Court evaluates this factor as part of its obligation to apportion the reasonable expenses for the third and fourth motions to compel pursuant to Rule 37(a)(5)(C).

Mar. 22, 2012). FBP opposes that part of Flame's request for fees which involves work performed that was unrelated to the third and fourth motions to compel (the first factor). ECF No. 405 at 2. Specifically, that includes objections to Flame's claim for fees and expenses related to the first motion to compel and the attendant hearing on April 9, 2014. *Id.* FBP does not object to the remainder of the fees claimed by Flame, nor does FBP challenge any of the remaining factors delineated in *Robinson* and addressed by Flame in its motion for fees. *Id.* at 1-3. Flame replied to FBP's objection by explaining that it is entitled to an award of reasonable expenses in connection with the first motion to compel since that motion was granted, and Rule 37(A)(5)(A) requires that the movant must be awarded its reasonable expenses. ECF No. 419 at 2-3. Impliedly acknowledging that it did not previously request fees and costs in its first motion to compel,[3] Flame further argued that there is no requirement that a movant request fees and costs in its discovery motion for it to be awarded the same under Rule 37(a)(5)(A). *Id.* at 3 (citing *Branch v. Bank of Am.*, 2013 U.S. Dist. LEXIS 56993, at *12-13 (D. Md. April 22, 2013)). Finally, Flame argued that the issues involved in its first motion to compel were intertwined with the issues in the third and fourth motions, and therefore an award of its reasonable expenses is appropriate. *Id.* at 4. With this backdrop, the Court addresses the relevant factors in turn.

1. Factor 1: The Time and Labor Expended

The primary contention between the parties in this particular dispute is whether Flame should be able to recover its reasonable expenses in connection with its first motion to compel, thus implicating the first factor, the time and labor expended. Inasmuch as the Court's April 30 Order was limited to the third and fourth motions to compel, the Court **FINDS** that, pursuant to

---

[3] Flame did not address at all the fact that it did not request attorneys' fees for its fourth motion to compel, but presumably it would rely on the same argument.

Rule 37(a)(5)(C), Flame is entitled to recover a portion of its reasonable expenses incurred in connection with those two motions. The Court further **FINDS** that Flame is not entitled to recover such expenses in connection with the first motion to compel, even though that motion was granted earlier, because, pursuant to Rule 37(a)(5)(A)(iii), "other circumstances make an award of expenses unjust."

This Court is well familiar with the extensive and tortuous history of the discovery disputes in this case. The April 9 hearing was held to address Flame's first and second motions to compel FBP's complete responses to Flame's first interrogatories, first and second RFP, and notice of entry upon vessel. Flame did not request fees in its motions, and the Court did not award them on its own. While the Court granted the first motion to compel, which dealt only with Flame's first RFP, it denied Flame's second motion to compel. Hence, under Rule 37(a)(5)(A), Flame could have been awarded reasonable expenses for its first motion. However, under Rule 37(a)(5)(B),[4] FBP could have been awarded its reasonable expenses for the second motion. This is especially so since Flame filed this second motion to compel *before FBP's responses to the discovery requests were even due.* Under Eastern District of Virginia Local Civil Rule 26(C), objections to discovery must be served within fifteen days after service of the discovery. Flame served its first interrogatories, second RFP, and notice of entry upon vessel on February 12, 2014. ECF No. 93 at 2. FBP timely served its objections on February 27, 2014, *id.*, as required by local rule, and its answers were due on March 14, 2014. *See* Fed. R. Civ. P. 34(b)(2)(A). Instead of waiting for FBP to provide its answers, however, Flame prematurely

---

[4] Rule 37(a)(5)(B) provides:
    If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

filed its second motion to compel on March 5, 2014. ECF No. 92. Rushing to the Court with a discovery dispute before the other party even is required to provide its discovery responses evidences the lack of a good faith effort to resolve discovery disputes without Court intervention, as is required by this Court's rules. See Eastern District of Virginia Local Civil Rules 37(E), (G).[5] As a result, Flame's premature resort to Court intervention needlessly involved the Court in an unnecessary discovery dispute. Consequently, under ordinary circumstances, an award of fees and expenses to FBP and against Flame when its second motion to compel was denied would have been appropriate under Rule 37(a)(5)(B) following the April 9 hearing.

However, that hearing also dealt with Flame's first motion to compel, wherein Flame sought Court intervention regarding its first RFP. This motion was granted as the Court authorized discovery of Flame's alter-ego theory against the named defendants, and thus required FBP to respond. ECF No. 149. While Rule 37(a)(5)(A) provides that reasonable expenses must be awarded when a motion is granted, such expenses may not be awarded if the resisting party's position was substantially justified, or if circumstances otherwise make an award unjust. Rule 37(a)(5)(A)(i)-(iii). Certainly it can be argued that, at first, FBP's position in resisting alter-ego discovery may have been substantially justified, as it argued, in opposing the first motion to compel, that Flame had not yet met its burden to pursue alter-ego discovery. *See generally* ECF No. 147. Although the Court ruled against Flame and in favor of FBP on this issue, that does not mean that FBP's position, at this point in the case, was not substantially

---

[5] Eastern District of Virginia Local Civil Rule 37(E) provides:
  Counsel shall confer to decrease, in every way possible the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy.
Eastern District of Virginia Local Civil Rule 37(G) provides:
  The presentation to the Court of unnecessary discovery motions, the presentation to another party or non-party of unnecessary discovery requests of any kind, as well as any unwarranted opposition to proper discovery proceedings, will subject such party to appropriate remedies and sanctions, including the imposition of costs and counsel fees.

justified, and the Court made no specific finding in this regard. Regardless, the Court did find that the parties' efforts to resolve their dispute did not satisfy their obligation to engage in a good faith effort to do so. *Id.* at 22. Specifically, the Court found: "In reading the submissions that the parties have made, it occurs to the Court that, although there may have been a half-hearted effort to comply with the local rule that says you have to meet and confer, that that compliance was, in fact, half-hearted." *Id.* It was for this reason that the Court ordered the parties to meet and confer in a conference room outside the courtroom immediately after the hearing to try to resolve their discovery dispute, especially in light of the ruling the Court had just made authorizing discovery concerning the named defendants on the alter-ego theory. *Id.* at 22-23.

In sum, Flame lost the second of its two motions to compel which were argued at the April 9 hearing. Flame's "good faith" effort to resolve the discovery dispute with FBP was "half-hearted" at best, and FBP's position was not patently unreasonable at the time of the first dispute. As a result, the Court **FINDS** that an award of reasonable expenses for Flame's first motion to compel is unjust under the relevant circumstances.[6]

The Court next turns to the time and labor incurred in Flame's third and fourth motions to compel, which the Court has found to be recoverable under Rule 37(a)(5)(C). Preliminarily, as Flame argued *supra*, the Court agrees that it has discretionary authority to award reasonable expenses under Rule 37 *sua sponte*, as the Court did with respect to Flame's fourth motion to compel. FBP has not contested the point, and for good reason. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 n.8 (1991) (listing a number of Federal Rules of Civil Procedure which "provide for the imposition of attorney's fees as a sanction," including Rule 37, and holding that"[t]he court generally may act *sua sponte* in imposing sanctions under the Rules"). In support of its

---

[6] Further, although the issue was not raised by FBP, nonetheless the Court would apply a similar analysis to conclude that an award of reasonable expenses to FBP after Flame's second motion to compel was denied would also be unjust under the circumstances.

request for attorneys' fees and costs, Flame proffered billing records and declarations from two of its attorneys, William R. Bennett, III with the Blank Rome LLP law firm, and Steven M. Stancliff with the Crenshaw, Ware & Martin, P.L.C. law firm ("Crenshaw").[7] ECF No. 386, attachs. 1, 2. Since the rule authorizes the Court to "apportion the reasonable expenses for the motion," Rule 37(a)(5)(C), the Court looks first to the time that was incurred in making the third and fourth motions to compel, as reflected by the attorneys' billing records. Necessarily, the Court also looks only to those entries incurred after the parties' Court-ordered meet-and-confer session on April 9, 2014. The Blank Rome billing records show several conferences amongst Flame attorneys, as well as between Flame's attorneys and consolidated Plaintiff Glory Wealth Shipping Pte Ltd's ("Glory Wealth") attorneys, and providing the client with a status update, between April 10 and April 18. *Id.*, attach. 2 at 8-10. Besides the communication between co-plaintiffs, these entries also included matters dealing with other motions before the Senior District Judge,[8] and communication with FBP's counsel, which hopefully reflected the parties' attempt to resolve the discovery dispute without court intervention.[9] None of these entries during this time period reflect expenses "incurred in making the motion," and therefore are not recoverable. Consequently, the billing entries which reflect time and labor actually expended on the third and fourth motions to compel indicate Mr. Bennett billed a total of 20.6 hours for work performed between April 19 and 28, 2014. *Id.*, attach. 2 at 10-13.

---

[7] Flame also provided the declaration of attorney Robert W. McFarland, who concluded generally that "the amount of time spent by these attorneys for prosecuting these motions was reasonable." ECF No. 386, attach. 3, ¶ 11. Mr. McFarland did not identify anywhere in his declaration to which motions he was referring.

[8] *See* entry for 4/16/14 ("Multiple correspondence between parties re various motions pending before [Judge] Doumar, notice of hearing set by [Judge] Doumar."). ECF No. 386, attach. 2 at 9.

[9] *See* entries for 4/11/14 ("numerous emails re discovery"), 4/14/14 ("Multiple correspondnece [sic] re FBP failure to produce documents"), 4/15/14 ("Multiple correspondence with FBP counsel regarding discovery"), 4/16/14 ("discovery issues with [former FBP counsel] Mayer Brown"). *Id.* at 8-10. Communicating with opposing counsel to resolve discovery disputes is part of the normal litigation process.

The Crenshaw billing entries, submitted with Mr. Stancliff's declaration, also show multiple entries for matters between April 10 and 14, following the April 9 meet-and-confer, which were not related to actual work performed in making the motions to compel. *See* ECF No. 386, attach. 1 at 10. According to the billing records, two attorneys, Messrs. Stancliff and Hartnett, and one paralegal, Ms. Hunter, started performing work on the motions to compel on April 16, and completed their work on April 23. *Id.* at 11-12. The records reflect attorneys Stancliff and Hartnett billed 13 and 19.7 hours, respectively, and paralegal Hunter billed 2.9 hours. *Id.*

In its response in opposition to Flame's motion for award of attorneys' fees and costs, FBP objected to Flame's claim for fees and costs unrelated to the third and fourth motions to compel. ECF No. 405 at 2-3. It did not object to the time and labor incurred in pursuing those two discovery motions, and in fact did not object to Flame's time incurred negotiating with FBP prior to when its attorneys began drafting the motions. *Id.*, attach. 1, 2.[10] The Court has found that only the time incurred in making the third and fourth motions to compel is recoverable, and that time was incurred by Mr. Bennett between April 19 and 28, and by the Crenshaw attorneys and paralegal between April 16 and 23. When Mr. Bennett's accumulated total of 20.6 hours is added to those hours billed by Crenshaw, Flame spent 56.2 hours on the third and fourth motions. The Court **FINDS** that, given the issues addressed by the motions, the 56.2 hours were reasonable and supported by both the billing records and the declarations of Messrs. Bennett and Stancliff.[11]

---

[10] FBP highlighted those entries of Flame's bills to which it objected and did not highlight entries for that time.
[11] The Court addresses the apportionment of reasonable expenses in Section II.B.3 of this Opinion.

2. <u>Remaining Factors</u>

Although FBP did not contest the remaining relevant factors under *Robinson*, i.e., the second, third, fifth, ninth and twelfth factors, nonetheless it remains Flame's burden to demonstrate the reasonableness of what it seeks to recover. *Plyler*, 902 F.2d at 277. The Court **FINDS** that Flame has met its burden. As to the second factor—the novelty and difficulty of the questions raised—the Court **FINDS** that the issues raised in the motion were not particularly unique and were of average difficulty compared to the ordinary discovery dispute. As detailed *supra*, the Court, at the April 9 hearing and in its April 10 Order, delineated the parameters of permissible discovery concerning the alter-ego theory. That Order, which was objected to by FBP but affirmed by the Senior District Judge, required FBP to respond to discovery concerning all of the named defendants. When it failed to do so, Flame brought FBP's non-compliance to the attention of the Court, following a Court-ordered meet-and-confer, by means of its third and fourth motions to compel. Consistent with its April 10 Order, the Court granted that part of Flame's two motions directed to discovery of the named defendants, and denied that part of Flame's motions that went beyond the April 10 Order. Hence, the dispute was not especially complex under the circumstances.

The remaining four factors the Court must consider here in determining Flame's fee request all impact the hourly rate at which Flame seeks reimbursement for its attorneys and paralegal. The billable rates Flame has sought for the attorneys and paralegal, for which the Court will grant an award, are set forth in the following chart:

| Attorney | Billable Rate |
|---|---|
| William R. Bennett III | $325 |
| Steven M. Stancliff | $285 |
| Douglas C. Hartnett | $210 |
| **Paralegal** | **Billable rate** |
| Stephanie Hunter | $125 |

ECF No. 386 at 4. For the reasons discussed *infra*, the Court **FINDS** that the hourly rates sought by Flame for its attorneys and paralegal are reasonable and customary.

The Court starts with the third factor, the skill required to properly perform the legal services rendered. Upon review of Flame's submissions, a fair amount of skill, which was ably demonstrated, was required to properly perform the legal services rendered. Flame prepared a memorandum in support of each of the two motions to compel that were at issue, which were capably done and provided appropriate evidentiary support. ECF Nos. 180, 182. The Court therefore evaluates this factor in Flame's favor.

Concerning the fifth factor, the Court finds it appropriate to consider, in addition to the declarations of Mr. Bennett and Mr. Stancliff, the declaration of Mr. McFarland, ECF No. 386, attach. 3, a local attorney who is not counsel in this case, to determine the customary fee for like work in the Hampton Roads area of Virginia. *See Robinson*, 560 F.3d at 245 (finding that "[e]xamples of the type of specific evidence that [the Fourth Circuit] ha[s] held is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community"). Mr. McFarland testified by declaration that the hourly rates charged by each of the attorneys who worked on this matter are either commensurate with or lower than the customary rates that attorneys with similar experience would charge to handle similar matters in the Norfolk Division of this Court. ECF No. 386, attach. 3 at 2-3, ¶¶ 8-12. Mr. Stancliff averred similarly in his declaration, along with opining that paralegal Hunter's billable rate is also reasonable and consistent with the market for legal services in similar matters in Norfolk, Virginia. *Id.*, attach 1 at 3, ¶14. Accordingly, the Court evaluates this factor in Flame's favor.

With respect to the ninth factor, neither the declarations of Mr. Bennett, Mr. Stancliff, nor Mr. McFarland addressed the experience, reputation and abilities of the attorneys, or of Ms. Hunter.[12] ECF No. 386, attach. 1-3. It is the fee movant's burden to "produce satisfactory evidence" of the attorneys' experience, *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), which requires "affidavits of other local lawyers" to testify to the attorneys' skill and experience, *Robinson*, 560 F.3d at 245. Flame provided no such specific evidence; however, Flame's memorandum in support of its motion for an award of fees and costs did provide the Court with information regarding this factor, and represented the significant experience and reputation of the attorneys. ECF No. 386 at 4-5. This information should have been provided for the Court's consideration by means of external evidence, i.e. affidavits, rather than by representations in a legal memorandum. *See, e.g., Mostaed v. Crawford*, No. 3:11-cv-00079, 2012 WL 3947978, at *6 (E.D. Va. Sept. 10, 2012) (denying plaintiffs' motion for attorneys' fees, in part, because plaintiffs produced only the affidavits of their own lawyers and failed to offer unbiased, external evidence of the fees' reasonableness). Nonetheless, FBP did not contest the experience, reputation and abilities of the attorneys, so the Court accepts the representations in Flame's memorandum and therefore evaluates this factor in Flame's favor.

Finally, with respect to the twelfth factor—attorneys' fees awards in similar cases—Flame referred the Court to *Stewart v. VCU Health Sys. Auth.*, 2012 U.S. Dist. LEXIS 47355 (E.D. Va. Apr. 3, 2012) and *Paice, LLC v. Hundai Motor Co.*, 2014 U.S. Dist. LEXIS 95043 (D. Md. June 27, 2014), two cases in which the movants were awarded $28,547.25 and $35,000, respectively, for prevailing in contested discovery disputes. Of course, these cases are not directly on point because they were both decided pursuant to Rule 37(b)(2)(C) based on the

---

[12] Mr. McFarland did generally conclude that the "partners and attorneys" at the Crenshaw firm enjoyed a superb reputation and are experienced and highly capable. ECF No. 386, attach. 3 at 2, ¶6.

parties' failure to comply with court orders, and thus the movants' fee awards were not apportioned. *Paice, LLC*, 2014 U.S. Dist. LEXIS 95043, at *37-51, 80; *Stewart*, 2012 U.S. Dist. LEXIS 47355, at *5. Nonetheless, the Court considers them in determining what fee award is appropriate in this case.

3.  Summary and Apportionment Pursuant to Rule 37(a)(5)(C)

Having determined it appropriate to apply the requested billable rates to the hours authorized in Section II.B.1, *supra*, the Court calculates the initial lodestar amount as set forth in the following chart:

| Attorney/Paralegal | Billable Rate | Hours allowed | Total |
|---|---|---|---|
| Bennett | $325 | 20.6 | $6695.00 |
| Stancliff | $285 | 13.0 | $3705.00 |
| Hartnett | $210 | 19.7 | $4137.00 |
| Hunter | $125 | 2.9 | $362.50 |
| **Grand Totals** | | **56.2** | **$14,899.50** |

The Court's task does not end here, however, as it must determine what apportionment is proper under Rule 37(a)(5)(C). As noted in Section I.B, *supra*, Flame's third motion to compel was granted in part, denied in part and deferred in part. The Court overruled sixty-three of FBP's sixty-seven RFP objections, overruled in part two of them, and sustained two of them. ECF No. 210 at 5. It did not grant Flame's request for entry upon the vessel. *Id.* at 6. Flame's fourth motion to compel was granted in part and denied in part. *Id.* at 7. The Court overruled twenty-eight of FBP's forty-four objections, overruled in part two of them, and sustained fourteen of them.[13] *Id.* Somewhat ironically, it was Flame who unsuccessfully moved the Court to reconsider that part of its Order wherein the Court sustained FBP's objections. *See* ECF Nos. 232, 274. "[U]ltimately, '[t]he matter of attorney fees rests, of course, within the sound

---

[13] From a straight statistical point of view, the Court fully overruled 94% of FBP's discovery objections in Flame's third motion to compel and 63% of FBP's discovery objections in Flame's fourth motion to compel. It deferred ruling on Flame's request for entry upon vessel, which cannot be quantified statistically but nonetheless constitutes an unsuccessful request for relief on Flame's part.

discretion of the [court], who is in the best position to determine whether, ... [and to what extent], they should be awarded.'" *Guidry v. Clare*, 442 F. Supp. 2d 282, 295 (E.D. Va. 2006) (quoting *Kimberly-Clark Corp. v. Johnson & Johnson*, 745 F.2d 1437, 1458 (Fed. Cir. 1984)). Therefore the Court, exercising its discretion under Rule 37(a)(5)(C), **FINDS** that Flame should be awarded approximately two-thirds of the pertinent attorneys' fees it incurred, which the Court has found to be properly recoverable in making the third and fourth motions to compel, for an amount totaling $10,000. Such an apportionment is in accord with other cases which have considered appropriate apportionments under Rule 37(a)(5)(C). *See e.g. Stephenson*, 2014 WL 3385213, at *5 (reducing the movant's award of expenses by 25% "to account for Defendant's limited success" on 10 of the discovery requests); *Procaps S.A. v. Patheon, Inc.*, Civ. No. 12-24356, 2013 WL 6238647, at *11 (S.D. Fla. Dec. 3, 2013) (awarding 40% of expenses to the movant because the movant was successful on 6 out of 15 discovery requests); *S2 Automation, LLC v. Micron Tech., Inc.*, Civ. No. 11-0884, 2012 WL 3656454, at *42-43 (D.N.M. Aug. 9, 2012) (awarding the movant 80% of the attorneys' fees and costs, even though "it is difficult to precisely quantify the degree to which [the movant] has prevailed," because the court granted "the majority" of movant's requests and the movant "prevailed on all of what the Court perceives to be its most significant requests"); *Mitchell*, 217 F.R.D. at 60 (D.D.C. 2003) (finding a deduction of 14% to be appropriate when the movant prevailed on six out of seven discovery issues); *Cal Dive Int'l, Inc. v. M/V Tzimin (Ex Stena Seahorse)*, 127 F.R.D. 213, 217–18 (S.D. Ala. Aug. 18, 1989) (awarding 70% of expenses to the movant because the court granted 57 out of 81 items presented in the motion to compel).

C. **Costs**

In addition to attorneys' fees, costs may be recovered if those costs were incurred in making the motions to compel. Flame has sought costs in the amount of $927.49. ECF No. 386 at 8, and attach. 2 at 26. However, those costs cannot be said to have been incurred in making the motions, as they were incurred on February 20, April 1 and April 6, 2014, well before Flame began working on the third and fourth motions to compel. Accordingly, the Court **FINDS** that Flame is not entitled to an award of costs.

### III. CONCLUSION

Plaintiff Flame's Motion for Award of Attorneys' Fees and Costs, ECF No. 385, is **GRANTED IN PART**, and Flame is awarded reasonable attorneys' fees in the amount of $10,000.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 25, 2014