IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FLAME S.A.,

    Plaintiff,

GLORY WEALTH SHIPPING PTE LTD.,

    Consolidated Plaintiff,

v.                                              CIVIL ACTION NO. 2:13-cv-658

INDUSTRIAL CARRIERS, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Flame S.A.'s ("Flame") Second Motion for Award of Attorneys' Fees and Costs, and accompanying memorandum in support.[1] ECF Nos. 428, 429. Flame's motion is predicated on the Court's August 8, 2014 Order, ECF No. 377, ("Sanctions Order") which was issued in response to Flame's Motion for Sanctions, ECF No. 326, and awarded Flame reasonable attorneys' fees and expenses, *inter alia*, as sanctions for Defendant Freight Bulk Pte LTD's ("FBP") violation of the Court's April 30, 2014 Discovery Order, ECF No. 210 ("Discovery Order").[2] In its Sanctions Order, the Court directed Flame to submit, within thirty days of the date of the Order, a motion substantiating its costs and fees pursuant to the factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009). ECF No. 377 at 24. While Flame has now done so, seeking attorneys' fees in the amount of $39,318.50, FBP did not file any opposition to this motion, and the time to do so has expired. Accordingly, Flame's motion is ripe for disposition.

---

[1] While Flame included "Costs" in the caption of its motion, it did not seek costs in its proffer or request for relief.
[2] The Discovery Order granted in part, denied in part, and deferred in part, Flame's third and fourth motions to compel, ECF Nos. 179 and 181.

## I. PROCEDURAL BACKGROUND

In its Motion for Sanctions, Flame claimed that FBP failed to comply with the Discovery Order and cited nine categories of requested discovery that FBP had not produced in violation of the Discovery Order:

1. Corporate Records (ECF Nos. 324 at 7-9; 327 at 4-6).

2. Emails Sent or Received by Victor Baransky (ECF Nos. 324 at 9-10; 327 at 6-8).

3. Supporting Documentation for Bank Records (ECF Nos. 324 at 10-11; 327 at 8-10).

4. Attachment to the Loan Agreement Between Sea Traffic Shipping Co. and FBP (ECF Nos. 324 at 11-12; 327 at 10-11).

5. Charters for the M/V CAPE VIEWER and HARMONY FALCON (ECF Nos. 324 at 12-13; 327 at 11-13).

6. Documents from Industrial Carriers Inc. ("ICI") (ECF Nos. 324 at 13; 327 at 14).

7. Audit Documentation and Correspondence (ECF No. 327 at 13-14).

8. All Attachments to Emails and Other Documents (ECF No. 327 at 14-16).

9. Defense Evidence (ECF No. 327 at 16-17).

Flame consequently sought sanctions for FBP's violations, including attorneys' fees and costs it incurred because of FBP's failure to obey the Court's Discovery Order.[3] In its Sanction Order, the Court found that FBP did not violate the Court's Discovery Order in connection with its production of the supporting documentation for bank records, the charter parties for the CAPE VIEWER and HARMONY FALCON, audit documentation and correspondence, and defense evidence, but that FBP did violate the Court's Discovery Order by failing to produce documents pertaining to ICI, including corporate records, and the attachment to the loan agreement between Sea Traffic and FBP evidencing the loan repayment terms. ECF No. 377 at 19. In addition, the

---

[3] Flame also sought reconsideration of that part of the Court's Discovery Order limiting discovery to the named defendants. That part of Flame's motion was denied. ECF No. 377 at 25.

Court found that FBP violated the Discovery Order by failing to produce, in a timely fashion, Viktor Baransky's emails and the attachments thereto. *Id.* Evaluating FBP's conduct under Federal Rule of Civil Procedure 37(b)(2)(A) and the standards enunciated in *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998), the Court found that such conduct warranted the imposition of sanctions, including reasonable expenses incurred as a result of FBP's failure to obey the Court's Discovery Order. *Id.* at 19-24. Based on FBP's counsel's role in advising the disobedient party, the Court awarded Flame its reasonable expenses against both FBP and its attorneys. *Id.* at 24 n.12.

## II. ANALYSIS

### A. Reasonableness of Claimed Attorneys' Fees

"District courts have discretion in determining attorneys' fees, but there must be evidence supporting the reasonableness of these fees." *United Mktg. Solutions, Inc. v. Fowler*, No. 1:09-cv-1392, 2011 WL 837112, at *4 (E.D. Va. Mar. 2, 2011). The burden is on the party requesting fees to establish their reasonableness. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Cook v. Andrews*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). The reasonableness of the amount must be established "both by showing the reasonableness of the rate claimed and the number of hours spent." *Rehab. Ass'n of Va., Inc. v. Metcalf*, 8 F. Supp. 2d 520, 527 (E.D. Va. 1998). The Court evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008).

> In deciding what constitutes a 'reasonable' number of hours and rate, [the Fourth Circuit] has instructed that a district court's discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at

the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44 (citation omitted). Because this matter involves a discovery motion under Rule 37(b) rather than the complete disposition of a case after trial, the Court finds that the only the first, second, third, fifth, ninth and twelfth factors are particularly applicable. *See SunTrust Bank v. Nik*, No. 1:11CV343, 2012 WL 1344390, at *3 (E.D. Va. Mar. 22, 2012). The Court addresses the relevant factors in turn.

1. Factor 1: The Time and Labor Expended

In support of its request for attorneys' fees incurred because of FBP's violation of the Discovery Order, Flame proffered declarations from its lead attorneys Steven M. Stancliff with the Crenshaw, Ware & Martin, P.L.C. law firm ("Crenshaw"), and William R. Bennett, III with the Blank Rome LLP law firm, along with billing records from the two firms. In addition, Flame proffered the declaration of attorney Robert F. McFarland, an experienced Norfolk civil litigator who is not involved in this case. ECF No. 429, attachs. 1-3. The billing records detail the tasks performed, which attorneys Stancliff and Bennett contend were necessitated by FBP's disobedience. *Id.*, attach. 1-2. According to these records, Crenshaw attorneys Stancliff and David C. Hartnett billed 11.1 and 2.7 hours, respectively, and paralegal Stephanie Hunter billed 1.4 hours, for a total of 15.2 hours. Further, Blank Rome attorneys Bennett, Thomas H. Belknap, Jr., Nicholas Tambone and Lauren B. Wilgus billed 25, 0.8, 54.3 and 35.7 hours, respectively, for a total of 115.8 hours. In sum, Flame seeks attorneys' fees for a total of 131 hours of work caused by FBP's violation of the Court's Discovery Order.

Based on a careful review of the Stancliff and Bennett declarations and the attendant billing records, and Flame's memorandum in support of its motion, the Court **FINDS** that the time and labor expended was reasonable under the circumstances. As noted by the Court in its Sanctions Order, FBP's willful violation of the Discovery Order caused prejudice to Flame in prosecuting this case and "needlessly increased the expense, annoyance, and delay of these proceedings." ECF No. 377 at 22. The tasks specified in the billing records provide a detailed account of the work performed and demonstrate the labor Flame was required to expend because of FBP's refusal to comply with the Discovery Order. Moreover, FBP chose not to submit any opposition to Flame's motion for attorneys' fees, so FBP has failed to rebut any of Flame's assertions in the motion. Consequently, the Court will award Flame its attorneys' fees for the full 131 hours billed.

2. <u>Factors 2 and 3: The Novelty and Difficulty of the Questions Raised and the Skill Required to Properly Perform the Legal Services Rendered.</u>

The novelty and difficulty of the questions raised as a result of FBP's disobedience were not insignificant based on FBP's discovery misconduct. FBP's history of stonewalling discovery and delay tactics presented a complex challenge to Flame to secure the discovery to which it was entitled. Accordingly, this factor weighs in favor of Flame. Because of FBP's conduct, a significant amount of skill was required in order to respond to FBP's tactics, resulting in favorable rulings in the Sanctions Order. Accordingly, the Court **FINDS** the second and third factors favor Flame's request for attorneys' fees.

3. <u>Factors 5, 9 and 12: The Customary Fee for Like Work, Attorney Experience, Reputation and Ability, and Fee Awards in Similar Cases.</u>

The remaining three factors the Court must consider here in determining Flame's fee request further impact the hourly rate at which Flame seeks reimbursement for its attorneys.

5

Flame seeks an hourly rate award as follows: for Blank Rome attorneys Belknap, Bennett, Tambone and Wilgus, $360 per hour, $325 per hour, $300 per hour, and $300 per hour, respectively; for Crenshaw attorneys Stancliffe and Hartnett and paralegal Hunter, $285 per hour, $210 per hour, and $125 per hour, respectively. In support of its hourly rate claim, Flame relied upon the Stancliff and Bennett declarations, along with the declaration of attorney McFarland confirming that the rates requested were reasonable, and its discussion in its memorandum in support of its motion of the attorneys' experience. Concerning the fifth factor, Mr. McFarland stated in his declaration that the rates charged by the attorneys are "commensurate with and actually lower than the rates typically charged or billed by other attorneys with similar experience in the Hampton Roads legal community for handling matters in civil litigation before the United States District Court for the Eastern District of Virginia, Norfolk Division." ECF No. 429, attach. 3, ¶¶ 9, 11. Mr. McFarland's declaration, unrebutted by FBP, supports an award at the rates Flame seeks here. *See Robinson,* 560 F.3d at 245 (finding that "[e]xamples of the type of specific evidence that [the Fourth Circuit] ha[s] held is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community").

Concerning the ninth factor, as demonstrated by Flame, each of the attorneys who worked on this matter are experienced maritime and admiralty attorneys, with the possible exception of Mr. Tambone, who is described as an experienced commercial litigator. FBP, of course, has not contested the skill, experience and abilities of the attorneys and paralegal. Thus, Flame's representation of the capabilities and credentials of the attorneys and paralegal are unchallenged by FBP.

Concerning the twelfth factor, Flame relies on *Stewart v. VCU Health Sys. Auth.*, No. 3:09CV738, 2012 U.S. Dist. LEXIS 47355 (E.D. Va. Apr. 3, 2012) and *Paice, LLC v. Hundai Motor Co.*, No. WDQ-12-0499, 2014 U.S. Dist. LEXIS 95043 (D. Md. June 27, 2014), two recent cases within the Fourth Circuit in which the movants were awarded $28,547.25 and $35,000, respectively, for prevailing in contested discovery disputes. These cases are pertinent because they were both decided pursuant to Rule 37(b)(2)(C) based on the parties' failure to comply with court orders, and the Court considers them relevant to Flame's present motion. Both cases indicate that Flame's present request is similar to fee awards granted in cases within the Fourth Circuit in regard to the underlying discovery dispute and the size of the fee award. For example, in *Stewart*, the "Plaintiff's repeated failure to comply with his discovery obligations . . . despite numerous warnings of looming sanctions" justified the substantial award. *Stewart*, 2012 U.S. Dist. LEXIS 47355, at *1. Additionally, in *Paice*, the large fee award was warranted where the "Defendants and/or defense counsel have delayed or have been remarkably ineffective in executing their discovery obligations" even though there was no evidence of bad faith. *Paice, LLC*, 2014 U.S. Dist. LEXIS 95043, at *42.

In its prior Order awarding Flame attorneys' fees, the Court found that the billable rates charged by Messrs. Bennett, Stancliffe and Hartnett and Ms. Hunter were reasonable and customary. ECF No. 498 at 15. FBP did not contest these rates then, and it did not do so now. Accordingly, in considering the factors for customary fee for like work, the attorneys' experience, reputation and ability, and fee awards in similar cases as discussed *supra*, the Court **FINDS** that the hourly rates requested by Flame for each of its attorneys and paralegal are reasonable and customary.

## III. CONCLUSION

Having found that Flame is entitled to its reasonable expenses incurred resulting from FBP's violation of the Court's Discovery Order, and having found that those expenses properly include attorneys' fees for all of the 131 hours requested at the hourly rates requested, Flame's Second Motion for Award of Attorneys' Fees, ECF No. 428, is **GRANTED**, and Flame is awarded reasonable attorneys' fees in the amount of $39,318.50 against both FBP and its counsel.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 22, 2014